TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel:   (718) 762-1324
*Attorneys for Plaintiffs, the proposed*
*FLSA Collective, and potential Rule 23 class*
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

| | |
|---|---|
| SHI MING CHEN;<br>LIANHE ZHOU;<br>YONG KANG LIU;<br>JIXIANG WANG;<br>WEI MIN ZHU; and<br>JIAN CAI,<br>*individually and on behalf of others similarly*<br>*situated,* | **Case No: 17-cv-802**<br><br>**<u>29 U.S.C. § 216(b) COLLECTIVE</u>**<br>**<u>ACTION & F.R.C.P. 23  CLASS</u>**<br>**<u>ACTION</u>**<br><br>**<u>COMPLAINT</u>** |

                              *Plaintiffs*,

                 -against-
HUNAN MANOR ENTERPRISE, INC.
     d/b/a Hunan Manor;
HUNAN MANOR LLC
(a NY Domestic Limited Liability Company)
     d/b/a Hunan Manor;
HUNAN HOUSE MANOR INC
     d/b/a Hunan Manor;
HUNAN HOUSE RESTAURANT, INC.
     d/b/a Hunan Manor;
HUNAN HOUSE RESTAURANT NY LLC.
     d/b/a Hunan Manor;
HUNAN HOUSE, INC.
     d/b/a Hunan Manor;
HUNAN MANOR LLC
(a NJ Domestic Limited Liability Company)
     d/b/a Hunan Manor;
A TASTE OF MAO, INC.
     d/b/a China Xiang;
JINGCHAO LI
     a/k/a Jing Chao Li,
     a/k/a Diana Li;
WENSHENG ZHANG;
ZHIDA LI
     a/k/a Zhi Da Li;
ZHI BA LI;
JIMMY CHEUNG;

DANNY WING LOK CHEUNG;
XIANG YUN NI;
ZHENQI XIAO;
NANCY ZHOU;
 "JOHN DOE"

*Defendants.*

--------------------------------------------------------X

Plaintiffs SHI MING CHEN; LIANHE ZHOU; YONG KANG LIU; JIXIANG WANG;

WEI MIN ZHU; and JIAN CAI, individually and on behalf of others similarly situated

(collectively the "Plaintiffs"), by and through their attorney, Troy Law, PLLC, hereby bring this

Complaint against Defendants HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor;

HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor;

HUNAN HOUSE MANOR INC d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT, INC.

d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor; HUNAN

HOUSE, INC. d/b/a Hunan Manor; HUNAN MANOR LLC  (a NJ Domestic Limited Liability

Company) d/b/a Hunan Manor; A TASTE OF MAO, INC. d/b/a China Xiang; ; JINGCHAO LI

a/k/a Jing Chao Li, a/k/a Diana Li; WENSHENG ZHANG; ZHIDA LI a/k/a Zhi Da Li; ZHI BA

LI; JIMMY CHEUNG; DANNY WING LOK CHEUNG; XIANG YUN NI; ZHENQI XIAO;

NANCY ZHOU; "JOHN DOE" (collectively the "Defendants") and allege as follows:

## INTRODUCTION

1.  This action is brought by Plaintiffs, on behalf of themselves as well as other similarly

    situated employees against Defendants for alleged violations of the Federal Labor Standards

    Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL), arising

    from Defendants' various willful and unlawful employment policies, patterns and/or

    practices.

2.  Upon information and belief, Defendants have willfully and intentionally committed

widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay its employees, including Plaintiffs, at least the hourly minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Defendants refused to record all of the time that Plaintiffs and similarly situated employed by Corporate Defendants work or worked, including work done in excess of forty hours each week.

4. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime wage compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

5. Plaintiffs further allege pursuant to New York Labor Law § 650 *et seq.* and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants:   (1) unpaid minimum wage compensation, (2) unpaid overtime wage compensation, (3) up to five thousand dollars ($5,000) per Plaintiffs for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiffs for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent

after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs.

6. Plaintiffs further allege that Defendants breached implied contract by failing to reimburse Plaintiffs for expenses paid for the purchase, repair, utilization and maintenance of delivery bicycles/ electric bicycles and the purchase, utilization and maintenance of others requisite tools of the trade.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFFS**

9. Plaintiff SHI MING CHEN ("CHEN") was employed as a cook by:

    a. HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor;

    b. HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor, located at 137-40 Northern Blvd, Flushing NY 11354; and/or HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor, located at 137-40 Northern Blvd, Flushing NY 11354;

    c. HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a

Hunan Manor, located at 339 Lexington Ave, New York, NY 10016; and HUNAN HOUSE MANOR INC d/b/a Hunan Manor, located at 339 Lexington Ave, New York, NY 10016;

d. HUNAN HOUSE, INC. d/b/a Hunan Manor, located at 40 W 56th Street, New York, NY 10019; and

e. A TASTE OF MAO, INC. d/b/a China Xiang, located at 360 W 42nd Street, New York, NY 10036.

10. Plaintiff YONG KANG LIU ("LIU") was employed as a cook by:

a. HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor;

b. HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor, located at 339 Lexington Ave, New York, NY 10016; and HUNAN HOUSE MANOR INC d/b/a Hunan Manor, located at 339 Lexington Ave, New York, NY 10016; and

c. HUNAN HOUSE, INC. d/b/a Hunan Manor, located at 40 W 56th Street, New York, NY 10019.

11. Plaintiff JIXIANG WANG ("WANG") was employed as a cook by:

a. HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor;

b. HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor, located at 137-40 Northern Blvd, Flushing NY 11354; and/or HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor, located at 137-40 Northern Blvd, Flushing NY 11354;

c. HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor, located at 339 Lexington Ave, New York, NY 10016; and

HUNAN HOUSE MANOR INC d/b/a Hunan Manor, located at 339 Lexington Ave, New York, NY 10016;

d.   HUNAN HOUSE, INC. d/b/a Hunan Manor, located at 40 W 56th Street, New York, NY 10019;

e.   HUNAN MANOR LLC (a NJ Domestic Limited Liability Company) d/b/a Hunan Manor, located at 239 Raritan Ave, Highland Park, NJ 08904; and

f.   A TASTE OF MAO, INC. d/b/a China Xiang, located at 360 W 42nd Street, New York, NY 10036.

12. Plaintiff LIANHE ZHOU ("ZHOU") was employed as a cook by:

a.   HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor;

b.   HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor, located at 137-40 Northern Blvd, Flushing NY 11354; and/or HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor, located at 137-40 Northern Blvd, Flushing NY 11354; and

c.   HUNAN HOUSE, INC. d/b/a Hunan Manor, located at 40 W 56th Street, New York, NY 10019.

13. Plaintiff LIANHE ZHOU ("ZHOU") was employed as a cook by:

a.   HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor;

b.   HUNAN HOUSE, INC. d/b/a Hunan Manor, located at 40 W 56th Street, New York, NY 10019.

14. Plaintiff JIAN CAI ("CAI") was employed as a deliveryman by:

a.   HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor; and

b.   HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a

Hunan Manor, located at 339 Lexington Ave, New York, NY 10016; and

HUNAN HOUSE MANOR INC d/b/a Hunan Manor, located at 339 Lexington

Ave, New York, NY 10016.

**DEFENDANTS**

**Corporate Defendants**

15. Defendant HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor is a domestic

business corporation organized under the laws of the State of New York with a principal

address at 150-52 Melbourne Avenue, Flushing, NY 11367.

16. HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor is a business engaged in

interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars

($500,000) per year.

17. HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor purchased and handled goods

moved in interstate commerce.

18. Defendant HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor is a domestic

business corporation organized under the laws of the State of New York with a principal

address at 37-40 Northern Blvd, Flushing NY 11354.

19. HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor is a business engaged in

interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars

($500,000) per year.

20. HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor purchased and handled goods

moved in interstate commerce.

21. Defendant HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor is a domestic

business corporation organized under the laws of the State of New York with a principal

address at 137-40 Northern Blvd, Flushing NY 11354.

22. HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

23. HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor purchased and handled goods moved in interstate commerce.

24. Defendant HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor is a domestic business corporation organized under the laws of the State of New York with a principal address at 339 Lexington Ave, New York, NY 10016.

25. HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

26. HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor purchased and handled goods moved in interstate commerce.

27. Defendant HUNAN HOUSE MANOR INC d/b/a Hunan Manor is a domestic business corporation organized under the laws of the State of New York with a principal address at 339 Lexington Ave, New York, NY 10016.

28. HUNAN HOUSE MANOR INC d/b/a Hunan Manor is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

29. HUNAN HOUSE MANOR INC d/b/a Hunan Manor purchased and handled goods moved in interstate commerce.

30. Defendant HUNAN HOUSE, INC. d/b/a Hunan Manor is a domestic business corporation

organized under the laws of the State of New York with a principal address at at 40 W 56th Street, New York, NY 10019.

31. HUNAN HOUSE, INC. d/b/a Hunan Manor is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

32. HUNAN HOUSE, INC. d/b/a Hunan Manor purchased and handled goods moved in interstate commerce.

33. Defendant A TASTE OF MAO, INC. d/b/a China Xiang is a domestic business corporation organized under the laws of the State of New York with a principal address at 360 W 42nd Street, New York, NY 10036.

34. HUNAN HOUSE, INC. d/b/a Hunan Manor is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

35. HUNAN HOUSE, INC. d/b/a Hunan Manor purchased and handled goods moved in interstate commerce.

**Owner/ Operator Defendants**

36. The Individual Defendant is an officer, director, manager, majority shareholder and/or owner of the Corporate Defendants HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor; HUNAN HOUSE MANOR INC d/b/a Hunan Manor; HUNAN HOUSE, INC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NJ Domestic Limited Liability Company) d/b/a Hunan Manor; A TASTE OF MAO, INC. d/b/a China Xiang.

37. As one of the ten largest shareholders, the officer, director, manager, majority shareholder

and/or owner is individually responsible for unpaid wages under the New York Business Corporation Law.

38. HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor; HUNAN HOUSE MANOR INC d/b/a Hunan Manor; HUNAN HOUSE, INC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NJ Domestic Limited Liability Company) d/b/a Hunan Manor; A TASTE OF MAO, INC. d/b/a China Xiang.

39. Owner/ Operator Defendant JINGCHAO LI a/k/a Jing Chao Li, a/k/a Diana Li, known as "Lady Boss" to Plaintiffs, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

40. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant JINGCHAO LI a/k/a Jing Chao Li, a/k/a Diana Li acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor; HUNAN HOUSE MANOR INC d/b/a Hunan Manor; HUNAN HOUSE, INC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NJ Domestic Limited Liability Company) d/b/a Hunan Manor; A TASTE OF MAO, INC. d/b/a China Xiang.

41. Owner/ Operator Defendant WENSHENG ZHANG, (1) had the power to hire and fire

employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

42. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant WENSHENG ZHANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor; HUNAN HOUSE MANOR INC d/b/a Hunan Manor; HUNAN HOUSE, INC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NJ Domestic Limited Liability Company) d/b/a Hunan Manor; A TASTE OF MAO, INC. d/b/a China Xiang.

43. WENSHENG ZHANG is the husband of JINGCHAO LI a/k/a Jing Chao Li, a/k/a Diana Li.

44. Owner/ Operator Defendant ZHIDA LI a/k/a Zhi Da Li, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

45. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant ZHIDA LI a/k/a Zhi Da Li acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT, INC. d/b/a

Hunan Manor; HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor; HUNAN HOUSE MANOR INC d/b/a Hunan Manor; HUNAN HOUSE, INC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NJ Domestic Limited Liability Company) d/b/a Hunan Manor; A TASTE OF MAO, INC. d/b/a China Xiang.

46. Owner/ Operator Defendant ZHI BA LI, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

47. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant ZHI BA LI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor; HUNAN HOUSE MANOR INC d/b/a Hunan Manor; HUNAN HOUSE, INC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NJ Domestic Limited Liability Company) d/b/a Hunan Manor; A TASTE OF MAO, INC. d/b/a China Xiang.

48. Owner/ Operator Defendant JIMMY CHEUNG, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

49. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant JIMMY CHEUNG

acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor; HUNAN HOUSE MANOR INC d/b/a Hunan Manor; HUNAN HOUSE, INC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NJ Domestic Limited Liability Company) d/b/a Hunan Manor; A TASTE OF MAO, INC. d/b/a China Xiang.

50. Owner/ Operator Defendant DANNY WING LOK CHEUNG, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

51. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant DANNY WING LOK CHEUNG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor; HUNAN HOUSE MANOR INC d/b/a Hunan Manor; HUNAN HOUSE, INC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NJ Domestic Limited Liability Company) d/b/a Hunan Manor; A TASTE OF MAO, INC. d/b/a China Xiang.

52. Owner/ Operator Defendant XIANG YUN NI, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

53. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant XIANG YUN NI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor; HUNAN HOUSE MANOR INC d/b/a Hunan Manor; HUNAN HOUSE, INC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NJ Domestic Limited Liability Company) d/b/a Hunan Manor; A TASTE OF MAO, INC. d/b/a China Xiang.

54. Owner/ Operator Defendant ZHENQI XIAO, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

55. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant ZHENQI XIAO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor; HUNAN HOUSE MANOR INC

d/b/a Hunan Manor; HUNAN HOUSE, INC. d/b/a Hunan Manor; HUNAN MANOR LLC

(a NJ Domestic Limited Liability Company) d/b/a Hunan Manor; A TASTE OF MAO, INC.

d/b/a China Xiang.

56. Owner/ Operator Defendant NANCY ZHOU (1) had the power to hire and fire employees,

(2) supervised and controlled employee work schedules or conditions of employment, (3)

determined the rate and method of payment, and (4) maintained employee records.

57. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant NANCY ZHOU,

known as "Lady Xiang" (Lady 湘 in Chinese) acted intentionally and maliciously and is an

employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29

C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable

with HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor; HUNAN HOUSE

RESTAURANT, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT NY LLC.

d/b/a Hunan Manor; HUNAN MANOR LLC (a NY Domestic Limited Liability Company)

d/b/a Hunan Manor; HUNAN HOUSE MANOR INC d/b/a Hunan Manor; HUNAN

HOUSE, INC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NJ Domestic Limited

Liability Company) d/b/a Hunan Manor; A TASTE OF MAO, INC. d/b/a China Xiang.

58. Upon personal knowledge of Plaintiffs, NANCY ZHOU is the younger female cousin on the

mother's side of JINGCHAO LI a/k/a Jing Chao Li, a/k/a Diana Li.

59. Owner/ Operator Defendant "JOHN DOE" (1) had the power to hire and fire employees, (2)

supervised and controlled employee work schedules or conditions of employment, (3)

determined the rate and method of payment, and (4) maintained employee records.

60. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant "JOHN DOE" acted

intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and

regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations

thereunder, and is jointly and severally liable with HUNAN MANOR ENTERPRISE, INC.

d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor; HUNAN

HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NY

Domestic Limited Liability Company) d/b/a Hunan Manor; HUNAN HOUSE MANOR INC

d/b/a Hunan Manor; HUNAN HOUSE, INC. d/b/a Hunan Manor; HUNAN MANOR LLC

(a NJ Domestic Limited Liability Company) d/b/a Hunan Manor; A TASTE OF MAO, INC.

d/b/a China Xiang.

## STATEMENT OF FACTS

**Corporate Defendants HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor; HUNAN HOUSE MANOR INC d/b/a Hunan Manor; HUNAN HOUSE, INC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NJ Domestic Limited Liability Company) d/b/a Hunan Manor constitutes an enterprise under the FLSA and NYLL**

61. At all times relevant herein, HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor;

HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor; HUNAN HOUSE

RESTAURANT NY LLC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NY Domestic

Limited Liability Company) d/b/a Hunan Manor; HUNAN HOUSE MANOR INC d/b/a

Hunan Manor; HUNAN HOUSE, INC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NJ

Domestic Limited Liability Company) d/b/a Hunan Manor constitutes an enterprise

(hereinafter the "Hunan Manor enterprise") under the FLSA and NYLL, was, and continues

to be, single and joint employer and has had a high degree of interrelated and unified operation,

and share common management, centralized control of labor relations, common ownership,

common control, common website, common business purposes and interrelated business goals.

62. HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor; HUNAN HOUSE MANOR INC d/b/a Hunan Manor; HUNAN HOUSE, INC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NJ Domestic Limited Liability Company) d/b/a Hunan Manor is an enterprise engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

63. The Hunan Manor enterprise produces, purchases and handles goods moved in interstate commerce.

64. The Hunan Manor restaurant chain has three (3) active restaurant locations in New York City and one (1) active location in New Jersey: (1) 137-40 Northern Blvd, Flushing NY 11354; (2) 339 Lexington Ave, New York, NY 10016; (3) 40 W 56th Street, New York, NY 10019; and (4) 239 Raritan Ave, Highland Park, NJ 08904.

65. Through the Hunan Manor website, customers is directed to "See your nearest location down below" at any one (1) of the four (4) active Hunan Manor locations.

66. Hunan Manor's focus on branding and uniformity of operations is reflected in the careful consistency of the physical appearance of Hunan Manor's retail locations, food and product selection, and uniformed employees.

67. Hunan Manor freely shares goods and assigns employees, including Plaintiffs, among the different stores depending on need.

68. Upon information and belief, Hunan Manor enterprise shares common management.

**Defendants HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor; HUNAN HOUSE MANOR INC d/b/a Hunan Manor; HUNAN HOUSE, INC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NJ Domestic Limited Liability Company) d/b/a Hunan Manor; A TASTE OF MAO, INC. d/b/a China Xiang Constitute Joint Employers under the FLSA and NYLL**

69. Corporate Defendants HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor; HUNAN HOUSE MANOR INC d/b/a Hunan Manor; HUNAN HOUSE, INC. d/b/a Hunan Manor; HUNAN MANOR LLC (a NJ Domestic Limited Liability Company) d/b/a Hunan Manor; A TASTE OF MAO, INC. d/b/a China Xiang; and Individual Defendants JINGCHAO LI a/k/a Jing Chao Li, a/k/a Diana Li; WENSHENG ZHANG; ZHIDA LI a/k/a Zhi Da Li; ZHI BA LI; JIMMY CHEUNG; DANNY WING LOK CHEUNG; XIANG YUN NI; ZHENQI XIAO; "JANE DOE" a/k/a Nancy "Doe"; "JOHN DOE", are joint employers, and further, the Corporate Defendants constitute an enterprise as the term is defined by 29 USC §203(r) insofar as the three restaurants doing business at four locations:

    a. Share employees among the five locations;

    b. Assign and re-assign employees to work at one or more locations on a weekly schedule set by Owner/ Operator Defendants depending on need, including Plaintiffs;

    c. and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co- owned by the same partners.

**Further Defendants HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor and HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor; and HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor; and HUNAN MANOR LLC (a NY Domestic Limited Liability Company) Constitute Successor Employers under the the NY Anti-Shirtchanger Act**

70. Corporate Defendants HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor; and HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor are considered the same employer under the New York Anti-Shirt Changer Law, NYLL §219.4, because "employees or the subsequent employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisors."

71. In particular, Corporate Defendants HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor; HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor both did or does business at 137-40 Northern Blvd, Flushing NY 11354 and are owned/ operated by the same management.

72. Further, Plaintiffs worked under substantially the same working condition regardless of which Corporate Defendant they were working under.

73. Corporate Defendants HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor; and HUNAN HOUSE MANOR INC d/b/a Hunan Manor are considered the same employer under the New York Anti-Shirt Changer Law, NYLL §219.4, because "employees or the subsequent employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisors."

74. In particular, Corporate Defendants HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor; and HUNAN HOUSE MANOR INC d/b/a Hunan Manor both did or does business at 339 Lexington Ave, New York, NY 10016 and are owned/ operated by the same management.

75. Further, Plaintiffs worked under substantially the same working condition regardless of which Corporate Defendant they were working under.

**Plaintiff SHI MING CHEN**

76. Plaintiff SHI MING CHEN was employed from 2010 to August 2011 by HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor, located at 137-40 Northern Blvd, Flushing NY 11354; and/or HUNAN HOUSE RESTAURANT NY LLC. d/b/a Hunan Manor, located at 137-40 Northern Blvd, Flushing NY 11354.

77. Plaintiff SHI MING CHEN was employed from August 2011 to on or about March 31, 2014 by HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor, located at 339 Lexington Ave, New York, NY 10016; and HUNAN HOUSE MANOR INC d/b/a Hunan Manor, located at 339 Lexington Ave, New York, NY 10016.

78. Plaintiff SHI MING CHEN was employed from on or about May 29, 2014 to February 28, 2016 by HUNAN HOUSE, INC. d/b/a Hunan Manor, located at 40 W 56th Street, New York, NY 10019.

79. Plaintiff SHI MING CHEN was employed from on or about March 4, 2014 to April 16, 2014 and again from May 22, 2014 to December 31, 2016 by A TASTE OF MAO, INC. d/b/a China Xiang, located at 360 W 42nd Street, New York, NY 10036.

80. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff SHI MING CHEN his lawfully overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

81. While employed by Defendants, Plaintiff SHI MING CHEN was not exempt under federal and state laws requiring employers to pay employees overtime.

82. From 2010 to on or about August 2011, Plaintiff SHI MING CHEN worked from:

a.  11:00 to 22:40 for eleven (11) hours and forty (40) minutes for six (6) days for

seventy (70) hours a week, with Wednesdays off.

83. From 2010 to on or about August 2011, Plaintiff SHI MING CHEN was not given any

break.

84. Plaintiff had around ten (10) minutes to eat each of his three (3) meals.

85. From August 2011 to August 2012, Plaintiff SHI MING CHEN worked from:

a.  11:00 to 22:00 for eleven (11) hours for six (6) days for sixty six (66) hours a

week, with Wednesdays off.

86. However, in reality, Plaintiff SHI MING CHEN would stay after around half (.5) hour each

day for a total of three (3) hours each week.

87. As a result, Plaintiff worked around sixty nine (69) hours each week.

88. From August 2011 to on or about March 31, 2014, Plaintiff SHI MING CHEN was not

given any break.

89. From August 2012 to March 31, 2014, Plaintiff SHI MING CHEN worked from:

b.  11:00 to 22:00 for eleven (11) hours for six (6) days for sixty (60) hours a week,

with Wednesdays off, with one (1) hour of break.

90. From August 2012 to March 31, 2014, Plaintiff SHI MING CHEN took turns to take break

with other employees.

91. However, in reality, Plaintiff SHI MING CHEN would stay after around half (.5) hour each

day for a total of three (3) hours each week.

92. As a result, Plaintiff worked around sixty three (63) hours each week.

93. From on or about May 29, 2014 to February 28, 2016, Plaintiff SHI MING CHEN worked

from:

    a.   11:00 to 22:00 for eleven (11) hours for six (6) days for sixty (60) hours a week, with Wednesdays off, with one (1) hour of break.

94. From May 29, 2014 to February 28, 2016, Plaintiff SHI MING CHEN took turns to take break with other employees.

95. Though there was a punch-in and punch-out system in place, no restaurant employee, including Plaintiff, punched in or out.

96. From 2010 to on or about August 2011, Plaintiff SHI MING CHEN was paid:

    a.   Initially, at a flat compensation of one thousand dollars ($1,000) in check and one thousand four hundred dollars ($1,400) in cash for a total of two thousand four hundred dollars ($2,400) per month.

    b.   Later, at a flat compensation of one thousand dollars ($1,000) in check and one thousand six hundred dollars ($1,600) in cash for a total of two thousand six hundred dollars ($2,600) per month.

97. From August 2011 to on or about March 31, 2014, Plaintiff SHI MING CHEN was paid:

    a.   Initially, at a flat compensation of one thousand dollars ($1,000) in check and two thousand dollars ($2,000) in cash for a total of three thousand dollars ($3,000) per month.

    b.   Later, at a flat compensation of one thousand dollars ($1,000) in check and two thousand three hundred dollars ($2,300) in cash for a total of three thousand three hundred dollars ($3,300) per month.

    c.   Finally, at a flat compensation of one thousand dollars ($1,000) in check and two thousand five hundred dollars ($2,500) in cash for a total of three thousand five hundred dollars ($3,500) per month

98. From on or about May 29, 2014 to February 28, 2016, Plaintiff SHI MING CHEN was paid:

    a. Initially, at a flat compensation of one thousand dollars ($1,000) in check and two thousand six hundred dollars ($2,600) in cash for a total of three thousand six hundred dollars ($3,600) per month

    b. Later, at a flat compensation of one thousand dollars ($1,000) in check and two thousand eight hundred dollars ($2,800) in cash for a total of three thousand eight hundred dollars ($3,800) per month

99. From on or about March 4, 2016 to December 31, 2016, Plaintiff SHI MING CHEN worked from:

    a. 12:00 to 23:00 for eleven (11) hours for six (6) days for sixty (60) hours a week, with Wednesdays off, with one (1) hour of break.

100. From March 4, 2016 to December 31, 2016, Plaintiff SHI MING CHEN took turns to take break with other employees.

101. From on or about March 4, 2016 to December 31, 2016, Plaintiff SHI MING CHEN was paid:

    a. at a flat compensation of one thousand dollars ($1,000) in check and three thousand dollars ($3,000) in cash for a total of four thousand dollars ($4,000) per month.

102. Defendants never provided Plaintiff SHI MING CHEN with a full and accurate written notice, in English and in Chinese (Plaintiff SHI MING CHEN's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

103.   Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

**Plaintiff YONG KANG LIU**

104.   Plaintiff YONG KANG LIU was employed from on or about August 20, 2014 to June 30, 2015 by HUNAN HOUSE, INC. d/b/a Hunan Manor, located at 40 W 56th Street, New York, NY 10019.

105.   Plaintiff YONG KANG LIU was employed from on or about November 1, 2015 to January 31, 2016 by HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor, located at 339 Lexington Ave, New York, NY 10016; and HUNAN HOUSE MANOR INC d/b/a Hunan Manor, located at 339 Lexington Ave, New York, NY 10016.

106.   Plaintiff YONG KANG LIU was employed from on or about August 1, 2016 to September 30, 2016 by HUNAN HOUSE, INC. d/b/a Hunan Manor, located at 40 W 56th Street, New York, NY 10019.

107.   At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff YONG KANG LIU  his lawfully overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

108.   While employed by Defendants, Plaintiff YONG KANG LIU was not exempt under federal and state laws requiring employers to pay employees overtime.

109.   From on or about August 20, 2014 to September 30, 2014, Plaintiff YONG KANG LIU worked from:

   a.   11:00 to 22:00 for eleven (11) hours for six (6) days for sixty six (66) hours a week, with one (1) day off.

110.   From on or about August 20, 2014 to September 30, 2014, Plaintiff YONG KANG LIU was not given any breaks.

111.   From on or about October 1 , 2014 to June 30, 2015, Plaintiff YONG KANG LIU worked from:

   a.  11:00 to 22:00 for eleven (11) hours for six (6) days for sixty six (66) hours a week, with one (1) day off.

112.   From on or about November 1, 2015 to January 31, 2016, Plaintiff YONG KANG LIU worked from:

   a.  11:00 to 22:00 for eleven (11) hours for six (6) days for sixty six (66) hours a week, with Monday off.

113.   From on or about November 1, 2015 to January 31, 2016, Plaintiff YONG KANG LIU was not given any breaks.

114.   From on or about August 1, 2016 to September 30, 2016, Plaintiff YONG KANG LIU worked from:

   a.  11:00 to 22:00 for eleven (11) hours for six (6) days for sixty six (66) hours a week, with Saturday off.

115.   From on or about August 20, 2014 to June 30, 2015, Plaintiff was paid a flat compensation of one thousand three hundred dollars ($1,300) in cash every half a month.

116.   From on or about November 1, 2015 to January 31, 2016, Plaintiff was paid a flat compensation of two thousand seven hundred dollars ($2,700) in cash every month.

117.   From on or about August 1, 2016 to September 30, 2016, Plaintiff was paid a flat compensation of one thousand three hundred dollars ($1,300) in cash every half a month.

118.   Defendants never provided Plaintiff YONG KANG LIU with a full and accurate written

notice, in English and in Chinese (Plaintiff YONG KANG LIU 's primary language), of his

rate of pay, employer's regular pay day, and such other information as required by NYLL

§195(1).

119.   Plaintiff was not compensated for New York's "spread of hours" premium for shifts that

lasted longer than ten (10) hours.

**Plaintiff JI XIANG WANG**

120.   Plaintiff JI XIANG WANG was employed from on or about August 1, 2013 to May 15,

2014 by HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan

Manor, located at 339 Lexington Ave, New York, NY 10016; and HUNAN HOUSE

MANOR INC d/b/a Hunan Manor, located at 339 Lexington Ave, New York, NY 10016.

121.   Plaintiff JI XIANG WANG was employed from on or about May 16, 2014 to January 15,

2015 by HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor, located at 137-40

Northern Blvd, Flushing NY 11354; and/or HUNAN HOUSE RESTAURANT NY LLC.

d/b/a Hunan Manor, located at 137-40 Northern Blvd, Flushing NY 11354.

122.   Plaintiff JI XIANG WANG was employed from on or about January 16, 2015 to March

15, 2015 by HUNAN HOUSE, INC. d/b/a Hunan Manor, located at 40 W 56th Street, New

York, NY 10019.

123.   Plaintiff JI XIANG WANG was employed from on or about March 16, 2015 to March

18, 2015 by HUNAN MANOR LLC (a NJ Domestic Limited Liability Company) d/b/a

Hunan Manor, located at 239 Raritan Ave, Highland Park, NJ 08904.

124.   Plaintiff JI XIANG WANG was employed from on or about September 2, 2016 to October 25, 2016 by A TASTE OF MAO, INC. d/b/a China Xiang, located at 360 W 42nd Street, New York, NY 10036.

125.   At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff JI XIANG WANG  his lawfully overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

126.   While employed by Defendants, Plaintiff JI XIANG WANG was not exempt under federal and state laws requiring employers to pay employees overtime.

127.   From on or about August 1, 2013 to May 15, 2014, Plaintiff JI XIANG WANG  worked from:

   a.   11:00 to 22:00 for eleven (11) hours for six (6) days for sixty six (66) hours a week, with Tuesdays off.

128.   From on or about August 1, 2013 to May 15, 2014, Plaintiff JI XIANG WANG was not given any breaks.

129.   From on or about March 16, 2014 to January 15, 2015, Plaintiff JI XIANG WANG worked from:

   a.   11:00 to 22:40 for eleven (11) hours and forty (40) minutes for the "early" shifts and 12:00 to 23:00 for the "late shifts), with one (1) hour in break per day for an average of sixty two (62) hours a week, with Tuesdays off.

130.   From on or about January 16, 2015 to March 18, 2015, Plaintiff JI XIANG WANG worked from:

   a.   10:00 to 21:00 for eleven (11) hours for the "early" shifts and 11:00 to 22:00 for eleven (11) hours for the "late" shifts for six (6) days with one (1) hour in break

per day for sixty (60) hours a week, with Tuesdays off.

131.   From on or about September 2, 2016 to October 25, 2016, Plaintiff JI XIANG WANG

worked from:

    a.   10:30 to 21:30 for eleven (11) hours for six (6) days, with one (1) hour in break

       per day for sixty (60) hours a week, with Thursday off.

132.   However, Plaintiff JI XIANG WANG would arrive at the restaurant at 09:00 for three (3)

to four (4) days a week, and as a result work an additional five and a quarter (5.25) hours

each week.

133.   As a result, from on or about September 2, 2016 to October 25, 2016, Plaintiff JI XIANG

WANG  worked sixty five and a quarter (65.25) hours each week.

134.   From on or about August 1, 2013 to November 30, 2013, Plaintiff was paid a flat

compensation of one thousand three hundred fifty dollars ($1,350) in cash every half a

month.

135.   From on or about December 1, 2013 to May 15, 2014, Plaintiff was paid a flat

compensation of one thousand four hundred dollars ($1,400) in cash every half a month.

136.   From on or about May 16, 2014 to January 15, 2015, Plaintiff was paid a flat

compensation of around four hundred and fifty dollars ($450) in check and one thousand

one hundred dollars ($1,100) in cash, and an additional fifty dollars ($50) in withholding.

137.   As a result, from on or about May 16, 2014 to January 15, 2015, Plaintiff was paid a flat

compensation of one thousand five hundred fifty dollars ($1,550) every half a month, and

three thousand one hundred dollars ($3,100) every month.

138.   From on or about January 16, 2015 to March 18, 2015, Plaintiff was paid a flat

compensation of one thousand six hundred dollars ($1,600) in check and in cash, with

around fifty dollars ($50) in withholding.

139.   From on or about September 2, 2016 to October 2, 2016, Plaintiff was paid a flat

compensation of three thousand three hundred dollars ($3,300) in cash every month.

140.   From on or about October 3, 2016 to October 25, 2016, Plaintiff was paid a flat

compensation of three thousand four hundred dollars ($3,500) in cash every month.

141.   Defendants never provided Plaintiff JI XIANG WANG with a full and accurate written

notice, in English and in Chinese (Plaintiff JI XIANG WANG 's primary language), of his

rate of pay, employer's regular pay day, and such other information as required by NYLL

§195(1).

142.   Plaintiff was not compensated for New York's "spread of hours" premium for shifts that

lasted longer than ten (10) hours.

**Plaintiff LIAN HE ZHOU**

143.   Plaintiff LIAN HE ZHOU was employed from on or about May 29, 2014 to August 31,

2014 by HUNAN HOUSE, INC. d/b/a Hunan Manor, located at 40 W 56th Street, New

York, NY 10019.

144.   Plaintiff LIAN HE ZHOU was employed from on or about March 22, 2016 to May 27,

2016 by HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor, located at 137-40

Northern Blvd, Flushing NY 11354; and/or HUNAN HOUSE RESTAURANT NY LLC.

d/b/a Hunan Manor, located at 137-40 Northern Blvd, Flushing NY 11354.

145.   At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff LIAN

HE ZHOU  his lawfully overtime compensation of one and one half times (1.5x) his regular

rate of pay for all hours worked over forty (40) in a given workweek.

146.   While employed by Defendants, Plaintiff LIAN HE ZHOU was not exempt under federal

and state laws requiring employers to pay employees overtime.

147.   From on or about May 29, 2014 to August 31, 2014, Plaintiff LIAN HE ZHOU  worked
from:

    a.   11:00 to 22:00 for eleven (11) hours for six (6) days for sixty six (66) hours a
week, with Tuesdays off.

148.   From on or March 22, 2016 to May 27, 2016, Plaintiff LIAN HE ZHOU  worked from:

    b.   11:00 to 22:30 for eleven and a half (11.5) hours for six (6) days, with one (1)
hour break every other day, for sixty three (63) hours a week, with Tuesdays off.

149.   From on or about May 29, 2014 to August 31, 2014, Plaintiff LIAN HE ZHOU was not
given any breaks.

150.   From on or about May 29, 2014 to June 28, 2014, Plaintiff was paid a flat compensation
of three thousand four hundred dollars ($3,400) in cash every month.

151.   From on or about June 29, 2014 to August 31, 2014, Plaintiff was paid a flat
compensation of three thousand five hundred dollars ($3,500) in cash every month.

152.   From on or about March 22, 2016 to May 27, 2016, Plaintiff was paid a flat
compensation of three thousand five hundred dollars ($3,500) in cash every month.

153.   Defendants never provided Plaintiff LIAN HE ZHOU with a full and accurate written
notice, in English and in Chinese (Plaintiff LIAN HE ZHOU's primary language), of his
rate of pay, employer's regular pay day, and such other information as required by NYLL
§195(1).

154.   Plaintiff was not compensated for New York's "spread of hours" premium for shifts that
lasted longer than ten (10) hours.

**Plaintiff WEI MIN ZHU**

155.    Plaintiff WEI MIN ZHU was employed from on or about March 1, 2015 to January 31, 2016 by HUNAN HOUSE, INC. d/b/a Hunan Manor, located at 40 W 56th Street, New York, NY 10019.

156.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff WEI MIN ZHU his lawfully overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

157.    While employed by Defendants, Plaintiff WEI MIN ZHU was not exempt under federal and state laws requiring employers to pay employees overtime.

158.    From on or about March 1, 2015 to January 31, 2016, Plaintiff WEI MIN ZHU  worked from:

   a.    11:00 to 22:00 for eleven (11) hours for six (6) days, with one (1) hour break per day for sixty (60) hours a week, with Tuesdays off.

159.    From on or about March 1, 2015 to June 30, 2015, Plaintiff was paid a flat compensation of two thousand four hundred dollars ($2,400) in cash every month.

160.    From on or about July 1, 2015 to January 31, 2016, Plaintiff was paid a flat compensation of two thousand five hundred dollars ($2,500) in cash every month.

161.    Defendants never provided Plaintiff WEI MIN ZHU with a full and accurate written notice, in English and in Chinese (Plaintiff WEI MIN ZHU's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

162.    Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

**Plaintiff JIAN CAI**

163.   Plaintiff JIAN CAI was employed from on or about March 15, 2014 to May 7, 2015 by HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor; and HUNAN MANOR LLC (a NY Domestic Limited Liability Company) d/b/a Hunan Manor, located at 339 Lexington Ave, New York, NY 10016; and HUNAN HOUSE MANOR INC d/b/a Hunan Manor, located at 339 Lexington Ave, New York, NY 10016.

164.   At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff JIAN CAI his lawfully overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

165.   While employed by Defendants, Plaintiff JIAN CAI was not exempt under federal and state laws requiring employers to pay employees overtime.

166.   From on or about March 15, 2014 to May 7, 2015, Plaintiff JIAN CAI  worked from:

>   b.   10:30 to 22:30 for twelve (12) hours for six (6) days, with one (1) hour break per day for sixty six (66) hours a week, with either Sunday or Saturday off.

167.   From on or about March 15, 2014 to May 7, 2015, Plaintiff was paid a flat compensation of five hundred fifty dollars ($550) in cash every half a month.

168.   Defendants never provided Plaintiff JIAN CAI with a full and accurate written notice, in English and in Chinese (Plaintiff JIAN CAI's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

169.   From on or about March 15, 2014 to May 7, 2015, Defendants never informed Plaintiff that they were taking tip credit towards the minimum wage.

170.   Further, from on or about March 15, 2014 to May 7, 2015, Plaintiff had to sweep the floor, mop the floor, pack the food for delivery and takeout.

171.   From on or about March 15, 2014 to May 7, 2015, Plaintiff JIAN CAI's non-tipped work exceeds two (2) hours of each Plaintiff's workday.

172.   Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

173.   Defendants required Plaintiff JIAN CAI to shoulder Defendants' business expenses, including expending out-of-pocket and unreimbursed electric bicycle as well as gasoline and motorcycle expenses as a requirement for employment.

174.   Plaintiff JIAN CAI's electricity bicycle cost around one thousand four hundred fifty dollars ($1450) to purchase.

175.   Plaintiff JIAN CAI's first electricity bicycle was stolen in 2015.

176.   Plaintiff JIAN CAI's electricity bicycle cost around one thousand fifty dollars ($1050) to purchase.

177.   Plaintiff JIAN CAI's electricity bicycle battery cost four hundred and fifty dollars ($450).

178.   Defendants paid Plaintiff JIAN CAI five hundred dollars ($500) in reimbursement of his bicycles.

## COLLECTIVE ACTION ALLEGATIONS

179.   Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

180.   Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

181.   All said persons, including Plaintiffs, are referred to herein as the "Class."

182.   The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

**Numerosity**

183.   The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are over forty (40) members in the class.

**Commonality**

184.   There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

        a.   Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b.   Whether Plaintiffs and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

c.   Whether Plaintiffs and Class members are entitled to and paid overtime under the New York Labor Law;

d.   Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e.   Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f.   Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter;

g.   Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday; and

h.   At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

**Typicality**

185.   Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime compensation. They were, furthermore, subject to illegal deductions. Defendants' corporate

wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

**Adequacy**

186.   Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour employment litigation cases.

**Superiority**

187.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving

of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

188.   Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

### STATEMENT OF CLAIMS

#### COUNT I.
#### [Violations of the Fair Labor Standards Act—Minimum Wage
#### Brought on behalf of the Plaintiff and the FLSA Collective]

189.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

190.   At all relevant times, Defendants had a policy and practice of refusing to pay the statutory overtime wage to Plaintiffs, and the similarly situated collective action members, for some or

all of the hours they worked.

191.   The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall

be liable to the employees affected in the amount of their unpaid minimum compensation, and

in an additional equal amount as liquidated damages.

192.   Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced

by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum

wage when they knew or should have known such was due and that failing to do so would

financially injure Plaintiff and Collective Action members.

**COUNT II.**
**[Violation of New York Labor Law—Minimum Wage**
**Brought on behalf of Plaintiff and Rule 23 Class]**

193.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

194.   At all relevant times, Plaintiffs were employed by Defendants within the meaning of New

York Labor Law §§2 and 651.

195.   At all relevant times, Defendants had a policy and practice of refusing to pay the statutory

minimum wage to Plaintiffs, and the collective action members, for some or all of the hours

they worked.

196.   Defendants knowingly and willfully violated Plaintiff's and similarly situated Class

Members' rights by failing to pay him minimum wages in the lawful amount for hours

worked.

197.   An employer who fails to pay the minimum wage shall be liable, in addition to the

amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of

the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%)

after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of New Jersey Labor Law—Minimum Wage
### Brought on behalf of Plaintiffs and Rule 23 Class]

198.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

199.   At all relevant times, Plaintiffs were employed by Defendants within the meaning of the NJWHL.

200.   At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

201.   Defendants knowingly and willfully violated Plaintiffs' and similarly situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

202.   By failing to pay Plaintiffs and the class, Plaintiffs and Class Members are entitled to recover from Defendants their full unpaid minimum wage, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56 *et seq*.

## COUNT IV.
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiffs and the FLSA Collective]

203.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

204.   The FLSA provides that no employer engaged in commerce shall employ a covered

employee for a work week longer than forty (40) hours unless such employee receives

compensation for employment in excess of forty (40) hours at a rate not less than one and

one-half times the regular rate at which he or she is employed, or one and one-half times the

minimum wage, whichever is greater. 29 USC §207(a).

205.   The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207

shall be liable to the employees affected in the amount of their unpaid overtime

compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

206.   Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated

the FLSA.

207.   At all relevant times, Defendants had, and continue to have, a policy of practice of

refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs

and Collective Action Members for all hours worked in excess of forty (40) hours per

workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*,

including 29 U.S.C. §§207(a)(1) and 215(a).

208.   The FLSA and supporting regulations required employers to notify employees of

employment law requires employers to notify employment law requirements. 29 C.F.R.

§516.4.

209.   Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements

of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA

Collectives' labor.

210.   Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced

by their failure to compensate Plaintiffs and Collective Class Members the statutory

overtime rate of time and one half for all hours worked in excess of forty (40) per week

when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

**COUNT V.**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiff]**

211.   Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

212.   An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

213.   At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one half times the hourly rate the Plaintiffs and the class are entitled to.

214.   Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

215.   Defendants' failure to pay Plaintiffs was not in good faith.

**COUNT VI.**
**[Violation of New Jersey Labor Law—Overtime Pay**
**Brought on behalf of Plaintiff and Rule 23 Class]**

216.   Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

217.   At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate Plaintiffs and the class are entitled to.

218.   Defendants' failure to pay Plaintiffs was not in good faith.

219.   By failing to pay Plaintiffs and the class, Plaintiff and the Class Members are entitled to
recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed
payment of wages, liquidated damages, reasonable attorneys' fees and costs and
disbursement of the action pursuant to the NJWHL §§ 34:11-56 *et seq.*

## COUNT VII.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

220.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully
set forth herein.

221.   The NYLL requires employers to pay an extra hour's pay for every day that an employee
works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et
seq.*, and New York State Department of Labor regulations §146-1.6.

222.   Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

## COUNT VIII.
### [Violation of New York Labor Law—Record-Keeping Requirements
### Brought on behalf of Plaintiff and Rule 23 Class]

223.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully
set forth herein.

224.   Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for
a period of not less than six years, as required by NYRR § 146-2.1.

225.   As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including

loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

226. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiff's labor.

227. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs were not in good faith.

**COUNT IX.**
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement**
**Brought on behalf of Plaintiff and Rule 23 Class]**

228. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

229. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

230. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their first day of employment.

231.   Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

232.   Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT X.
## [Violation of New York Labor Law—New York Pay Stub Requirement Brought on behalf of Plaintiffs and Rule 23 Class]

233.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

234.   The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

235.   Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

236.   Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## COUNT XI.
## [Breach of Implied Contract for Reimbursement of all Costs and Expenses of Electric Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs]

237.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

238.  Throughout the relevant period, Defendants required their deliverymen to bear all of the
      "out-of-pocket" costs associated with their vehicles, including the purchase, maintenance,
      repair, maintenance of the delivery vehicles, including bicycles and electric bicycles.

239.  Based on their personal experience and available information, Plaintiff JIAN CAI can
      document actual "out-of-pocket" vehicle related expenses of his electric bicycle/ delivery
      vehicle.

240.  The conduct of Defendants, and the course of Defendant's conduct between the parties,
      evidenced an intent for Plaintiffs to maintain the delivery vehicle in working condition.

241.  Plaintiff JIAN CAI purchased, maintained and repaired the electric bicycle at his own
      expense.

242.  Plaintiff JIAN CAI performed these deliveries for the sole benefit of the Defendants.

243.  Defendants neither explicitly nor implicitly requested Plaintiff JIAN CAI to cease the
      purchase of gasoline and/or the maintenance of the vehicle.

244.  As a result of the afore-alleged conduct of the parties, an implied contract arose between
      them the terms of which are that Plaintiffs would incur the expenses for bicycle purchase
      and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

245.  Defendants never compensated Plaintiffs for any expenses incurred from the purchase
      and maintenance of the electric bicycles, and the purchase of batteries.  As a result,
      Defendants breached the implied contract by failing and refusing to pay Plaintiff JIAN CAI
      a reasonable sum under the afore-alleged facts.

246.  Defendants owe Plaintiff JIAN CAI his overdue costs of delivery vehicles, cost of batter
      change, if applicable, and maintenance of the bicycle.

**COUNT XII.**
**[Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434**
**Brought on behalf of the Plaintiffs]**

247.  Plaintiffs re-allege and incorporate and incorporate by reference all preceding paragraphs as though fully set forth herein.

248.  26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

249.  Due to Defendants' violations of 26 USC §7434, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the plaintiffs as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

**COUNT XIII.**
**[Civil damages for Deceptive Acts and Practices. Violations of New York General**
**Business Law §349**
**Brought on behalf of the Plaintiff]**

250.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

251.  NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

252.  Due to Defendants' violations of NY GBS Law §349, Plaintiffs are entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is

greater, or both such actions.

253.  Plaintiffs demand the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      Rehiring or reinstatement of the employee to his or her position with restoration of seniority or an award of front pay in lieu of reinstatement under 29 U.S.C. §216 and NYLL §215;

h)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

i)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

j)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

k)      An award of liquidated and/ or punitive damages as a result of Defendants' willful

      failure to overtime compensation, and "spread of hours" premium pursuant to New

      York Labor Law;

l)      An award of costs and expenses of this action together with reasonable attorneys' and

      expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)      The cost and disbursements of this action;

n)      An award of prejudgment and post-judgment fees;

o)      Providing that if any amounts remain unpaid upon the expiration of ninety days

      following the issuance of judgment, or ninety days after expiration of the time to

      appeal and no appeal is then pending, whichever is later, the total amount of judgment

      shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)      Such other and further legal and equitable relief as this Court deems necessary, just,

      and proper.

Dated: Flushing, New York
      February 2, 2017

                   TROY LAW, PLLC
                   *Attorney for the Plaintiff, proposed FLSA*
                   *Collective and Proposed Class Plaintiffs*

                    /s/ John Troy
                   John Troy (JT0481)
                   41-25 Kissena Boulevard Suite 119
                   Flushing, NY 11355
                   Tel: (718) 762-1324
                   Email: johntroy@troypllc.com