UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
SHI MING CHEN, et al.,                                     :
                                                           :    ORDER
                    Plaintiffs,                            :    17 Civ. 802 (GBD) (GWG)
                                                           :
        -v.-                                               :
                                                           :
HUNAN MANOR ENTERPRISE, INC., et al.                       :
                                                           :
                    Defendants.                            :
-----------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

     We now rule, once again, on a request made by plaintiffs in Docket # 162 seeking to take depositions of certain plaintiffs by video conference. Both sides have made errors in regard to this application that now need to be untangled by the Court.

     The problem arose initially in Docket # 162, in which plaintiffs sought, inter alia, to have defendants take the depositions of certain plaintiffs in China by video. In that filing, Mr. Troy falsely stated that "[d]efendants deferred the decision" regarding the video conference depositions "to the Court." In fact, defendants objected to the request. But the Court was unaware of this at the time because, while the defendants apparently intended to file a letter objecting to the request on ECF, they uploaded not their own objection but rather another copy of plaintiffs' original letter (see Docket # 163). The Court thus granted plaintiffs' request as made "without objection." Docket # 168.

     Defendants then filed a request for reconsideration (Docket # 170) that was denied (Docket # 171) because defendants still had not supplied any objections.

     Finally, defendants filed the letter with the Court they apparently intended to file originally (Docket # 172) along with a letter seeking reconsideration of the Court's ruling in Docket # 168 (Docket # 173).[1] Defendants state that they object to plaintiffs' video conference deposition request because, inter alia, "[d]eposition for the purpose of a foreign litigation is simply illegal in China." Docket # 172. The defendants' letter (Docket # 172) also seeks to have a default entered against certain plaintiffs. We address each request separately.

---

    [1] Defendants speculate that it may have been ECF's fault that the wrong document was uploaded. (Docket # 173). The Court doubts this possibility but in any event defendants' counsel is at fault for not complying with paragraphs 1.A and 1.B of the Court's Individual Practices, which require the parties to supply courtesy copies of letters to the Court. Also, it is a good idea to check documents once they have been posted on ECF to make sure they appear correctly.

Video Depositions in China

Although defendants fail to include any case law or otherwise cite to authority supporting their assertion that depositions for foreign legal proceedings are not permitted in China, the Court's review of relevant case law shows that it is improper to order that a video deposition take place in China because such depositions violate Chinese domestic law. See Junjiang Ji v. Jling Inc., 2019 WL 1441130, at *11 (E.D.N.Y. Mar. 31, 2019) (granting motion to strike video conference testimony where it was "undisputed that, by testifying via video link while located in mainland China, [plaintiff] Ji violated Article 277 of the Chinese Civil Law."); Melaleuca, Inc. v. Kot Nam Shan, 2018 WL 1952523, at *7 (D. Idaho Apr. 24, 2018) (finding fact that "China has indicated that taking depositions, whether voluntary or compelled . . . may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention" would "greatly hinder or completely block the parties' efforts to depose witnesses or gather other evidence in China in this case."); Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co., 2014 WL 2986685, at *5 (E.D. Mo. July 1, 2014) (granting motion to strike declarant statements where plaintiff "submitted authority showing that [declarant] cannot be legally deposed in China, and Defendants do not challenge that authority."); see also id. n.6 ("United States State Department Guidelines state that under China's Declarations and Reservations to the Hague Evidence Convention, China does not permit attorneys to take voluntary depositions in China for use in foreign courts.").[2] Thus, defendants' request for reconsideration is granted, the Court's ruling in Docket # 168 is vacated, and plaintiffs' request to conduct video conference depositions of plaintiffs in China (Docket # 162) is denied. In light of this ruling it is not necessary to reach defendants' arguments that plaintiffs improperly delayed making this request.

Request for Default

In Docket # 172, defendants also request that the case be dismissed as to all "[d]efaulting plaintiffs." That request is denied at this time without prejudice. Any request for dismissal must be made by formal motion, is returnable before Judge Daniels, shall be filed by February 21, 2020, and shall comply with Judge Daniels's Individual Practices. Any motion for summary judgment shall likewise be due on February 21, 2020.

---

[2] While there is case law suggesting that Chinese law may apply differently in Hong Kong, no party has indicated that the plaintiffs are prepared to be deposed from that particular city. Junjiang Ji, 2019 WL 1441130, at *2. Additionally, while plaintiffs cite two cases in which courts did permit video depositions in China, in neither of those cases is it clear that the plaintiffs to be deposed were not in Hong Kong. See Gao v. Umi Sushi, Inc. et al., (No. 18 Civ. 06439) (S.D.N.Y. 2018) (Docket # 50); Cao et al. v. Atami on 2nd Avenue, Inc. et al., (No. 15 Civ. 05434) (S.D.N.Y. 2015) (Docket # 44). In any event, the issue of the legality of depositions in China was not raised by the parties in those cases or discussed by the courts.

2

SO ORDERED.

Dated: February 3, 2020
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge