UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
SHI MING CHEN, et al.,                                         :
                                                               :   OPINION AND ORDER
                    Plaintiffs,                                :   17 Civ. 802 (GBD) (GWG)
                                                               :
        -v.-                                                   :
                                                               :
HUNAN MANOR ENTERPRISE, INC., et al.                           :
                                                               :
                    Defendants.                                :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiffs in this case are former employees of defendants' restaurant chain who brought suit seeking unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and New York Labor Law §§ 190 et seq. ("NYLL"). Before the Court is plaintiffs' motion to amend.[1] For the reasons that follow, that motion is granted in part and denied in part.

I. BACKGROUND

The complaint in this action was filed on February 2, 2017. See Complaint, filed Feb. 2, 2017 (Docket # 1). On May 3, 2017, a case management plan was filed that prohibited the

---

[1] See Motion for Leave to File Amended Complaint, filed Nov. 4, 2019 (Docket # 148) ("Motion to Amend"); Memorandum of Law in Support of Motion to Amend, filed Nov. 4, 2019 (Docket # 148-4) ("Pl. Mem."); Proposed First Amended Complaint, filed Nov. 4, 2019 (Docket # 148-2) ("Proposed FAC"); Memorandum of Law in Opposition to Motion to Amend, filed Dec. 6, 2019 (Docket # 150) ("Def. Mem."); Reply Memorandum of Law in Support of Motion to Amend, filed Jan. 15, 2019 (Docket # 165) ("Pl. Reply").

We note that the due date for the plaintiffs' reply memorandum was December 27, 2019. See Docket # 159. Plaintiffs failed to meet this deadline. Notwithstanding this fact, they filed a letter more than two weeks later, on January 14, 2020 (Docket # 164), asserting incorrectly that they required only a "one-day extension of time until January 15, 2020" to file their brief. Without waiting for a ruling on the extension, they filed the reply brief anyway. While plaintiffs certainly have not met the standard of showing "good cause" or "excusable neglect" for the late filing of this brief, see Fed. R. Civ. P. 6(b)(1)(B), the Court has nonetheless considered it.

addition of new parties or the filing of amended pleadings after August 1, 2017. See Civil Case Management Plan and Scheduling Order, filed May 3, 2017 (Docket # 34) ("May 2017 Scheduling Order") ¶¶ 2-3. The discovery deadline was initially set for October 3, 2017. Id. ¶ 4. After granting numerous extensions to the parties (Docket ## 66, 87, 127, 132), the Court granted a final extension of the discovery deadline to June 17, 2019. See Order Granting Letter Motion for Extension of Time to Complete Discovery, filed May 31, 2019 (Docket # 145) ("May 2019 Order").

Plaintiffs filed this motion to amend on November 4, 2019. See Motion to Amend. On December 20, 2019, the Court granted an unopposed request from defendants that certain plaintiffs be required to appear for depositions, but noted that "the discovery deadline has long since expired" and ruled that "discovery is not otherwise re-opened." See Order to Appear for Depositions, filed Dec. 20, 2019 (Docket # 161).

## II. LAW GOVERNING MOTIONS TO AMEND

Several of the Federal Rules of Civil Procedure are applicable here.

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy behind this rule is that "[l]iberal amendment promotes judicial economy by making it possible to dispose of all contentions between parties in one lawsuit." Bilt-Rite Steel Buck Corp. v. Duncan's Welding & Corr. Equip., Inc., 1990 WL 129970, at *1 (E.D.N.Y. Aug. 24, 1990) (citing JennAir Prods. v. Penn Ventilator, Inc., 283 F. Supp. 591, 594 (E.D. Pa. 1968)). The decision to grant or deny leave to amend under Rule 15(a)(2) is within the trial court's discretion. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). The court may deny leave to amend for "good reason," which normally involves an analysis of the four factors articulated in Foman Foman v. Davis, 371 U.S.

2

178, 182 (1962): undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman, 371 U.S. at 178, 182).

"If the amendment seeks to add a party, Rule 21 of the Federal Rules of Civil Procedure, which allows addition of a party . . . also comes into play. However, that creates no additional obstacle, as the 'showing necessary under Rule 21 is the same as that required under Rule 15(a).'" Soroof Trading Dev. Co. v. GE Microgen, Inc., 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (internal citation omitted) (quoting Johnson v. Bryson, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012)).

Finally, Fed. R. Civ. P. 16(b) provides that scheduling orders "must limit the time . . . to amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A). Once it is entered, a scheduling order may be modified only for "good cause." Fed. R. Civ. P. 16(b)(4). "Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (quoting Fed. R. Civ. P. 15 and 16). The "good cause" inquiry turns on the diligence of the party seeking to modify the scheduling order. Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause' depends on the diligence of the moving party.") (citations omitted). In this case, the scheduling order provided that "[n]o [a]dditional parties may be joined after August 1, 2017" and "[n]o [a]mendment to the pleadings will be permitted after August 1, 2017." See May 2017 Scheduling Order ¶¶ 2-3. While the parties sought numerous extensions of the discovery deadline, they never sought an extension of these dates. Nonetheless, as we have explained in a

3

prior decision, we recognize that we have discretion to apply the more liberal standard that applies to motions to amend under Fed. R. Civ. P. 15 rather than the more exacting standard that applies to extending a deadline set under Fed. R. Civ. P. 16. See <u>Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.</u>, 304 F.R.D. 170, 176 (S.D.N.Y. 2014).

III. <u>DISCUSSION</u>

Plaintiffs move to amend the complaint for the following purposes: (1) to remove defendants who have had all claims against them dismissed; (2) to add individuals who filed forms consenting to join the suit under 29 U.S.C. § 216(b) and factual allegations related to those individuals; (3) to change the names of defendants who were sued with incorrect names or who also have an alias; and (4) to add as defendants a corporation called 200 CPS Investment Corp. as well as five new individual defendants who the proposed FAC alleges are part-owners and managers at defendants' restaurants. Pl. Mem. at 3-4. We discuss each request next.

A. <u>Removal of Defendants</u>

Turning first to plaintiffs' request to remove various defendants from the complaint, <u>see</u> Pl. Mem. at 3-4, defendants do not explicitly object to this request, <u>see</u> Def. Mem., and the Court does not see how the elimination of named defendants in this case would prejudice or otherwise harm the remaining defendants. Accordingly, we grant the motion to amend in order to remove defendants Hunan Manor LLC (a NJ Domestic Limited Liability Company), Xiang Yun Ni, Wensheng Zhang, Zhi Ba Li, Nancy Zhou, Jimmy Cheung, Danny Wing Lok Cheun, and John Doe.

B. <u>Changing of Names of Certain Defendants</u>

Plaintiffs also seek to amend to (1) add Zhi Ba Li as an alias of existing defendant Zhi Da Li, (2) add Nancy Zhou and Nancy Xiao as aliases of existing defendant Zhenqi Xiao, and (3)

change the name of defendant "Hunan Manor LLC (a NY Domestic Liability Company)" to simply "Hunan Manor LLC." Once again, defendants do not specifically object to these proposed amendments and we discern no prejudice that would result. Accordingly, we grant this portion of the motion to amend.

  C. <u>Addition of Plaintiffs</u>

Plaintiffs request to add to the caption of the complaint the names of all the "similarly situated" individuals who filed forms joining the action. <u>See</u> Pl. Mem. at 3. They also seek to add factual allegations relating to these plaintiffs. <u>Id.</u> To the extent this effort is to make these individuals parties to the FLSA claim, we view this request as essentially pointless. Each of these individuals filed a form in which they "consent[ed] to become [a] party plaintiff." <u>E.g.</u>, Docket # 30. Each of these individuals is listed on the docket sheet as a plaintiff. These individuals are thus already plaintiffs for purposes of obtaining relief under the FLSA. We grant the request, nonetheless, because it appears that these individuals seek to be included in order to obtain relief under the NYLL. <u>See</u> Proposed FAC at 39-62. Such a purpose is a legitimate basis on which to seek to amend the complaint. While the Court is concerned about the late date on which this request is made, the Court discerns no prejudice to defendants. The forms plaintiffs filed in joining this suit make clear that they were seeking relief under "state . . . law" and the factual allegations they propose to add are equally pertinent to claims under the FLSA as they are to claims under the NYLL. Defendants never state in their memorandum of law that whatever depositions they took of plaintiffs did not cover the new allegations. Nor do defendants state that they forwent taking depositions because they were unaware that these plaintiffs would make NYLL claims. A motion to amend in a similar posture was granted in <u>Williams v. Epic Sec. Corp.</u>, 358 F. Supp. 3d 284, 293 (S.D.N.Y. 2019). Thus, the motion to

5

include the plaintiffs and the new allegations is granted.

D. <u>Addition of New Defendants</u>

Plaintiffs request to add as new defendants 200 CPS Investment Corp., Qiang Wu Wang, Rong Fang Xiao, Ben Shuai Pang, Man Shen Zhang, and Jeff Li. <u>See</u> Proposed FAC at 1-2, 11, 16-19; Pl. Mem. at 7-8.

This request is denied. We will put aside the fact that the scheduling order set a deadline of August 1, 2017, for adding new parties or filing an amended complaint. <u>See</u> May 2017 Scheduling Order. The motion fails even under the liberal Rule 15 standard. What is critical is that plaintiffs admit that they became aware of these new proposed defendants on April 1, 2019, during the deposition of Zhenqi Xiao. <u>See</u> Deposition Transcript of Zhenqi Xiao, dated April 1, 2019 (Docket # 148-3); <u>see also</u> Pl. Mem. at 7-8. The plaintiffs took no action before the June 17, 2019, discovery deadline expired to include them as parties. Indeed, they did not file this motion to amend until November 2019. Plaintiffs give no explanation that would excuse this delay.

Of equal significance, these proposed new defendants are not before the Court and re-opening the case to add them would certainly risk a re-do of the entire discovery process inasmuch as each new defendant would be entitled to obtain discovery from the plaintiffs and potentially from co-defendants. "[C]ourts in this circuit routinely hold that motions to amend are untimely when filed after the close of discovery." <u>Weaver v. Warrington</u>, 2018 WL 5253110, at *1 (E.D.N.Y. Oct. 22, 2018) (citing cases); <u>accord</u> <u>Bromfield v. Bronx Lebanon Special Care Ctr., Inc.</u>, 2019 WL 1873156, at *3 (S.D.N.Y. Apr. 26, 2019) (denying motion to amend and add new defendant after discovery had closed where "proposed amendment would require the reopening of discovery . . . and the re-deposition of plaintiff, the individual defendants and

6

perhaps other witnesses as well."); Fabian v. City of N. Y., 2018 WL 2138619, at *11 (S.D.N.Y. May 9, 2018) (denying leave to amend to add new defendants where motion was made after close of discovery); Antrobus v. N.Y.C. Dep't of Sanitation, 2016 WL 5394697, at *11 (E.D.N.Y. Feb. 25, 2016) ("Prejudice is generally found where the motion to amend comes . . . after many months or years of pre-trial activity" and "adds new parties.") (internal quotation marks and citation omitted); Aguilar v. Connecticut, 2013 WL 657648, at *8 (D. Conn. Feb. 22, 2013) (denying motion to amend where "permit[ting] an amendment at this late juncture would unduly delay the resolution of this litigation as discovery would have to be reopened."), aff'd, 557 F. App'x 71 (2d Cir. 2014); Lyondell-Citgo Ref., LP v. Petroleos De Venezuela S.A., 2004 WL 2650884, at *1 (S.D.N.Y. Nov. 22, 2004) ("Prejudice may be found, for example, when the amendment is sought after discovery has been closed.") (internal citation omitted); Juncewicz v. Patton, 2002 WL 31654957, at *6 (W.D.N.Y. Oct. 8, 2002) (denying motion to amend where "plaintiffs offer no adequate justification for waiting two months after the close of discovery to seek leave to amend.") (internal citation omitted).

Contrary to plaintiffs' erroneous assertion that "discovery in this case has not concluded," Pl. Reply at *2,[2] discovery indeed closed on June 17, 2019, see May 2019 Order. While the Court permitted the depositions of several plaintiffs after the close of the discovery period, see Order to Appear for Depositions, we made very clear that "discovery [was] not otherwise re-opened," id.

In sum, plaintiffs' request to amend their complaint to add additional defendants is denied even applying Rule 15(a)(2)'s lenient standard.

---

[2] Page numbers identified by "*__" refer to the pagination provided by the Court's ECF system.

## IV. CONCLUSION

For the reasons discussed above, plaintiffs' motion to amend (Docket # 148) is granted except that the motion to add defendants 200 CPS Investment Corp., Qiang Wu Wang, Rong Fang Xiao, Ben Shuai Pang, Man Shen Zhang, and Jeff Li is denied. Plaintiffs shall file an amended complaint in conformity with this decision on or before February 7, 2020.

SO ORDERED

Dated: February 3, 2020
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge