UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

SHI MIN CHEN, LIANHE ZHOU, YONG KANG LIU,        Case No. 17-cv-802
JIXIANG WANG, WEI MIN ZHU, JIAN CAI,
GUOQIANG XU, SHIQIANG GAO, BAOJUN TIAN,
XINLONG LIU, MIN JIANG, MINGDA KE, QIFANG CⅠ
PINGJIN FAN, and GUO YONG ZHU, *individually*
*and on behalf of others similarly situated*,

                           Plaintiffs,        **AFFIRMATION IN SUPPORT**

             vs.

HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan
Manor, HUNAN MANOR LLC d/b/a Hunan Manor,
HUNAN HOUSE MANOR INC. d/b/a Hunan Manor,
HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan
Manor, HUNAN HOUSE RESTAURANT NY LLC
d/b/a Hunan Manor, HUNAN HOUSE, INC. d/b/a
Hunan Manor, A TASTE OF MAO, INC. d/b/a China
Xiang, JINGCHAO LI a/k/a JING CHAO LI a/k/a
Diana Li, ZHIDA LI a/k/a ZHI DA LI d/b/a ZHI BA LI,
and ZHENQI XIAO a/k/a NANCY XIAO a/k/a
NANCY ZHOU,

                         Defendants,
------------------------------------------------------------------------- x

## <u>MEMORANDUM OF LAW IN SUPPORT OF<br>THE DEFENDANTS' MOTION FOR SANCTIONS</u>

Bingchen Li, Esq. (BL4750)
Law Office of Z. Tan PLLC
39-07 Prince Street, Suite 3B
Flushing, New York 11354
Phone: (718) 886-6676
Fax:   (718) 679-9122
Email: eric.li@ncny-law.com
*Attorney for Defendants*

## TABLE OF CONTENTS

**TABLE OF AUTHORITY** ................................................................................ **3**

**PRELIMINARY STATEMENTS** ................................................... **5**

**PROCEDURAL HISTORY** ......................................................... **6**

**STATEMENT OF FACTS** .......................................................... **6**

**ARGUMENTS** ........................................................................ **11**

    **1)   STANDARD OF REVIEW** ...............................................**11**

    **2)   PLAINTIFFS' FAILURE TO APPEAR FOR DEPOSITION**…….....…..**12**

    **3)   PLAINTIFFS' FAILURE TO COMPLY WITH COURT ORDER**…....…**15**

    **4)   DEFENDANTS ARE ENTITLED TO REASONABLE EXPENSES**……..**16**

    **5)   PLAINTIFFS' COUNSELS IN BAD FAITH**…………………………**17**

**CONCLUSION** ............................................................. ...**18**

## **TABLE OF AUTHORITIES**

**Case Law**

Daval Steels Products, a Div. of Francosteel Corp. v. M/V Fakredine,
  951 F.2d 1357 (2d Cir. 1991) ...................................................................................... 11

Luft v. Crown Publishers, Inc., 906 F.2d 862 (2d Cir. 1990). ………………….............11

John B. Hull v. Waterbury Petroleum Prods. Inc., 845 F.2d 1172 (2d Cir. 1988) ……...11

Jones v. Niagara Frontier Transp. Auth., 836 F.2d 731 (2d Cir. 1987)………………….11

Flores v. Entergy Nuclear Operations, Inc., 313 F.Supp.3d 511 (S.D.N.Y. 2018)..... 11, 17

Handworker v. AT & T Corp., 211 F.R.D. 203 (S.D.N.Y. 2002) ………………………11

Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930 (2d Cir. 1988).... 11, 15

Link v. Wabash Railroad Co., 370 U.S. 626 (1962)..…………………..……………11, 12

Harding v. Federal Reserve Bank of New York, 707 F.2d 46 (2d Cir. 1983)……….11, 12

Fossil Industries, Inc. v. Onyx Specialty Papers, Inc.,
  302 F.R.D. 288 (E.D.N.Y. 2014)……………………………………….........12, 15

Local Union No. 40 of the Intern, Ass'n of Bridge v. Car-Win Construction Inc,
  F.Supp.3d 250, 262 (S.D.N.Y. 2015)…………………………………………........12

National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976)…….13

Selby v. Arms, 1995 WL 753894 (S.D.N.Y. 1995)………………………………...…14

Valentine v. Museum of Modern Arts, 29 F.3d 47 (2d Cir. 1994)……………...…….14

Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759 (2d Cir. 1990)………..……..14

United States ex rel. Drake v. Norden Sys. 375 F.3d 248 (2d Cir. 2004)..……………15

Novak v. Wolpoff & Abramson LLP, 536 F.3d 175 (2d. Cir 2008)………………...17

Seever v. Carrols Corp., 528 F.Supp.2d 159 (W.D.N.Y. 2007)………………………18

**Statutes**

Fed. R. Civ. P. Rule 37 .......................................................................... 5, 11, 14, 16, 17, 19

Fed. R. Civ. P. Rule 12(c) …………………………………………………….......6

Fed. R. Civ. P. Rule 41 ……………………………………………………...5, 11, 12, 15, 16

## PRELIMINARY STATEMENTS

The defendants HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor, HUNAN MANOR LLC d/b/a Hunan Manor, HUNAN HOUSE MANOR INC. d/b/a Hunan Manor, HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor, HUNAN HOUSE RESTAURANT NY LLC d/b/a Hunan Manor, HUNAN HOUSE, INC. d/b/a Hunan Manor, JINGCHAO LI a/k/a JING CHAO LI a/k/a Diana Li, and ZHIDA LI a/k/a ZHI DA LI a/k/a ZHI BA LI ("Defendants"), by Bingchen Li, Esq., their attorney of record, respectfully submit this Memorandum of Law in support of Defendants' Motion 1) for an order listed in Fed. R. Civ. P. Rule 37(b)(2)(A)(i)—(vi), including without limitation, dismissing all claims from the defaulting plaintiffs JIAN CAI, GUOQIANG XU, SHIQIANG GAO, MIN JIANG, MINGDA KE, and GUO YONG ZHU ("Defaulting Plaintiffs"), pursuant to Rule 37 of the Federal Rules of Civil Procedure; 2) for an order under Rule 37 to grant reasonable attorneys' fees as a result of Plaintiffs' failure to make themselves to be available for their depositions; and 3) to dismiss all claims, pursuant to Rule 41 of the Federal Rules of Civil Procedures for Plaintiffs repeated failures to comply with this Court's orders.

We will demonstrate below that Defendants' Motion for Sanctions and to Dismiss is warranted because Defaulting Plaintiffs' defaults and incompliance with Court Orders are willful, lengthy, repeated and in bad faith. Accordingly, a sanction against Defaulting Plaintiffs and their counsel is warranted and their claims should be dismissed with prejudice under either Rule 27 or Rule 41.

## **PROCEDURAL DISTORY**

Plaintiffs commenced this action by way of a Summon and Complaint (*See Complaint, ECF 1, (Compl.)*) on February 2, 2017. Defendants responded by filing an Answer and Affirmative Defenses on or about April 23, 2017. On July 20, 2017 Defendants filed a Rule 12(c) Motion to Dismiss on Pleading to dismiss the baseless and frivolous claims against the defendant Wensheng Zhang, Xiangyun Ni and a New Jersey Restaurant (*See Defendants' Motion to Dismiss, ECF 39-41*). After an oral argument on September 26, 2017, this Court issued an Order granting Defendants' 12(c) Motion it its entirety on February 15, 2018 (*See Court Order, ECF 74*). After a few months' stay due to individual defendants' bankruptcy filings, the discovery resumed and ended on June 30, 2019. Prior to the conclusion of the discovery, Defendants were cooperative and availed themselves to be deposed in April 2019, despite Defendants had the priority and served their deposition notices first on July 2, 2017. However, six (6) plaintiffs refused to be deposed despite having been served with six (6) deposition notices in a span of two and a half years and despite a court order by Judge Gorenstien (*See Court Order, ECF 161*).

Defendants bring the instant motion for sanctions as a result of these six (6) plaintiffs' willful and bad faith breach of their duties to avail themselves for depositions in the last two and a half years.

## **STATEMENT OF FACTS**

On or about July 3, 2017, Defendants served upon Plaintiffs notices of deposition for all named plaintiff and opt-in plaintiffs, requesting them to be deposed on August 3, 4 and 7, 2017, including without limitation, Guoqiang Xu, Jian Cai, Min Jiang,

6

Mingda Ke, and Shiqiang Gao (*See Li Affirmation, ¶ 4 and Exhibit A, First Dep Notices 170703*). After all depositions were arranged and confirmed, however, Plaintiffs' counsel cancelled the said depositions originally scheduled on August 3 and 4 without providing any justifiable reason (*See Li Affirmation, ¶ 5 and Exhibit B, Plaintiffs Email 170727*). Shortly thereafter, Plaintiffs served upon Defendants their own deposition notices, but did not cancel the August 7 deposition until the morning of August 7, 2017 (*See Li Affirmation, ¶ 6 and Exhibit C, Plaintiffs' Email 170807-1*). Defendants were accommodating and worked with Plaintiffs' counsel for new deposition date. After receiving email confirmations from plaintiffs' counsel (*See Exhibit D, Plaintiffs Email 170807-2*), Defendants arrange the depositions again for September 6-8, 2017 (*See Exhibit E, Dep. Confirmations 170808*). Defendants served the second notices of deposition upon Plaintiffs on August 11, 2017 (*See Exhibit F, Second Dep. Notices 170811*), including without limitations, Guoqiang Xu, Jian Cai, Min Jiang, Mingda Ke, and Shiqiang Gao (*See Li Affirmation, ¶ 7*). Again, Plaintiffs unilaterally cancelled the scheduled depositions on August 31, 2017 vie email without justification (*See Li Affirmation, ¶ 8 and Exhibit G, Plaintiffs Email 170831*).

The action was then stayed for about a year. On or about February 7, 2019, Defendants served deposition notices upon Plaintiffs for the third time, proposing to conduct plaintiffs' depositions on or before February 28, 2019 (*See Li Affirmation, ¶ 9 and Exhibit H, Third Dep. Notices 190207*). Once again, Plaintiffs refused to be deposed and requested to conduct defendants' depositions first (*See Li Affirmation, ¶ 10 and Exhibit I, Plaintiffs Email 190207*). As a result, Defendants made the first request for a conference to compel depositions (*See Li Affirmation, ¶ 11 and Defendants' Letter*

*Motion to Compel, ECF 135*). Despite the priority usually afforded to defendants and defendants having been the first to serve deposition notices on July 2, 2017, Defendants in good faith consented to Defendants' depositions out of professional courtesy (*See Li Affirmation, ¶ 12*). On February 25, 2019, Plaintiffs' counsel submitted a status report (*See Li Affirmation, ¶ 13 and Status Report, ECF 137*), proposing a deposition schedule for both parties as follows:

> 1.  *Plaintiffs to depose Defendants Jingchao Li, Zhida Li, and Rule 30(b)(6) witnesses for Hunan Manor Enterprise, Inc., Hunan Manor LLC, Hunan House Manor Inc., Hunan House Restaurant, Inc., Hunan House Restaurant NY LLC, and Hunan House, Inc.— on* <u>April 1, 2019</u>;
> 2.  *Plaintiffs to depose Zhenqi Xiao and a 30(b)(6) witness for A Taste of Mao, Inc. on* <u>April 1, 2019</u>;
> 3.  *Defendants to depose Plaintiffs beginning on* <u>April 12, 2019</u>;
> 4.  *Defendants to continue deposing Plaintiffs on* <u>April 16, 2019</u>.

Defendants' deposition took place on April 1, 2019. However, it lasted much longer than Plaintiffs has anticipated. Nevertheless, Defendants were cooperative. Two of the individual defendants appeared again on April 12, 2019 and completed their depositions at around 5:00p.m. (*See Li Affirmation, ¶ 14*).

On April 11, 2019, Defendants served upon Plaintiff notices of depositions for the fourth time, proposing to conduct plaintiffs' depositions on April 16, 2019 for plaintiffs, Mingda Ke, Min Jiang, Jian Cai, Guo Yong Zhu, Wei Min Zhu, Jian Cai, and Shi Ming Chen (*See Li Affirmation, ¶ 15 and Exhibit J, Fourth Dep. Notices 190411*). However, only three plaintiffs, Shi Ming Chen, Wei Min Zhu and Yongkang Liu appeared. Plaintiffs Mingda Ke, Min Jiang, Jian Cai, and Guo Yong Zhu did not appear and did not provide any reason for the no-show.

Again, Defendants accommodated Plaintiffs and deposed only three plaintiffs (*See Li Affirmation, ¶ 16*).

At the April 16 deposition, Plaintiffs' counsel refused to confirm a deposition date for the remaining plaintiffs. Plaintiffs' counsel then ignored Defendants' attempts to confer in good faith, prompting Defendants' second letter to compel deposition on April 18, 2019 (*See Li Affirmation ¶ 17 and Defendants' Letter Motion to Compel Depositions, ECF 139*). On April 23, 2019 Judge Gorenstein endorsed the said letter motion, ordering Plaintiffs' counsel be available on the phone to provide depositions dates (*See Court Order, ECF 141*).

After telephone conference with all parties' counsels present, parties agreed to conduct Plaintiffs' depositions on May 9, 2019, June 6, 2019, and June 17, 2019 (*See Li Affirmation ¶ 19*). On April 30, 2019, Defendants served upon Plaintiffs notices of depositions for the fifth time (*See Li Affirmation ¶ 20 and See Exhibit K, Fifth Dep. Notices 190430*). However, on June 3, 2019, we were informed for the first time that the plaintiffs, Shiqiang Gao, Guoqiang Xu, and Mingda Ke, were in China and could not be deposed in U.S. (*See Li Affirmation ¶ 21 and Exhibit L, Plaintiffs Email 190603*). In addition, on June 5, 2019 Defendants were informed for the first time that Plaintiffs' counsel had lost contact with the plaintiffs, Mingda Ke, Min Jiang and Jian Cai (*See Li Affirmation ¶ 22 and Exhibit M, Plaintiffs Email 190605*). Defendants had no choice but to only depose all the available plaintiffs (*See Li Affirmation ¶ 23*).

After another failed attempt to depose the remaining plaintiffs despite the admission by Plaintiffs' Counsel that he was in contact with the

Defaulting Plaintiffs (*See Exhibit N, Court Conference Transcript*), Defendants had no choice but to file a third and fourth letter motions to compel on December 6, 2019 (*See Li Affirmation ¶ 24 and Defendants' Letter Motion to Compel, ECF 152, 158, and 160*). Judge Gorenstein granted the motion on December 20, 2019 (*See Court Order, ECF 161*). In the Order, Judge Gorenstein ordered that "Jian Cai, Guoqiang Xu, Shiqiang Gao, Min Jiang, Mingda Ke, and Guo Yong Zhu shall appear for depositions at the offices of defendants' counsel on January 9, 2020, at 10:00 a.m., and be available for deposition both on that date on January 10, 2020…" (*See Li Affirmation ¶ 25*).

Subsequently, Defendants served upon Defaulting Plaintiffs notices of deposition for the sixth time (*See Li Affirmation ¶ 26 and Exhibit O, Sixth Dep. Notices 191223*). However, on January 7, 8, and 9, 2020, Plaintiffs' counsel emailed Defendants that none of the six (6) Defaulting Plaintiffs would be available before January 10, 2020 but failed to provide any alternative dates (*See Exhibit P, Plaintiffs Email Jan20*), directly in violation of Judge Gorenstein's order dated December 20, 2019 (*See Li Affirmation ¶ 27*). Instead, Plaintiffs made a bad faith request to make the plaintiffs Guo Yong Zhu, Shiqiang, Gao and Guoqiang Xu available for deposition via video conference, without providing the location and time such video depositions. The request was correctly denied by Judge Gorenstein (*See See Li Affirmation ¶ 28 and Court order, ECF 180*).

To this day, more than thirty-one (31) months after being noticed for deposition on July 2, 2017, six (6) plaintiffs are still in hiding.

## ARGUMENTS

### 1)   STANDARD OF REVIEW

Rule 37(d) provides that the court can order a sanction when "a party... fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. Rule 37(d)(1)(A)(i). If Party seeks to frustrate goal of disclosure of all evidence relevant to merits of controversy by disobeying discovery orders, severe sanctions are appropriate. *Daval Steels Products, a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991)*. Severe discovery sanctions are justified if failure to comply with court order is due to willfulness or bad faith or it otherwise culpable. *Id. at 1366 (citing Luft v. Crown Publishers, Inc., 906 F.2d 862, 865-66 (2d Cir. 1990); John B. Hull v. Waterbury Petroleum Prods. Inc., 845 F.2d 1172,1176 (2d Cir. 1988); and Jones v. Niagara Frontier Transp. Auth., 836 F.2d 731, 734 (2d Cir. 1987))*.

District Court has wide discretion in imposing discovery sanctions, including severe sanctions. *Daval, 951 F.2d at 1365.* If a court grants a motion made under rule governing party's failure to attend its own deposition, serve answers to interrogatories, or respond to request for inspection, it has broad discretion to impose sanctions it considers just. *Flores v. Entergy Nuclear Operations, Inc., 313 F.Supp.3d 511, 521 (S.D.N.Y. 2018) (quoting Handworker v. AT & T Corp., 211 F.R.D. 203, 208 (S.D.N.Y. 2002)).*

Dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to comply with an order of the court is matter committed to the discretion of the district court. *Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988) (See Link v.*

*Wabash Railroad Co., 370 U.S. 626, 633 (1962) and Harding v. Federal Reserve Bank of New York, 707 F.2d 46, 50 (2d Cir. 1983)).* Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[i]f the plaintiff fails…to comply with…a court order." *Fossil Industries, Inc. v. Onyx Specialty Papers, Inc., 302 F.R.D. 288, 292 (E.D.N.Y. 2014).*

2)   <u>**PLAINTIFFS' FAILURE TO APPEAR FOR DEPOSITION**</u>

When exercising discretion to sanction for discovery misconduct, court is guided by factors of (1) willfulness of noncompliant party or reason for noncompliance, (2) efficacy of lesser sanctions, (3) duration of period of noncompliance, and (4) whether the non-compliant party had been warned of consequences of noncompliance; while these four factors are often the only ones specifically listed in the context of discovery sanctions motion, they are not exclusive. *Local Union No. 40 of the Intern, Ass'n of Bridge v. Car-Win Construction Inc., F.Supp.3d 250, 262 (S.D.N.Y. 2015).*

In the instant action, first of all six (6) plaintiffs' continuous and lengthy failure to appear for their depositions are willful. Deposition notices were first served on the plaintiffs on July 2, 2017. There is a grand total of six (6) deposition notices duly served upon the plaintiffs. There have been four (4) discovery motions to Magistrate Judge Gorenstein to compel Plaintiffs to be available for depositions. After more than two and a half years, however, Defaulting Plaintiffs have neither appeared for a deposition nor provided a reasonable explanation concerning their peculiar unavailability. Plaintiffs have argued that three (3) of the six (6) Defaulting Plaintiffs are currently in China and do not intend to return to U.S. However, these plaintiffs voluntarily chose to join this action while they were in US and therefore they should make themselves available for depositions. If any of them needs to leave the country, he could have

informed Defendants and we would have deposed him before his departure. However, we had never been informed of such inconvenience until mid 2019 when all of them were already out of country and became "unavailable." Moreover, Plaintiffs' counsel admitted himself that he was in contact with Defaulting Plaintiffs as recent as November 2019 and probably even in January 2020 (*See Exhibit N, Conference Transcript dated February 11, 2020*). To this day, however, Defaulting Plaintiffs have not provided any reasonable justification for their willful choice not to be deposed. In short, their inconvenience is self-imposed and therefore should not be excused. Accordingly, their incompliance is not only willful, but in bad faith.

Secondly, there is no alternative remedy other than entering a default and dismissing Defaulting Plaintiffs' claims because they simply refused to be deposed. Plaintiffs may argue that the plaintiff Jian Cai finally becomes available this month and therefore there exists other remedy other than a default. However, Defaulting Plaintiffs' incompliances and defaults are so severe that "[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. *Id. at 265* (*citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976)*).

In the instant action, Plaintiffs commenced this action more than three years ago on February 2, 2017; Defendants served upon Plaintiffs six (6) depositions notices in a span of more than two and half years; Defendants filed no less than four (4) discovery motions to compel depositions; and Magistrate Judge Gorenstein Ordered all

Defaulting Plaintiffs to appear for deposition no later than January 10, 2020. Nevertheless, the plaintiff Jian Cai ignored all of the above obligations in last three (3) years and chose to finally appear only at his own convenience. His incompliance is willful and severe, warranting a default, short of which Fed. R. Civ. P Rule 37 would be perceived as a "paper tiger" rather than a credible deterrence. If this Court does not enter an default against the plaintiff Jian Cai, what would stop another Default Plaintiff to appear two months later with a same argument?

Thirdly, there should be no dispute that the duration of Defaulting Plaintiffs is at least two and half years. All Defaulting Plaintiffs were in noncompliance since the first deposition notice on July 2, 2017. Defendants have been in good faith, accommodating Plaintiffs' excuses and sometime simple refusals to be deposed. However, the incompliance and the default are so long that it warrants a default.

Finally, all Defaulting Plaintiffs were put on notice their obligations to be deposed as early as July 2, 2017, when the deposition notices were served. Judge Gorenstein issued multiple orders requesting Plaintiffs to make themselves available for depositions. And Judge Gorenstein issued a final order that Defaulting Plaintiffs be available for deposition on January 9-10, 2020. Therefore, all Defaulting Plaintiffs are warned time and again. They are in hiding at their own peril. After all, such a warning is only necessary, however, when a party appears pro se. *Selby v. Arms, 1995 WL 753894 at *8 (S.D.N.Y. 1995) (See Valentine v. Museum of Modern Arts, 29 F.3d 47,50 (2d Cir. 1994); Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 764 (2d Cir. 1990)).*

14

3)       **PLAINTIFFS' FAILURE TO COMLY WITH COURT ORDER**

"In determining whether to dismiss a plaintiff's case under Rule 41(b), a court must consider five factors; (1) the duration of the plaintiff's failures to comply with court orders…; (2) whether the plaintiff has received notice that further delays will result in dismissal; (3) the likelihood that further delay will prejudice the defendant; (4) the need to alleviate court calendar congestion balanced against the need to protect the plaintiff's right to due process; and (5) the efficacy of lesser sanction." *Fossil Industries, 302 F.R.D. at 292 (See Alvarez, 839 F.2d at 932)*. "No single factor is dispositive in this analysis; rather, courts must weigh all five in determining whether dismissal is warranted under Rule 41(b)." *Fossil Industries, 302 F.R.D. 288 at 292 (see United States ex rel. Drake v. Norden Sys. 375 F.3d 248, 254 (2d Cir. 2004))*.

There should be no dispute that Plaintiffs failure to comply with court order to lengthy. Defendants filed no fewer than four (4) discovery motions to compel depositions (*See ECF 135, 139, 152, and 160*). Judge Gorenstein has issued orders requesting plaintiffs appear for depositions, last of which specifically stated that "Jian Cai, Guoqiang Xu, Shiqiang Gao, Min Jiang, Mingda Ke, and Guo Yong Zhu shall appear for depositions at the offices of defendants' counsel on January 9, 2020, at 10:00 a.m., and be available for deposition both on that date on January 10, 2020…" (*See Court Order, ECF 161*). Therefore, the first factor favors Defendants.

As to the second factor, we concede that Plaintiffs have never been put on notice that failure to comply with a particular order would result in dismissal of their claims. However, Plaintiffs' counsel should have been well aware of the

importance of complying with the court's order. The fact that Plaintiffs' incompliance dated back to more than a year ago and still refuse to be deposed also push this factor in favor of Defendants.

As to the third factor, there should be no dispute that plaintiffs failure to comply with the court's order mandating them to be available to be deposed has caused significant prejudice to Defendants. The discovery ended on June 30, 2019. We will soon set the trial dates for this action. Not only has Plaintiffs' failure to comply with the court's order deprived Defendants' a quick resolution of this action, but also has compromised Defendants' ability for seeking a summary judgment.

As to the fourth factors, it is also in favor of Defendants because the discovery ended on June 30, 2019. We will soon set the trial dates for this action. It has already caused significant burden on the Court's calendar.

Finally, any lesser sanction would be moot as Defaulting Plaintiffs are still refusing to be deposed as noticed. They have been "unavailable" since August 2017 and have remained to be "unavailable." Defaulting Plaintiffs have ignored all of the aforementioned orders without even bothering providing justifications.

Accordingly, the Court should dismiss Defaulting Plaintiffs' claims for their failure to comply with the court's order, pursuant to Rule 41.

**4)** **DEFENDANTS ARE ENTITLED TO REASONABLE EXPENSES**

"Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," but "must require the party failing to act ... to pay the reasonable expenses,

including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* 37(d)(3). "The burden of proof is on the nonmovant to show that his failure is justified or that special circumstances make an award of expenses unjust." *Flores, 313 F.Supp.3d at 521 (citing Novak v. Wolpoff & Abramson LLP, 536 F.3d 175, 178 (2d. Cir 2008)).*

In the instant action, Defendants had to noticed Defaulting Plaintiffs six (6) times, to file four (4) letter motions to compel depositions, to review and send numerous emails to Plaintiffs, to file an opposition to Plaintiffs' motion for a leave to add Defaulting Plaintiffs as additional plaintiffs, and to prepare this instant motion to dismiss Defaulting Plaintiffs' claims. As a result of Plaintiffs' failure to avail themselves for deposition in good faith, Defendants have incurred reasonable attorneys' fees for no later than $6,000.00.

Accordingly, we respectfully request this Court enter an order granting reasonable attorneys' fees as a result of Defaulting Plaintiffs' failure to be deposed in an amount no less than $6,000.00.

## 5)   **PLAINTIFFS' COUNSELS ARE IN BAD FAITH**

Plaintiffs' counsels have been in bad faith since the inception of this action. Plaintiffs' counsels cancelled the depositions for the first time in July 2017 just to notice their own depositions. Plaintiffs' counsels cancelled the depositions the second time in August 2017 citing that Defendants had not provided their discovery responses, which is not and should never been an excuse. Plaintiffs' counsels refused to schedule for Plaintiffs' deposition after having been noticed the third time in February 2019 to hold Defendants hostage so that Plaintiffs could get the priority, forcing Defendants to file

their first letter motion to compel depositions. Plaintiffs apparently agreed to Plaintiffs' depositions in April 2019 without confirming with all the plaintiffs, resulting in repeated rescheduling and the unavailability of six (6) plaintiffs on the dates of depositions. As a result of Defaulting Plaintiffs' unavailability, Plaintiffs' counsel refused to confirm their deposition dates, forcing Defendants to file the second motion to compel depositions. In December 2019 Plaintiffs again refused to reschedule plaintiffs' deposition, forcing Defendants to file the third and fourth letter motions to compel depositions.

It is obvious that Plaintiffs' counsels were well aware of the unavailability a while ago, probably as early as March 2019. Instead of acting in good faith to inform the defense and the court, however, Plaintiffs' counsels chose to continuously bring frivolous excused and motions at the expenses of the defense and the court.

Moreover, Plaintiffs' insisted on move for a leave to amend the complaint to add Defaulting Plaintiffs as additional plaintiffs, knowing that three of them would not agree to be deposed and three of them were not even reachable. It is a waste of the valuable resources of this Court.

Accordingly, we respectfully request this Court enter an order for a sanction against Plaintiffs' counsels.

<u>**CONCLUSION**</u>

In *Seever v. Carrols Corp., 528 F.Supp.2d 159 (W.D.N.Y. 2007)*, a similar FLSA action, claims of two employees who had failed or refused to attend or complete their depositions, respond to employer's interrogatories, or otherwise comply with court's discovery orders were dismissed as sanction for noncompliance with discovery.

In the instant action, Defaulting Plaintiffs' incompliance were similar, if not worse or longer. Accordingly, this Court should grant the instant motion in its entirety.

**WHEREFORE**, Defendant respectfully requests that this Court to

(1) Grant Defendants' motion for sanctions under Rule 37 to dismiss all claims from Defaulting Plaintiffs JIAN CAI, GUOQIANG XU, SHIQIANG GAO, MIN JIANG, MINGDA KE, and GUO YONG ZHU;

(2) Grant Defendants' motion for sanctions under Rule 37 for reasonable attorneys' fees as a result of Defaulting Plaintiffs' failures to make themselves available for depositions;

(3) Grant Defendants' motion for sanctions under Rule 37 against Plaintiffs' counsel for their bad faith in this action and for their frivolous motion for a leave to amend the complaint to add Defaulting Plaintiffs as additional plaintiffs; and

(4) Grant whatever other and further relief this Court deems just, proper and equitable.

Dated: Nassau, New York
        February 20, 2020

Law Office of Z. Tan PLLC

By: /s/Bingchen Li
    Bingchen Li, Esq. (BL4750)
    39-07 Prince Street, Suite 3B
    Flushing, New York 11354
    Phone: (718) 886-6676
    Fax:    (718) 679-9122
    Email: eric.li@ncny-law.com
    *Attorney for the Defendants*

19