UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHI MING CHEN, et al.,                          :

                                                :       REPORT AND
                                                        RECOMMENDATION
              Plaintiffs,                        :

                                                :       17 Civ. 802 (GBD) (GWG)
       -v.-
                                                :
HUNAN MANOR ENTERPRISE, INC., et al.,
                                                :

              Defendants.                        :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

       Plaintiffs in this case are former employees of defendants' restaurants who brought suit

seeking unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA")

and New York Labor Law §§ 190 et seq. ("NYLL").  Before the Court is defendants' motion for

dismissal with prejudice of claims brought by six of the fifteen individual plaintiffs — Jian Cai,

Guoqiang Xu, Shiqiang Gao, Min Jiang, Mingda Ke, and Guo Yong Zhu[1] (the "six absent

plaintiffs") — pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure.[2]  Defendants

also seek reimbursement for their expenses under Rule 37 of the Federal Rules of Civil

---

[1]  "Guoqiang Xu" is also referred to by the parties as "Guo Qiang Xu."  "Min Jiang" is
also referred to by the parties as "Jiang Min."  "Mingda Ke" is also referred to by the parties as
"Ming Da Ke."  "Guo Yong Zhu" is also referred to by the parties as "Guoyong Zhu."

[2]  See Notice of Motion, filed Feb. 21, 2020 (Docket # 189) ("Mot."); Affirmation in
Support, filed Feb. 21, 2020 (Docket # 190) ("Li Aff."); Memorandum of Law in Support of the
Defendants' Motion for Sanctions, filed Feb. 21, 2020 (Docket # 191) ("Def. Mem.");
Memorandum of Law in Opposition to Defendants' Motion for Sanctions, filed Feb. 28, 2020
(Docket # 192) ("Pl. Mem."); Affirmation of Aaron Schweitzer, filed Feb. 28, 2020 (Docket
# 193) ("Schweitzer Aff.").

1

Procedure.  For the reasons that follow, defendants' motion should be granted in part and denied in part.

I. <u>BACKGROUND</u>

We summarize the history of this case only to the extent relevant to the instant motion. The original complaint was filed February 2, 2017.  <u>See</u> Complaint, filed Feb. 2, 2017 (Docket # 1).  On May 3, 2017, the court issued a case management plan and scheduling order that set a discovery deadline of October 3, 2017.  <u>See</u> Civil Case Management Plan and Scheduling Order, filed May 3, 2017 (Docket # 34).  On July 3, 2017, defendants served deposition notices on, <u>inter alia</u>, Jian Cai for August 3, 2017, and Guoqiang Xu, Min Jiang, Mingda Ke, and Shiqiang Gao for August 7, 2017.  <u>See</u> Def. Mem. at 6-7; Pl. Mem. at *3;[3] Notice of Deposition, dated July 3, 2017 (Docket # 190-1) ("July 2017 Deposition Notices").  Thus, all the absent plaintiffs other than Guo Yong Zhu, who joined as a plaintiff on a later date, were first noticed for depositions in July 2017.  On July 27, 2017, several weeks after the depositions were noticed, and after plaintiffs' counsel confirmed the date, plaintiffs informed defendants that the individual plaintiffs scheduled for deposition on August 3, 2017, were not in fact available on those dates.  <u>See</u> Def. Mem. at 7; Pl. Mem. at *3; Email from Troy Law to Eric Li, dated July 27, 2017 (Docket # 190-2) ("July 27, 2017 Email").  On the morning of August 7, 2017, plaintiffs informed defendants that the individual plaintiffs scheduled for depositions on August 7, 2027 would not be appearing.  <u>See</u> Def. Mem. at 7; Pl. Mem. at *3; Email from Troy Law to Eric Li, dated Aug. 7, 2017 (Docket # 190-3).  Plaintiffs gave no specific explanation for the individual plaintiffs' unavailability on either occasion, other than generic "conflicts in scheduling."  July 27, 2017

_____

[3] "*__" refers to the pagination provided by the Court's ECF system.

Email.

The depositions were rescheduled for September 6-8, 2017, by means of deposition notices served on August 11, 2017.  See Def Mem. at 7; Pl. Mem. at *3; Email from Troy Law to Eric Li, dated Aug. 7, 2017 (Docket # 190-4); Notice of Deposition, dated Aug 11, 2017 (Docket # 190-6) ("September 2017 Deposition Notices").  Nearly three weeks later, plaintiffs once again cancelled the depositions — this time asserting that they were doing so because defendants had failed to produce any responses to interrogatories or document requests.  See Def. Mem. at 7; Pl. Mem. at *3-4; Email from Troy Law to Eric Li, dated Aug. 31, 2017 (Docket # 190-7).  In their memorandum in opposition, plaintiffs state they were concerned that the individual plaintiffs would be ambushed during their deposition by documents that had not yet been produced by defendants.  Pl. Mem. at *3-4.  Defendants did not file a reply brief on this motion and thus have not contradicted plaintiffs' assertion on this point.

During the next 18 months, discovery proceeded slowly and contentiously, with plaintiffs filing at least three motions to compel — all of which were denied for failure to comply with the Court's Individual Practices — and with several defendants filing for bankruptcy.[4]  Towards the

---

[4]  See Pl. Mem. at *4-5; Suggestion of Bankruptcy of Defendant A Taste of Mao, Inc., filed Oct. 25, 2017 (Docket # 57) ("First Bankruptcy Stay") (indicating defendant A Taste of Mao, Inc. had filed for Chapter 11 bankruptcy and all matters were stayed against defendant A Taste of Mao, Inc. as well as defendant Zhenqi Xiao under Section 362 of the bankruptcy code); Order, filed Nov. 8, 2017 (Docket # 64) (limiting the First Bankruptcy Stay to defendant A Taste of Mao, Inc.); Letter Motion to Compel Production of Defendants for Depositions, filed Feb. 14, 2018 (Docket # 70) (denied in Docket # 73 without prejudice to refile after compliance with the Court's Individual Practices); Notice of Motion, filed May 15, 2018 (Docket # 90) ("Second Bankruptcy Stay") (motion for automatic stay under 11 U.S.C. § 362(a) as to defendants Hunan House Inc., Hunan Manor LLC, and A Taste of Mao, Inc.); Letter Motion to Compel Defendants to Produce FLSA Collective Notice Mailing List or Alternatively, for Conspicuous Posting and Newspaper Publication of the Notice, filed June 15, 2018 (Docket # 103) (denied in Docket # 104 for failure to comply with the Court's Individual Practices); Order, filed July 20, 2018

early part of the 18-month period, Guo Yong Zhu joined the action as an opt-in plaintiff.  See

Consent to Become Party Plaintiff, filed Oct. 30, 2017 (Docket # 58) ("Guo Yong Zhu

Consent").  At no time, however, did plaintiffs attempt to reschedule their previously-noticed

depositions.  Nor did defendants make any application to the Court with regard to compelling

those depositions.

By February 2019, the discovery deadline had been extended numerous times at the

parties' request (Docket ## 87, 127, 132), and was set to expire on March 31, 2019

(Docket # 132).  On February 7, 2019, defendants served a third set of deposition notices on Jian

Cai, Shiqiang Gao, and Guoqiang Xu (among others) for depositions on February 22, 2019 and

February 28, 2019.  See Def. Mem. at 7; Pl. Mem. at *6; Notice of Deposition, dated Feb. 7,

2019 (Docket # 190-8) ("February 2019 Deposition Notices").  That same day, plaintiffs

informed defendants that neither plaintiffs' counsel nor the individual plaintiffs noticed for

depositions were available on those dates, though they did not offer up any new dates.  See Def.

Mem. at 7; Pl. Mem. at *6; Email from Troy Law to Eric Li, dated Feb. 7, 2019 (Docket # 190-9)

("Feb. 7, 2019 Email").  Several days later, on February 12, 2019, defendants filed a letter

requesting a conference concerning plaintiffs' depositions (Docket # 135), which was denied for

failing to comply with the Court's Individual Practices (Docket # 136).

The parties subsequently conferred and agreed upon a schedule under which plaintiffs

would be deposed April 12 and 16, 2019.  Def. Mem. at 8; Pl Mem. at *6; Discovery Status

---

(Docket # 116) (noting that Second Bankruptcy Stay was vacated on July 6, 2018); Letter
Motion to Compel Defendant to Appear for Deposition and Request for Discovery Extension
Pending Defendants' Response, filed Jan. 16, 2019 (Docket # 130) (denied in Docket # 131 for
failure to comply with the Court's Individual Practices).

Report & Request for Adjournment of Final Pretrial Conference, filed Feb. 25, 2019 (Docket # 137).  In April 2019, defendants served additional deposition notices for certain plaintiffs to take place on April 16, 2019.  See Notice of Deposition, filed Feb. 21, 2020 (Docket # 190-10) ("April 2019 Deposition Notices").[5]  On April 16, 2019, several of the non-absent plaintiffs were deposed.  Def. Mem. at 8; Pl. Mem. at *6; Email from Troy Law to Eric Li, dated April 15, 2019 (Docket # 193-27)  On April 18, 2019, defendants filed a letter with the Court seeking a conference to compel depositions of additional plaintiffs, including presumably the absent plaintiffs, though the letter does not specify their names.  See Letter from Bingchen Li, dated April 18, 2019 (Docket # 139).  In response, the Court ordered the parties to confer via telephone on proposed deposition dates.  See Memo Endorsement, dated April 23, 2019 (Docket # 141). There is no record that the plaintiffs' counsel ever indicated to defendants that they had lost contact with their clients or that their clients were out of the country.

On April 30, 2019, defendants served deposition notices on the six absent plaintiffs for depositions to take place on May 9, 2019, June 6, 2019, and June 17, 2019.  See Def Mem. at 9; Pl. Mem. at *7; Notice of Deposition, dated April 30, 2019 (Docket # 190-11)  On June 3, 2019, plaintiffs informed the defendants that individual plaintiffs Guoqiang Xu, Mingda Ke, and Shiqiang Gao had left the country for China and proposed that their depositions be taken by video.  See Def. Mem. at 9; Pl. Mem. at *7; Email from John Troy to Eric Li, dated June 3, 2019 (Docket # 190-12)  On June 5, 2019, plaintiffs' counsel also informed defendants that they had

---

[5]  Plaintiffs' memorandum mentions the noticing of depositions of Guo Yong Zhu and Pingjin Fan, but does not mention any of the other plaintiffs noticed for depositions.  Compare Pl. Mem. at *6 (only referencing deposition notices for Guo Yong Zhu and Pingjin Fan) with April 2019 Deposition Notices (deposition notices for all six absent plaintiffs).

lost contact with individual plaintiffs Mingda Ke, Min Jiang, and Jian Cai.  See Def Mem. at 9;
Pl. Mem. at *7; Email from John Troy to Eric Li, dated June 5, 2019 (Docket # 190-13).  On
June 12, 2019, plaintiffs provided defense counsel with a declaration by Guoqiang Xu stating
that he could not re-enter the United States because he had overstayed his visa.  See Pl. Mem. at
*7; Email Chain Between John Troy, Aaron Schweitzer, and Eric Li, dated June 14, 2019
(Docket # 193-34) ("June 14, 2019 Email Chain") at 3.  Plaintiffs stated that they believed
Shiqiang Gao and Guo Yong Zhu would prepare similar declarations.  See Pl. Mem. at *7; June
14, 2019 Email Chain at 3.  On June 14, 2019, plaintiffs once again proposed video depositions
of the individual plaintiffs who were in China: Shiqiang Gao, Guoqiang Xu, and Guo Yong Zhu,
see June 14, 2019 Email Chain at 4, which defendants rejected, see id. at 3.

On June 17, 2019, discovery closed.  See Pl. Mem. at *7; Order, filed on May 31, 2019
(Docket # 145) ("Discovery Deadline Order").  In the months that followed, defendants did not
make an effort to seek relief with respect to the six absent plaintiffs.  In December 2019,
defendants filed a letter seeking to require the six absent plaintiffs to appear for depositions —
even though discovery had closed six months earlier.  See Letter from Bingchen Li, dated Dec.
17, 2019 (Docket # 160).  Because plaintiffs filed no opposition to the request, the Court granted
the application on December 20, 2019, and ordered the absent plaintiffs to appear for depositions
at the office of defendants' counsel on January 9, 2020 but noted "discovery [was] not otherwise
reopened."  Order, filed Dec. 20, 2019 (Docket # 161) ("December 2019 Order").  This Order
led to filings by both parties regarding the possibility of taking video depositions of the absent
plaintiffs in China.  Ultimately, the Court denied plaintiffs' request to conduct video depositions
because of case law holding that such depositions would violate Chinese law, and instructed

defendants to make a formal motion to the extent they sought dismissal of claims brought by the absent plaintiffs.  See Order, dated Feb. 3, 2020 (Docket # 180) ("February 2020 Order"). Plaintiffs did not appear for their depositions on January 9, 2020.  See Email from Troy Law to Eric Li, dated Jan. 9, 2020 (Docket # 190-16); Transcript of February 11, 2020 Proceeding Before Judge Daniels, filed Mar. 3, 2020 (Docket # 194) ("February 2020 Transcript") at 8.

During a conference before Judge Daniels on February 11, 2020, plaintiffs' counsel stated: "I heard from [Cai] over the weekend for the first time.  He was sent the same repeated communications that Mr. Ke and Mr. Jiang were sent including mailing, including text messages, including phone messages and he responded, they didn't and his response was very recent." February 2020 Transcript at 9-10.  Several days after the conference, plaintiffs' counsel stated in an email to defendants that Jian Cai was "willing" to appear for a deposition.  See Email from Troy Law to Eric Li, dated Feb. 16, 2020 (Docket # 193-36) ("Jian Cai Email").

In the meantime, on January 13, 2020, plaintiffs' counsel moved to withdraw as counsel for individual plaintiffs Jian Cai and Mingda Ke because counsel had lost contact with those plaintiffs.  See Docket ## 162, 163.  After Jian Cai resurfaced, plaintiffs' counsel on February 14, 2020, amended the motion to seek withdrawal as counsel for plaintiffs Mingda Ke and Min Jiang.  See Notice of Motion to Withdraw as Counsel for Plaintiffs Mingda Ke and Min Jiang, dated Feb. 14, 2020 (Docket # 184) ("Motion to Withdraw").  The reasons for the withdrawal was that counsel was unable to contact either of those plaintiffs.  Id.  The Court set a date for argument on the motion, see Order, dated Jan. 27, 2020 (Docket # 179) ¶ 3, and Mingda Ke and Min Jiang were each warned — via mail to their last known address — that failing to appear at the court conference on the motion to withdraw might result in their cases being dismissed, see

id. ¶ 4; Affirmation of Service, filed Feb. 18, 2020 (Docket # 187).  Neither Mingda Ke nor Min

Jiang appeared at the conference, though Jian Cai did appear.  See Transcript of March 10, 2020

Proceedings Before Judge Gorenstein, filed June 2, 2020 (Docket # 202) ("March 2020

Transcript").  However, plaintiffs' counsel withdrew the motion to withdraw during the course of

the conference.  See Docket # 198; see also March 2020 Transcript at 9-10 ("[W]e would like to

withdraw our motion . . . .").

On February 21, 2020, defendants filed the instant motion for sanctions.  See Mot.

II.  LAW GOVERNING FEDERAL RULES OF CIVIL PROCEDURE 37 & 41(b)

Fed. R. Civ. P. 37(d)(3), which incorporates the sanctions available under Rule

37(b)(2)(A), provides that where a party fails to appear at the party's deposition, a court may

"dismiss[] the action or proceeding in whole or in part."  Rule 37(b)(2)(A) similarly provides that

if a party fails to obey a court order to provide discovery the court may "issue further just

orders," including "dismissing the action or proceeding in whole or in part."  Defendants rely on

both sections.

District courts have wide discretion in fashioning appropriate sanctions for a party's

failure to comply with discovery orders.  See S. New Eng. Tel. Co. v. Glob. NAPs Inc., 624 F.3d

123, 144 (2d Cir. 2010) ("[T]he text of the rule requires only that the district court's orders be

'just.'") (citation omitted).  Dismissal, however, is a "drastic remedy" to be used when

"alternative, less drastic sanctions" are insufficient.  West v. Goodyear Tire & Rubber Co., 167

F.3d 776, 779 (2d Cir. 1999) (citation and internal quotation marks omitted).  Dismissal is

justified where "failure to comply with discovery orders was due to 'willfulness, bad faith, or

any fault' of the party sanctioned." <u>S. New Eng. Tel. Co.</u>, 624 F.3d at 144 (quoting <u>Salahuddin</u>

<u>v. Harris</u>, 782 F.2d 1127, 1132 (2d Cir. 1986)).

The Second Circuit has identified four factors it considers in evaluating whether a district

court may appropriately dismiss an action as a sanction pursuant to Rule 37: "(1) the willfulness

of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions;

(3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had

been warned of the consequences of noncompliance." <u>Id.</u> (quoting <u>Agiwal v. Mid Island Mortg.</u>

<u>Corp.</u>, 555 F.3d 298, 302 (2d Cir. 2009)).  The factors are not exclusive, nor does each one have

to be resolved against the party being sanctioned for dismissal to be appropriate.  <u>See id.</u> (citing

<u>Daval Steel Prods. v. M/V Fakredine</u>, 951 F.2d 1357, 1366 (2d Cir. 1991)).

Fed. R. Civ. P. 41(b) is also at issue here.  That rule provides in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a
> defendant may move to dismiss the action or any claim against it.  Unless the
> dismissal order states otherwise, a dismissal under this subdivision . . . operates as
> an adjudication on the merits.

Fed. R. Civ. P. 41(b).  Although dismissal is "a harsh remedy to be utilized only in extreme

situations," <u>Hoefer v. Bd. of Educ. of the Enlarged City Sch. Dist. of Middletown</u>, 820 F.3d 58,

64 (2d Cir. 2016) (internal quotation marks omitted) (quoting <u>Jackson v. City of N.Y.</u>, 22 F.3d

71, 75 (2d Cir. 1994)), "the authority to invoke it for failure to prosecute is vital to the efficient

administration of judicial affairs and provides meaningful access for other prospective litigants to

overcrowded courts," <u>Lyell Theatre Corp. v. Loews Corp.</u>, 682 F.2d 37, 42 (2d Cir. 1982).  A

district court considering a dismissal pursuant to Rule 41(b) weighs five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2)
> whether plaintiff was on notice that failure to comply would result in dismissal,
> (3) whether the defendants are likely to be prejudiced by further delay in the

9

proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (internal quotation marks omitted) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)).  No single factor is dispositive.  Id. (citation omitted).

The factors considered by a Court contemplating dismissal under Rules 37(b) and 41(b) are similar but not identical.  See Seever v. Carrols Corp., 528 F. Supp. 2d 159, 166 n.4 (W.D.N.Y. 2007) (dismissing claims of plaintiffs who failed to appear for depositions under Rule 37 but noting "dismissal would [also] be appropriate pursuant to Fed. R. Civ. Proc. 41(b)."); Nieves v. City of N.Y., 208 F.R.D. 531, 535 n.3 (S.D.N.Y. 2002) ("The Rule 37 factors are similar to the factors a court considers when determining whether involuntary dismissal is warranted under Federal Rule of Civil Procedure 41(b)."); see also Baez v. City of N.Y., 2019 WL 2249893, at *4 (E.D.N.Y. May 24, 2019) (noting that "[t]he only additional factors for purposes of Rule 41(b) are prejudice to the defendant and the court's interest in managing its docket").

Separately, Rule 37 provides that where a party fails to appear at the party's deposition or fails to obey a court order, the court "must" require the recalcitrant party or its attorney or both "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C), (d)(3).

III.  DISCUSSION

We first turn to defendants' request that we dismiss the claims of the absent plaintiffs

under Rules 37 and 41, and then address their request for expenses under Rule 37.

    A.  <u>Dismissal of Claims Pursuant to Rules 37 and 41</u>

In the end, there is much similarity in the parties' positions as to the non-monetary

sanction issue.  In their brief in opposition to the motion, the plaintiffs concede — as they must

— that "an Order precluding these Plaintiffs from testifying in their own behalf at trial would

serve the purposes of Rule 37."  Pl. Mem. at *11.[6]

The Court notes, however, that the effect of an order of preclusion (plaintiffs' suggested

remedy) would be the same as dismissal with prejudice (defendants' suggested remedy).  After

all, plaintiffs give no indication that other witnesses could testify from personal knowledge about

the details of the plaintiffs' employment.  This means that if precluded from testifying at trial, the

absent plaintiffs would not be able to put on any evidence to support their claims and their claims

would thus have to be rejected — either by a jury or following a motion for judgment as a matter

of law.  Once that happened, their claims could not be refiled in any court under the doctrine of

<u>res judicata</u>.  Nonetheless, plaintiffs argue that if there is to be a dismissal, it should be without

prejudice.  Pl. Mem. at *8-9.

Notwithstanding the seeming congruity in the parties' positions, we will briefly address

the Rule 37 and 41 factors.

As discussed above, there are four factors relevant to dismissal under Rule 37.  With

regard to the first Rule 37 factor, "the willfulness of the non-compliant party or the reason for

noncompliance," <u>S. New Eng. Tel. Co.</u>, 624 F.3d at 144, defendants argue that the duration of

the absent plaintiffs' failure to appear for depositions, dating back to July 2017 for all absent

---

    [6]  This concession was made after Jian Cai had resurfaced.  <u>See</u> Jian Cai Email.

plaintiffs other than Guo Yong Zhu, indicates that plaintiffs willfully failed to comply, see Def.

Mem. at 12-13.  Plaintiffs contend that defendants are responsible for many of the earlier delays

of the absent plaintiffs' depositions because of their failure to produce discovery.  See Pl. Mem.

at *9-10.  Plaintiffs never mentioned this reason, however, when they cancelled the first

depositions in 2017.  See Email from Troy Law to Eric Li, dated July 27, 2017 (Docket # 190-2);

Email from Troy Law to Eric Li, dated Aug. 7, 2017 (Docket # 190-3).  Instead, they simply

unilaterally cancelled the depositions based on unspecified "conflicts in scheduling" after

previously confirming them.

　　　　We agree, however, that after that point, plaintiffs had some justification for postponing

their depositions given that there was a dispute about the defendants' responses to discovery

demands.  But that justification ended by 2019 when defendants renewed their efforts to

schedule the depositions.  And once the Court issued an order requiring their appearance, we

deem that their previous failure to appear, in combination with the failure to obey the Court's

order, placed all "fault" exclusively at the plaintiffs' own doorstep.  Agiwal, 555 F.3d at 302

("dismissal with prejudice" is an available remedy where there is "any fault" by the non-

compliant litigant) (citation and internal quotation marks omitted).

　　　　As far as we can tell from the record, some of the plaintiffs have simply failed to keep

their attorneys apprised of their current address and have effectively disappeared.  The others —

apart from Cai — are in China and either do not plan to return or are unable to return because of

a lack of a visa.  No plaintiff currently in China ever arranged to travel to a jurisdiction where a

deposition could take place by video.  Thus, the plaintiffs are necessarily at "fault" in the sense

that they must bear responsibility for their inability to appear for a critical step in a case that they

chose to initiate.  See generally Labib v. 1141 Realty LLC, 2013 WL 1311002, at *9 (S.D.N.Y.

Mar. 29, 2013) (dismissing case under Rule 37 where plaintiff was in Egypt and unable to

participate in discovery).[7]

 As for Jian Cai, he apparently failed to keep in contact with his attorneys for a lengthy

period inasmuch he was not made available for deposition in June 2019 and did not comply with

the Court's order requiring him to appear on January 9, 2020, for his deposition.  While Cai

apparently re-contacted his attorney in February 2020, Cai has not provided the Court with any

explanation for his conduct — let alone an explanation that would excuse his conduct for such a

lengthy period.  Thus the first factor weighs heavily in favor of a dismissal with prejudice of the

absent plaintiffs' claims.

 The second Rule 37 factor, effectiveness of lesser sanctions, strongly weighs in favor of

the defendants as to all the non-Cai absent plaintiffs.  Even if the Court were to issue some fine

or other sanction — indeed, even if the Court were to issue multiple orders requiring the absent

plaintiffs to appear for depositions — the record is clear that none of the non-Cai plaintiffs will

make themselves available for a deposition.  As for Cai, the plaintiffs' submissions give

absolutely no explanation by Cai of his past behavior.  Indeed, Cai did not even submit an

affidavit in support of his opposition to the motion.  While his sudden resurfacing arguably

makes it more likely that he would comply with an order to appear for a deposition, in light of

the absence of any explanation for his conduct, we cannot make the finding that he would not

once again choose to absent himself if it were personally convenient to do so.

---

 [7]  Whether dismissal in Labib was with or without prejudice is not specified in the
opinion.

As to the third Rule 37 factor, "the duration of the period of noncompliance," S. New Eng. Tel. Co., 624 F.3d at 144, we will put aside plaintiffs' unexplained failures to appear in August 2017 and early 2019.  The record is clear, however, that all six absent plaintiffs had failed to appear at rescheduled depositions in June 2019.  See Def. Mem. at 9; Pl. Mem. at *7; Email from John Troy to Eric Li, dated June 3, 2019 (Docket # 190-12); Email from John Troy to Eric Li, dated June 5, 2019 (Docket # 190-13).  Thus, as of the time the instant motion was made, the period of noncompliance had been at least eight months if not longer.  As is made plain in cases arising under Rule 41, such a lengthy period of inactivity or noncompliance justifies the sanction of dismissal with prejudice.  See, e.g., Leach v. Comm'r of Soc. Sec., 2019 WL 1316737, at *1-2 (W.D.N.Y. Mar. 22, 2019) (dismissal with prejudice appropriate where plaintiff failure to comply with court order for nearly seven months); Blot v. Town of Colonie, 2015 WL 13540286, at *2-4 (N.D.N.Y. June 25, 2015) (dismissal with prejudice where litigant failed to comply with court order for six months).  Indeed, "courts have deemed delays of three months and less sufficient to warrant dismissal." Moton v. Williams, 2018 WL 2229126, at *3 (S.D.N.Y. May 16, 2018) (internal citations omitted) (collecting cases), adopted by 2018 WL 3384433 (S.D.N.Y. July 11, 2018); accord Brow v. City of N.Y., 391 F. App'x 935, 937 (2d Cir. 2010) (affirming dismissal with prejudice where there was a nearly six-month delay); Nolan v. Primagency, Inc., 344 F. App'x 693, 694 (2d Cir. 2009) (affirming dismissal with prejudice where there was a six-month delay); Kingston v. Qudsi, 2013 WL 5676051, at *4 (N.D.N.Y. Oct. 17, 2013) (finding in the alternative that dismissal with prejudice was appropriate under Rule 41(b) following four-month delay).

The fourth Rule 37 factor, "whether the non-compliant party had been warned of the

consequences of noncompliance," S. New Eng. Tel. Co., 624 F.3d at 144, has little applicability here given that the plaintiffs either failed to keep in contact with their attorneys — making it impossible to warn them of non-compliance — or are not prepared to appear for a deposition ever. For all plaintiffs other than Cai, the Court could issue multiple orders warning of dismissal in the event of noncompliance and it would make no difference in the plaintiffs' ability or willingness to appear. For what it is worth, Mingda Ke and Min Jiang were warned by mail sent to their last known addresses that failing to participate in this action by not appearing at the March 10, 2020, court conference on plaintiffs' counsel's motion to withdraw could result in dismissal of their claims. See Motion to Withdraw; Affirmation of Service, filed Feb. 18, 2020 (Docket # 187). Plaintiffs correctly note that "it is not clear whether the [sic] Mingda Ke and Min Jiang ever became aware of Defendants' discovery demands or the potential sanctions." Pl. Mem. at *10. But "[i]f for some reason plaintiff[s] did not receive actual notice of this Court's Order[] . . . by mail," they have "no-one to blame but" themselves for failing to provide an updated address or otherwise maintain contact with their counsel. Chavis v. City of N.Y., 2018 WL 6532865, at *4 (S.D.N.Y. Oct. 12, 2018), adopted by 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018); accord Henry F. v. Woodlick, 2014 WL 5878122, at *4 (E.D.N.Y. Nov. 12, 2014) ("Any lack of actual notice by Plaintiff personally (versus through his counsel) is only due to his own failure to keep his counsel apprised of his current contact information.").

We have no information as to whether Cai was warned at any time beginning in 2017 that his failure to appear for his deposition could result in his case being dismissed. Nonetheless, as was true for Mingda Ke and Min Jiang, his lack of knowledge of the progress of this case was due entirely to his failing to maintain contact with his attorney. Thus, we view this factor as

15

weighing in favor of dismissal as to Cai as well.  See, e.g., Heitzenrater v. Officemax, Inc., 2015 WL 3952367, at *1 (W.D.N.Y. June 29, 2015) ("Plaintiffs' documented refusal to communicate with counsel or the court regarding [discovery obligations] supports a finding that they have abandoned their claims, and, as such, no feasible alternative except dismissal with prejudice is warranted in these circumstances.").

Three of the Rule 37 factors are identical to Rule 41 factors, and do not require analysis. However, there are two factors specific to Rule 41.  See Baez, 2019 WL 2249893, at *4 ("The only additional factors for purposes of Rule 41(b) are prejudice to the defendant and the court's interest in managing its docket.").  The first additional Rule 41 factor, "balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard," Baptiste, 768 F.3d at 216, favors the defendants.  Because this is a multi-plaintiff case, if we were to wait indefinitely to see if one or more of the absent plaintiffs is prepared to appear at a deposition, it would hold up the case of the plaintiffs who have properly discharged their responsibilities.  See, e.g., Martinez v. E&C Painting, Inc., 2008 WL 482869, at *6 (S.D.N.Y. Feb. 21, 2008) (dismissing absent plaintiffs because the "cooperat[ing]" plaintiffs "deserve a chance to pursue this litigation with greater promptitude than would be likely if we allow the defaulting plaintiffs more time to change their minds.").

The second additional Rule 41 factor — prejudice to defendants by further delay — similarly weighs in favor of dismissal.  If the defendants must wait until plaintiffs deign to appear at their depositions, the case cannot proceed to trial, thereby impeding the defendants' ability to resolve this matter.  See Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999) (affirming dismissal of claims under Rule 41 considering, among other rationales, that "delay by

one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult."); see also Caussade v. United States, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) ("Where a plaintiff has become inaccessible for months at a time, courts presume prejudice.").

As a result of our analysis of the factors, dismissal with prejudice is appropriate both under Rule 37 and Rule 41(b) as to all plaintiffs, though Cai requires a separate analysis. Each of the absent plaintiffs with the exception of Cai has either failed to respond to communications from plaintiffs' counsel, is currently in China and unable or unwilling to appear for an in-person deposition, or both. Plaintiffs Guoqiang Xu, Mingda Ke, Shiqiang Gao, and Guo Yong Zhu are presently in China and thus unable to appear for in-person depositions. See Pl. Mem. at *7; Letter from John Troy, dated Jan. 13, 2020 (Docket # 162). Plaintiffs' counsel has lost contact with Mingda Ke and Min Jiang. See Pl. Mem. at *10; Motion to Withdraw. Plaintiffs have not put forth any proposal for how to move forward with the Court-ordered depositions of these absent plaintiffs given these circumstances.[8]

While Jian Cai's circumstances are largely similar to those of the other plaintiffs, there is one difference: in February 2020, he expressed to his attorneys his "willingness" to be deposed. Pl. Mem. at *8. In their brief, plaintiffs nowhere suggest that this belated willingness puts him in a situation different from the other absent plaintiffs, and we ultimately agree with that implicit assessment. Importantly, Cai has given absolutely no explanation for why he absented himself, what efforts he made to keep in touch with this attorney, why he is now willing to pursue this

---

[8] Plaintiffs suggest that some of them could be deposed in Hong Kong and fault defendants for not making such arrangements. Pl. Mem. at *8. But it would have been plaintiffs' — not defendants' — responsibility to arrange for any such extraordinary measures.

17

litigation, and why he could be counted on to appear for a deposition.  Thus, the same sanction of dismissal with prejudice is appropriate as to Cai.

### B.  Monetary Sanctions Under Rule 37

Defendants move "for an order under Rule 37 to grant reasonable attorneys' fees as a result of Plaintiffs' failure to make themselves to be available for their depositions."  Mot. at 2. Rule 37 provides that where a party fails to obey a court order or attend his own deposition, and the opposing party is successful in obtaining a sanction, the court must require the party or his attorney or both "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C); accord Fed. R. Civ. P. 37(d)(3).  While the plaintiffs' failure was without justification, we believe other circumstances make an award "unjust" here. We begin by noting that plaintiffs are subject to a significant sanction in the form of dismissal and it is unlikely they have the means to pay the defendants' fees given the nature of the allegations in this case.  More to the point, defendants themselves (1) have engendered delays in this case through their lack of timeliness in providing discovery at the initial stages, see Pl. Mem. at *3-4; Letter from John Troy, dated Aug. 31, 2017 (Docket # 51); (2) unnecessarily burdened the Court during the course of this case with frivolous or unsupported applications, see Docket ## 135,[9] 153; and (3) let the deadline for dispositive motions pass without seeking an extension

---

[9]  In Docket # 135, the defendants represented in a February 12, 2019, letter to the Court that defendants had "not received any response from Plaintiffs" regarding the February 7, 2019 deposition notices.  This representation was false given that plaintiffs sent an email on February 7, 2019, stating that neither plaintiffs' counsel nor the individual plaintiffs were available on the dates defendants chose for the depositions.  See Feb. 7, 2019 Email.  In any event, if defendants' counsel had complied with the Court's Individual Practices, any confusion would have been cleared up without the Court having been unnecessarily bothered.  See Docket # 136.

18

and without making the very motion they make now to preclude the testimony of these plaintiffs, see Docket # 84. The Court thus concludes that an award of fees would not be just in this case.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for the sanction of dismissal (Docket # 189) should be granted and the claims of Jian Cai, Guoqiang Xu, Shiqiang Gao, Min Jiang, Mingda Ke, and Guo Yong Zhu should be dismissed with prejudice. Defendants' request for monetary sanctions under Rule 37 should be denied.

### PROCEDURE FOR FILING OBJECTIONS TO THIS
### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be directed to Judge Daniels. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED

Dated: June 30, 2020
       New York, New York

_Gabriel W. Gorenstein_

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge