UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

SHI MIN CHEN et al.,

                      Plaintiffs,

       -against-

HUNAN MANOR ENTERPRISE, INC., *d/b/a Hunan Manor*, et al.,

                      Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

17 Civ. 802 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law §§ 190 *et seq.* ("NYLL"). Plaintiffs allege, *inter alia*, that Defendants violated the FLSA and NYLL by failing to pay Plaintiffs the hourly minimum wage or properly compensate them for overtime. (First Am. Compl. ("FAC"), ECF No. 182.) Defendants move to dismiss the claims of six plaintiffs—Jian Cai, Guoqiang Xu, Shiqiang Gao, Min Jiang, Mingda Ke, and Guo Yong Zhu (the "Absent Plaintiffs")—pursuant to the Federal Rules of Civil Procedure 37 and 41 and seek reimbursement for their expenses pursuant to Rule 37. (Notice of Mot., ECF No. 189.)

Before this Court is Magistrate Judge Gabriel W. Gorenstein's June 30, 2020 Report and Recommendation (the "Report"), recommending that Defendants' motion to dismiss be granted and Defendants' request for monetary sanctions under Rule 37 be denied.[1] (Report, ECF No. 204, at 19.) Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) Plaintiffs filed timely

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

1

objections. (Partial Objs. to Mag. J.'s R&R ("Pls.' Objs."), ECF No. 207.) Having reviewed Magistrate Judge Gorenstein's Report and Plaintiffs' objections, this Court ADOPTS the Report in full and OVERRULES Plaintiffs' objections.[2]

## I. FACTUAL BACKGROUND

Defendants first served notices on Absent Plaintiffs in July 2017—except for Zhu who joined as a plaintiff on a later date—scheduling depositions on August 3, 2017 and August 7, 2017. (Affirmation in Supp., Ex. A (July 3, 2017 Notice of Dep.), ECF No. 190-1.) Absent Plaintiffs informed Defendants that they could not attend due to "conflicts in scheduling." (*Id.*, Ex. B (Pls.' July 27, 2017 Email to Defs.), ECF No. 190-2, at 1; *Id.*, Ex. C (Pls.' Aug. 7, 2017 Email to Defs.), ECF No. 190-3, at 1.) Defendants scheduled depositions for September 6–8, 2017, serving notices on August 11, 2017. (*Id.*, Ex. F (Aug. 11, 2017 Notice of Dep.), ECF No. 190-6.) Absent Plaintiffs canceled again, stating that Defendants were not responding to interrogatories or document requests. (*Id.*, Ex. G (Pls.' Aug. 31, 2017 Email to Defs.), ECF No. 190-7.)

Defendants did not attempt to conduct depositions of Absent Plaintiffs again until February 2019, when they served notices on Cai, Gao, and Xu for depositions to be held on February 22, 2019 and February 28, 2019. (*Id.*, Ex. H (Feb. 7, 2019 Notice of Dep.), ECF No. 190-8.) Absent Plaintiffs informed Defendants that they would not be available, but did not offer alternative dates. (*Id.*, Ex. I (Pls.' Feb. 7, 2019 Email to Defs.), ECF No. 190-9, at 1.) On April 30, 2019, Defendants served

---

[2] Plaintiffs partially object to Magistrate Judge Gorenstein's recommendations by arguing for the first time that following the result in *Scott v. Chipotle Mexican Grill, Inc.*, No. 12 Civ. 8333 (ALC), 2016 WL 397677 (S.D.N.Y. Feb. 1, 2016), Absent Plaintiffs' "FLSA claims should be dismissed with prejudice, but their right to participate in a Rule 23 state law class action should be preserved." (Pls.' Objs. at 1) Specifically, they assert that the Report did not include a discussion on whether Absent Plaintiffs "would retain any rights to participate in a Class" pursuant to Rule 23. Absent Plaintiffs' objections are overruled because "new claims may not be raised properly at this late juncture" and such claims "presented in the form of, or along with, 'objections,' should be dismissed." *Pierce v. Mance*, No. 08 Civ. 4736, 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009).

2

deposition notices on Absent Plaintiffs for depositions to take place on May 9, 2019, June 6, 2019, and June 17, 2019. (*Id.*, Ex. K (Apr. 30, 2019 Notice of Dep.), ECF No. 190-11.) On June 3, 2019, counsel for Absent Plaintiffs notified Defendants that Xu, Zhu, and Gao had left the United States and proposed conducting video depositions. (*Id.*, Ex. L (Pls.' June 3, 2019 Email to Defs.), ECF No. 190-12.) On June 5, 2019, counsel informed Defendants that they had lost contact with Ke, Jiang, and Cai. (*Id.*, Ex. M (Pls.' June 5, 2019 Email to Defs.), ECF No. 190-13, at 1.)

Defendants sent a letter in December 2019 requesting that Absent Plaintiffs be compelled to appear for depositions, which this Court granted, ordering Absent Plaintiffs to be deposed on January 9, 2020. (Dec. 14, 2019 Letter to Compel Pls. to Appear, ECF No. 160; Order to Appear for Deps., ECF No. 161.) Absent Plaintiffs failed to appear, and this Court concluded that video depositions could not be held in China as doing so would violate Chinese law. (Order, ECF No. 180, at 2.) Defendants filed the instant motion on February 21, 2020. (Notice of Mot.) Between Absent Plaintiffs' failure to appear and the filing of Defendants' motion, Cai reestablished contact with counsel and expressed a willingness to be deposed. (Affirmation of Aaron Schweitzer, Ex. 36 (Pls.' Feb. 16, 2020 Email to Defs.), ECF No. 193-36, at 1.)

## II. LEGAL STANDARDS

### A. Reports and Recommendations.

"Although a magistrate may hear dispositive pretrial motions, he may only submit proposed findings of fact and recommendations for disposition of the matter." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C). However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court

"arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS) (KNF), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

## B. Dismissal Pursuant to Rules 37 and 41

Rule 37(d)(3), incorporating the sanctions available under Rule 37(b)(2)(A), provides that a court may "dismiss[] the action or proceeding in whole or in part" where a plaintiff fails to appear for deposition. Fed. R. Civ. P. 37(d)(3). In the same way, Rule 37(b)(2)(A) provides that if a party fails to comply with a court order to provide discovery, the court may "issue further just orders," including an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A).

The district court has "broad discretion to impose sanctions as is just" under Rule 37. *Abreu v. City of New York*, 208 F.R.D. 526, 529 (S.D.N.Y. 2002). However, dismissal should only be ordered where there is "'willfulness, bad faith, or any fault' by the non-compliant litigant." *Agiwal*

4

*v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)). District courts evaluate four primary factors in deciding whether to order dismissal on a Rule 37 motion: "(1) the willfulness of the non-compliant party or the reason for non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.* (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)). No one factor is dispositive, and they "need not each be resolved against the party challenging the district court's sanctions . . . to conclude that those sanctions were within the court's discretion." *Viruet v. City of New York*, No. 16 Civ. 8327 (JGK) (KHP), 2020 U.S. Dist. LEXIS 78395, at *13 (S.D.N.Y. May 1, 2020) (quoting *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012)).

Under Rule 41(b), a defendant may move to dismiss a claim if a plaintiff "fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). A district court considering a dismissal pursuant to Rule 41(b) assesses five factors:

> (1) [T]he duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Peters-Turnbull v. Bd. of Educ.*, 7 F. App'x 107, 110 (2d Cir. 2001). As with the analysis under Rule 37, no one factor is dispositive in deciding whether to grant dismissal under Rule 41(b). *Feurtado v. City of New York*, 225 F.R.D. 474, 477–78 (S.D.N.Y. 2004) (citing *Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998)). In reviewing Rule 41(b) motions, "courts have found that the factors to be addressed in a Rule 41(b) analysis are relevant to an analysis under Rule 37(b), and there is little distinction between the two." *Sanders v. Does*, No. 05 Civ. 7005 (RJS), 2008 WL 2117261, at

5

\*2 (S.D.N.Y. May 15, 2008). Indeed, "[t]he only additional factors [to consider] for purposes of [a] Rule 41(b) [motion] are prejudice to the defendant and the court's interest in managing its docket." *Baez v. City of New York*, No. 16 Civ. 6340 (ENV) (VMS), 2019 WL 2249893, at \*4 (E.D.N.Y. May 24, 2019).

### III. DEFENDANTS' MOTION TO DISMISS ABSENT PLAINTIFFS' CLAIMS WITH PREJUDICE IS GRANTED

Magistrate Judge Gorenstein appropriately analyzed the Rules 37 and 41 factors and concluded that each factor weighs in favor of dismissing Absent Plaintiffs' claims. First, Magistrate Judge Gorenstein correctly held that the willfulness or reason for non-compliance factor under Rule 37 favors dismissal. Absent Plaintiffs missed depositions in February 2019 without providing replacement dates, missed depositions in June 2019 because they had either left the country or lost contact with counsel, and failed to comply with the court's order to appear for depositions in January 2020. (Report at 4–7.) Magistrate Judge Gorenstein properly found that this pattern of repeated failures "place[s] all 'fault' exclusively at [Absent Plaintiff's] own doorstep" for their non-compliance. (Report at 12 (quoting *Agiwal*, 555 F.3d at 302).) *See also Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) ("'[A] party's persistent refusal to comply with a discovery order' presents sufficient evidence of willfulness, bad faith or fault." (quoting *Monaghan v. SZS 33 Assocs., L.P.*, 148 F.R.D. 500, 509 (S.D.N.Y. 1993))).

Several of Absent Plaintiffs attempt to excuse their failures to appear by noting that they had left the United States for China and were unable to attend a deposition in person for immigration-related reasons, or by video as holding video depositions would violate Chinese law. (Pls.' Mem. of Law in Opp'n to Defs.' Mot., ECF No. 192, at 7–8.) Magistrate Judge Gorenstein properly deemed these reasons insufficient to excuse Absent Plaintiffs' noncompliance. Indeed, a party's noncompliance with discovery orders are considered willful if it was "not due to factors beyond the

6

party's control." *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, No. 15 Civ. 3533 (CM) (BCM), 2017 WL 2840279, at *12 (S.D.N.Y. June 27, 2017) (quoting *Thompson v. Jam. Hosp. Med. Ctr.*, No. 13 Civ. 1896 (RWS), 2015 WL 7430806, at *3 (S.D.N.Y. Nov. 20, 2015)). Therefore, Magistrate Judge Gorenstein accurately concluded that Absent Plaintiffs' decisions to leave the country and their failures to arrange travel to a jurisdiction where video depositions could legally be held, is not an excusable "inability to appear for a critical step in a case that they chose to initiate." (Report at 12–13.) Magistrate Judge Gorenstein appropriately held that this factor also weighs against Cai despite his claim that he is now willing to be deposed. (*Id.* at 13.) Indeed, Cai has offered no explanation whatsoever for his absences, making it impossible for this Court to conclude that his noncompliance was at all "due to factors beyond [his] control." *Shanghai Weiyi*, 2017 WL 2840279, at *12. Accordingly, this factor weighs in favor of dismissal of Absent Plaintiffs' claims.

On the lesser sanctions factor, Magistrate Judge Gorenstein accurately found that this factor weighs heavily in favor of dismissal because any sanction below dismissal would be wholly ineffective. Courts in the Second Circuit routinely refuse to issue sanctions below dismissal where parties have repeatedly failed to comply with the court's orders. *See, e.g.*, *Cole-Hoover v. United States*, No. 14 Civ. 429S, 2017 WL 1425617, at *4 (W.D.N.Y. Apr. 21, 2017) ("Plaintiff has repeatedly ignored directives by failing to appear in court, failing to file responses as directed, failing to pay a court-ordered sanction, and failing to meet discovery obligations . . . . [T]his Court finds any sanction short of dismissal would be ineffective.")

Given Absent Plaintiffs' repeated noncompliance with discovery orders, "the record is clear that none of the non-Cai plaintiffs will make themselves available for a deposition" if this Court issued sanctions below dismissal. (Report at 13.) Magistrate Judge Gorenstein properly held that this concern also applies to Cai's claims as well since his failure to provide an adequate explanation

7

for his repeated noncompliance prevents this Court from concluding that any sanction below dismissal would be effective in compelling him to appear for a deposition. (*Id.*) Accordingly, this factor also weighs in Defendants' favor.

Turning to the duration of the noncompliance, Magistrate Judge Gorenstein appropriately found that Absent Plaintiffs' failures were sufficiently prolonged for this factor to weigh in favor of dismissal with prejudice. Absent Plaintiffs' noncompliance with discovery obligations and court orders had persisted for at least eight months at the time Defendants' motion was filed. (Report at 14.) This Court has deemed shorter periods of noncompliance sufficiently lengthy to warrant dismissal with prejudice. *See Peterson v. Apple, Inc.*, No. 12 Civ. 6467 (GBD) (GWG), 2013 WL 3467029, at *7 (S.D.N.Y. July 10, 2013) (dismissing the plaintiff's claims with prejudice where her noncompliance lasted five months as "[c]ourts have consistently dismissed cases pursuant to [Rule 37] where the period of non-compliance lasted for the same or less duration."), *adopted by* 2013 WL 3963456 (S.D.N.Y. Aug. 1, 2013). Accordingly, Magistrate Judge Gorenstein accurately held that, at eight months or longer, "such a lengthy period of inactivity or noncompliance justifies the sanction of dismissal with prejudice." (Report at 14.)

With respect to the notice or warning factor, Magistrate Judge Gorenstein appropriately found that this factor weighs in Defendants' favor. There is no requirement that parties be warned or notified that their noncompliance may result in sanctions in order to grant a Rule 37 or 41 motion, and in fact "even terminating sanctions may be imposed with no warning beyond the sanctions motion itself." *Shanghai Weiyi*, 2017 WL 2840279, at *12. As to those Absent Plaintiffs who have left for China—that is, Gao, Xu, and Zhu—Magistrate Judge Gorenstein correctly held that their continued lack of interest or effort in ever being available for a deposition, particularly by traveling

8

to a jurisdiction where video depositions could not be held, renders the past or future provision of warnings irrelevant in deciding whether to order dismissal. (Report at 15.)

Similarly, Magistrate Judge Gorenstein properly held that this factor is also inapplicable to those Absent Plaintiffs who have lost contact with counsel, such as Ke and Jiang, as their lack of contact renders it impossible to warn them of the consequences of their noncompliance. (*Id.*) *See also Camara v. Daise*, No. 98 Civ. 808 (RMB) (RLE), 2001 WL 263006, at *4 (S.D.N.Y. Mar. 9, 2001) ("[B]ecause [the] plaintiff cannot be contacted, any attempt to further warn him of the consequences of his inaction would be futile.") Magistrate Judge Gorenstein accurately applied this reasoning to Cai, since despite his recent willingness to be deposed, his prior lack of contact with his attorneys would have also deemed any attempts to warn him futile. (Report at 15–16.) Accordingly, this factor also weighs in favor of dismissal of Absent Plaintiffs' claims.

In addressing whether Defendants are likely to be prejudiced by further delay pursuant to Rule 41, Magistrate Judge Gorenstein appropriately assessed that this factor also weighs in Defendants' favor. Second Circuit courts routinely find that defendants are likely to be prejudiced by further delays when a plaintiff's noncompliance has prevented a case from continuing to trial. *See, e.g., Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) (finding defendants are likely to be prejudiced by further delay where the plaintiffs' noncompliance with court orders kept the defendants from receiving materials necessary in order to proceed to trial). Thus, Magistrate Judge Gorenstein correctly determined that further delay is likely to prejudice Defendants as waiting for Absent Plaintiffs to appear for depositions will continue to delay proceeding to trial. (Report at 16.) Therefore, this factor also weighs in favor of dismissal.

In balancing this Court's interest in managing its docket with Plaintiff's interest in being heard pursuant to Rule 41, Magistrate Judge Gorenstein appropriately held that this factor also

weighs in favor of dismissal. There are several other Plaintiffs involved in the case who have adequately satisfied their discovery obligations and complied with court orders. As such, continuing to wait for Absent Plaintiffs to show up for their depositions would unfairly "hold up the case of the plaintiffs who have properly discharged their responsibilities." (Report at 16 (citing *Martinez v. E&C Painting, Inc.*, No. 06 Civ. 05321 (RJH), 2008 WL 482869, at *6 (S.D.N.Y. Feb. 21, 2008)).)

As each of the factors under the Rules 37 and 41 analyses weigh in Defendants' favor, Magistrate Judge Gorenstein properly concluded that dismissal with prejudice is appropriate for Absent Plaintiffs. Accordingly, Absent Plaintiffs' claims are dismissed with prejudice.

## IV. DEFENDANTS' MOTION FOR AN AWARD OF ATTORNEY'S FEES IS DENIED

Magistrate Judge Gorenstein correctly determined that Defendants' request for an award of attorney's fees under Rule 37 should be denied. Rule 37(d) allows a court to decline granting an award of reasonable expenses upon sanctioning a party when that party's failures were "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). As Magistrate Judge Gorenstein noted, Absent Plaintiffs are likely unable to pay any fee award given the nature of their allegations under the FLSA and NYLL. (Report at 18.) Additionally, Defendants were responsible for several unexcused delays to the case by failing to timely respond to discovery requests, failing to file motions by set deadlines, and by "burden[ing] the Court . . . with frivolous or unsupported applications." (*Id.*) As such, "[w]hile [P]laintifs' failure was without justification . . . other circumstances make an award 'unjust' here." (*Id.*) Accordingly, Defendants' request for an award of attorney's fees is denied.

## V. CONCLUSION

Magistrate Judge Gorenstein's Report is ADOPTED. Defendants' motion for the sanction of dismissal, (ECF No. 189), is GRANTED and the claims of Plaintiffs Jian Cai, Guoqiang Xu,

Shiqiang Gao, Min Jiang, Mingda Ke, and Guo Yong Zhu are DISMISSED with prejudice. Defendants' request for monetary sanctions under Rule 37, (ECF No. 189), is DENIED. The Clerk of Court is directed to close this motion accordingly.

Dated: New York, New York
      August 24, 2020

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge