# MEMORANDUM ENDORSEMENT

**Admitted in New York State**
 **& State of New Jersey**

## MICHAEL R. CURRAN
*Attorney-at-Law*
98-120 Queens Boulevard, Suite #1-C
Rego Park, New York 11374-4414
(718) 830-0246, ext. 127/(718) 830-7741) (tels.)
(718) 830-9088 (facsimile) (inactive, physical office closed)
mrc4law@yahoo.com*

### *THIRD LETTER MOTION*

October 19, 2020

Hon. George B. Daniels                                Hon. Gabriel W. Gorenstein,
    United States District Judge                  United States Magistrate Judge
United States District Court                         United States District Court
for the Southern District of New York                for the Southern District of New York
500 Pearl Street, Courtroom 11A                      500 Pearl Street, Courtroom 6B
New York, New York 10017                             New York, New York 10017

**In re:  <u>Chen et al. v. Hunan Manor Enterprise, Inc. et al.</u>, Case 17-cv-00802-GBD-GMG**

Dear Judge Daniels:

    Counsel for defendants are in the process of preparing a response to the pending FRCP 23 Motion currently before Judge Gorenstein.  Current active counsel on the case for defendants consist of Mr. Bingchen Li, Esq. and myself.  While Mr. Li has been involved with the case for three and a half years, I entered the case at the end of September 2020.  Mr. Li and I jointly submit this letter for Court consideration.  We have addressed the letter to the Court jointly as: (1) there is a request pertaining to a dispositive motion and (2) it appears that there was a 09/30/2020 refusal to proceed on dispositive motions before Hon. Gabriel W. Gorenstein, the United States Magistrate Judge.  In addition, there are final representational issues that still need to be sorted out.

    Because there was a letter filed by prior counsel, Mr. Joshua Androphy, Esq., for an extension of time, and there was a prior letter filed by myself for an extension of time to respond, we style this letter as a Third Letter Motion, since the two prior letters relate to this letter in part.  Mr. Li filed a separate letter in regard to extending his clients' time to respond, which was granted, but may be considered as part of and an extension of the Second Letter Motion.

**Representational Issues**

    Taking the simplest matter first, my clients are A Taste of Mao, Inc. and Zhenqi Xiao.  Mr. Li had some overlap with my clients, but prior attorneys Lawrence Morrison, Esq. and Joshua Androphy, Esq. have been relieved.  **ECF Doc. 230**.  What is still unresolved is the status of attorney Robert Kraselnik, who appears on the docket as my client's attorney (Ms. Xiao).  I will

1

try to get this situation resolved and Mr. Kraselnik to withdraw. I apologize for this problem, but I do thank Mr. Morrison and Mr. Androphy for their collegiality. In addition, contact with Mr. Li today has also uncovered the fact that he no longer represents my clients. Respectfully, I believe that Mr. Li's status on the docket should also be resolved, removing him from A Taste of Mao, Inc. and Zhenqi Xiao, as their representative. This issue could merely be resolved by the Clerk. Mr. Li and I will be working in cooperation, from my understanding at this point.

### A Dispositive Motion

It appears from the history of the case that a dispositive motion for summary judgment was due to be filed no later than 02/21/2020. **ECF Doc. 180**; see Judge Gorenstein's excellent analysis of the prohibition of video depositions in China. At the time, contemporaneously, there was also a battle over sanctions, in which defendants prevailed. **ECF Doc. 211**; see Your Honor's adoption of Judge Gorenstein's Report and Recommendation, **ECF Doc. 204**. Due to the dueling over sanctions, the opportunity to move for summary judgment passed by unexercised.

Defendants respectfully request that the Court grant another opportunity to bring a dispositive Motion. There is a rationale for this request. Pending before the Court is a FRCP 23 Motion filed by plaintiffs on 09/09/2020, which was supposed to be filed 09/08/2020. **ECF Docs. 214-219**. Defendants' opposition is due on 10/30/2020. **ECF Doc. 232, 234**. The FRCP 23 Motion will necessarily rest upon the class claims of alleged class members. But what is missing at this point is the merit of the claims on the basis of available evidence of those claims, as well as the reliable identity of claimants. It appears that discovery occurred, but, arguably, there seems to be evidence insufficient to establish claims for all claimants in the record. If this assessment is incorrect, then plaintiffs will be obliged to point to where such evidence exists. In this regard, a properly argued dispositive motion will dispose of either all plaintiff claims, the majority of claims or many of plaintiffs' claims. In addition, when the dust settles, the Court and counsel will know just who remains in plaintiffs' case, given what occurred on the sanctions motion, where a number of plaintiffs either abandoned the case, were missing, were unresponsive or left the jurisdiction for foreign shores in a place over which U.S. courts have little or jurisdiction over the individuals.

Preliminarily, in addition, it appears that at least one plaintiff may not be eligible as a claimant in an FLSA action, on account of his managerial character

In a word, a Motion for summary judgment will clean up the case. It has been held that a FRCP 56 Motion may be decided *before* a FRCP 23 Motion is decided. See Schweizer v. Trans Union Corp., 136 F.3d 233, 239 (2d Cir. 1998).

### The Rule 23 Motion

While the Court considers the foregoing, it is respectfully requested that, should this Letter Motion be denied, the deadline for all defendants' FRCP 23 responses be extended to November 13, 2020. This extension will also give time to clean up the representations listed on the docket.

As stated, this is defendants' Third Letter Motion. See Hon. George B. Daniels, United States District Judge, Individual Practices, Section II; Loc. Civ. R. 7(1)(d).

My clients respectfully thank the Court for its consideration of this Letter Motion.

        Respectfully submitted
        ***Michael R. Curran /s/***
        Defendants' Attorney for
         A Taste of Mao, Inc. & Ms. Zhenqi Xiao

cc: Mr. Bingchen Li, Esq.
   Troy Law, PLLC
   Client via e-mail

### Certification of Service

  The undersigned attorney is admitted to practice before the United States District Court for the Southern District of New York and certifies, upon information and belief, that all active attorneys on the docket for this case have been served via the ECF system with this Letter Motion.

        ***Michael R. Curran /s/***
        Michael R. Curran

**With regard to the issue of defendants' representation, nothing is stopping any attorney from moving to withdraw or from submitting a stipulation of substitution of counsel. See Local Civil Rule 1.4 (and comment thereto). The fact that more than one attorney is listed on the docket, however, provides no excuse for any of them to miss deadlines.**

**It is for this reason that the Court looks skeptically at Mr. Curran's request to extend the deadline for his clients' opposition to the class certification motion. The October 30, 2020 deadline was one selected by him and nothing stops him from filing papers on his clients' behalf — regardless of the appearance of other attorneys on the docket sheet. Nonetheless, the Court will reluctantly grant one final extension. Defendants' opposition is due November 13, 2020. Any reply shall be filed by November 27, 2020.**

**The deadline for the filing of a summary judgment motion was February 21, 2020 (Docket # 180). This request in this letter thus comes eight months later. The only explanation given for the delay is as follows: "Due to the dueling over sanctions, the opportunity to move for summary judgment passed by unexercised." This explanation is completely disingenuous, as the referenced motion for sanctions (Docket # 189) was filed on the very date any motion for summary judgment was due. The ensuing briefing on the motion for sanctions thus did not interfere in any way with defendants' ability to file their own motion for summary judgment on February 21, 2020. Because defendants have not shown excusable neglect for failing to meet the deadline, see Fed. R. Civ. P. 6(b)(1)(B), the application to extend the deadline is denied.**

**So Ordered.**


GABRIEL W. GORENSTEIN
United States Magistrate Judge
October 23, 2020