UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

SHI MIN CHEN, LIANHE ZHOU, YONG KANG LIU,    Case No. 17-cv-802
JIXIANG WANG, WEI MIN ZHU, BAOJUN TIAN,
XINLONG LIU, QIFANG CHEN, PINGJIN FAN,
*Individually and on behalf of others similarly situated*,

                    Plaintiffs,        **MEMORANDUM OF LAW
                                            IN OPPOSITION**

        vs.

HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan
Manor, HUNAN MANOR LLC d/b/a Hunan Manor,
HUNAN HOUSE MANOR INC. d/b/a Hunan Manor,
HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan
Manor, HUNAN HOUSE RESTAURANT NY LLC
d/b/a Hunan Manor, HUNAN HOUSE, INC. d/b/a
Hunan Manor, A TASTE OF MAO, INC. d/b/a China
Xiang, JINGCHAO LI a/k/a JING CHAO LI a/k/a
Diana Li, ZHIDA LI a/k/a ZHI DA LI d/b/a ZHI BA LI,
and ZHENQI XIAO a/k/a NANCY XIAO a/k/a
NANCY ZHOU,

                    Defendants,

------------------------------------------------------------------------ x

## <u>MEMORANDUM OF LAW IN OPPOSITION OF<br>PLAINTIFFS' MOTION for Fed. R. Civ. P. 23 CLASS CERTIFICATION</u>

Bingchen Li, Esq. (BL4750)
Law Office of Z. Tan PLLC
39-07 Prince Street, Suite 3B
Flushing, New York 11354
Phone: (718) 886-6676
Fax:    (718) 679-9122
Email: eric.li@ncny-law.com
*Attorney for Defendants*

# TABLE OF CONTENTS

**TABLE OF AUTHORITY**................................................................................ **3**

**PRELIMINARY STATEMENTS** ................................................................ **5**

**PROCEDURAL HISTORY** ......................................................................... **5**

**STATEMENT OF FACTS**........................................................................... **10**

**ARGUMENTS** ............................................................................................ **13**

    **1)**     **PLAINTIFFS' RULE 23 MOTION IS UNTIMELY** …...……………….……13

    **2)**     **DEFENDANTS ARE NOT A SINGLE JOINT EMPLOYER**……..…..…16

    **3)**     **PLAINTIFFS FAIL TO SATISFY RULE 23 REQUIREMENTS** ….....…18

        **A)**     **NUMEROSITY**…………………………………………………...…..19

        **B)**     **COMMONALITY**……………………………………………………...20

        **C)**     **TYPICALITY**………………………………………………………..23

        **D)**     **ADEQUACY**...……………………………………………………….24

        **D)**     **RULE 23(b)(3) REQUIREMENTS**……………………………………25

**CONCLUSION** ............................................................ ..........................**26**

# **TABLE OF AUTHORITIES**

**Case Law**

*Jones v. Ford Motor Credit Co.*
    358 F.3d 205 (2d Cir. 2004) ............................................................................ 13

*Siskind v. Sperry Ret. Program, Unysis*
    47 F.3d 498 (2d Cir. 1995) .............................................................................. 13

*Sterling v. Envtl. Control Bd. of City of New York*
    793 F.2d 52 (2d Cir. 1986) .............................................................................. 13

*Ruggles v. Wellpoint, Inc.*
    253 F.R.D. 61 (N.D.N.Y 2008) ...................................................................... 15

*Apolinar v. R.J. 49 Rest., LLC*
    2016 U.S. Dist. LEXIS 65733, 2016 WL 2903278 (S.D.N.Y. 2016)................... 16

*Juarez v. 449 Rest., Inc.*
    29 F. Supp.3d 363 (S.D.N.Y. 2014) ................................................................ 16

*Solis v. Zep LLC*
    2020 U.S. Dist. LEXIS 50797, 2020 WL 1439744 (S.D.N.Y. 2020)................... 16

*Velasquez v. Digital Page, Inc.*
    2014 U.S. Dist. LEXIS 171720 (E.D.N.Y. 2014)........................................... 19, 23

*Consolidated Rail Corp. v. Town of Hyde Park*
    47 F.3d 473 (2d Cir. 1995) .............................................................................. 19

*Perez v. Allstate Insurance Co.*
    2014 U.S. Dist. LEXIS 130214, 2014 WL 4655745 (E.D.N.Y. 2014) ............... 19

*Kapiti v. Kelly*
    2008 U.S. Dist. LEXIS 64154 (S.D.N.Y. 2008)................................................. 19

*Jeffries v. Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Elec. Indus.,*
    172 F. Supp. 2d 389 (S.D.N.Y. 2001) .............................................................. 19

*Wal-Mart Stores, Inc. v. Dukes*
    564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011)...................... 20, 21, 23

*Flores v. Anjost Corp.*
    284 F.R.D. 112 (S.D.N.Y. 2012) ................................................................ 20, 24

*Espinoza v. 953 Assocs. LLC*
    280 F.R.D. 113 (S.D.N.Y. 2011) ........................................................................ 20

*Youngblood v. Family Dollar Stores, Inc.*
    2011 U.S. Dist. LEXIS 115389, 2011 WL 4597555 (S.D.N.Y. Oct. 4, 2011) .... 20

*Myers v. Hertz. Corp.*
    624 F. 3d 357 (2d Cir. 2010)............................................................................. 21

*Myers v. Hertz Corp.*
    2007 U.S. Dist. LEXIS 53572 (E.D.N.Y July 24, 2007) .................................... 21

*Salon Fad v. L'Oreal USA, Inc.*
    2011 WL 4089902 (S.D.N.Y. Sept. 14, 2011)................................................... 23

*Kassman v. KPMG LLP*
    2018 WL 6264835 (S.D.N.Y. Nov. 30, 2018).................................................... 23

 *Indergit v. Rite Aid Corp.*
    293 F.R.D. 632 (S.D.N.Y. 2013) ....................................................................... 23

*Jackson v. Bloomberg, L.P.*
    298 F.R.D. 152 (S.D.N.Y 2014) ....................................................................... 24

*Jin et al v. Shanghai Original Inc. et al.*
    *E.D.N.Y. 1:16-cv-05633-ARR-JO* ................................................................... 24

*In re U.S. Foodservice Inc. Pricing Litig.*
    729 F. 3d 108 (2d Cir. 2013) ............................................................................. 25

*Dauphin v. Chestnut Ridge Transp., Inc.*
    2009 U.S. Dist. LEXIS 74483 (S.D.N.Y. Aug. 20, 2009) ................................. 25

*Moore v. PaineWebber, Inc.*
    306 F.3d 1247, 1253 (2d Cir. 2002) ................................................................. 25

**Statutes**

Fed. R. Civ. P. Rule 23(c)(1) ................................................................................. 13

Fed. R. Civ. P. Rule 23(a)............................................................................ 19, 20, 23, 24

Fed. R. Civ. P. Rule 23(b)(3)................................................................................. 25

## PRELIMINARY STATEMENTS

The defendants HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan Manor, HUNAN MANOR LLC d/b/a Hunan Manor, HUNAN HOUSE MANOR INC. d/b/a Hunan Manor, HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan Manor, HUNAN HOUSE RESTAURANT NY LLC d/b/a Hunan Manor, HUNAN HOUSE, INC. d/b/a Hunan Manor, JINGCHAO LI a/k/a JING CHAO LI a/k/a Diana Li, and ZHIDA LI a/k/a ZHI DA LI a/k/a ZHI BA LI ("Defendants"), by Bingchen Li, Esq., their attorney of record, respectfully submit this Memorandum of Law in opposition of Plaintiffs' motion for Fed. R. Civ. P. 23 class certification and other related reliefs.

We will demonstrate below that Plaintiffs' Fed. R. Civ. P. 23 class certification motion is untimely and fails to satisfy Fed. R. Civ. P. 23 ("Rule 23") requirements. Accordingly, this Court must deny Plaintiffs' Rule 23 class certification motion in its entirety.

## PROCEDURAL DISTORY

Plaintiffs commenced this action by way of a Summon and Complaint (*See Complaint, ECF 1, (Compl.)*) on February 2, 2017. Defendants responded with an Answer and Affirmative Defenses and were successful in their Rule 12(c) motion on pleadings to dismiss all claims against the defendants Wensheng Zhang, Xiangyun Ni and a New Jersey Restaurant (*See Court Order, ECF 74*). Defendants are cooperative in good faith at all times during discovery. On September 24, 2017, Defendants responded to Plaintiffs' discovery demand (*See Li Affirmation 201113, ¶ 4*). Plaintiffs completed all defendants' depositions on April 12, 2019 (*See Li Affirmation 201113, ¶ 5*). However, it was Plaintiffs who refused to be deposed repeatedly without justification despite of

Defendants' six (6) deposition notices in a span of two and a half years and despite of a court order by Judge Gorenstein (*See Court Order, ECF 161*).

Defendants First Deposition Notices

On or about July 3, 2017, Defendants served upon Plaintiffs notices of deposition for all named plaintiff and opt-in plaintiffs, requesting them to be deposed on August 3, 4 and 7, 2017 (*See Li Affirmation, ECF 190, ("Li Affirmation 200221"), ¶ 4*). After all depositions were arranged and confirmed, however, Plaintiffs' counsel cancelled the said depositions originally scheduled on August 3 and 4 without any justification (*See Li Affirmation 200221, ¶ 5*). Defendants were accommodating and worked with Plaintiffs' counsel to schedule new deposition dates.

Defendants' Second Deposition Notices

After receiving email confirmations from plaintiffs' counsel, Defendants arrange the depositions again for September 6-8, 2017. Defendants served the second notices of deposition upon Plaintiffs on August 11, 2017 (*See Li Affirmation 200221, ¶ 7*). Again, Plaintiffs unilaterally cancelled the scheduled depositions on August 31, 2017 vie email without justification (*See Li Affirmation 200221, ¶ 8*).

Defendants' Third Deposition Notices

On or about February 7, 2019, Defendants served deposition notices upon Plaintiffs for the third time, proposing to conduct plaintiffs' depositions on or before February 28, 2019 (*See Li Affirmation 200221, ¶ 9*). Once again, Plaintiffs refused to be

deposed and requested to conduct defendants' depositions first (*See Li Affirmation 200221, ¶ 10*). As a result, Defendants made the first request for a conference to compel depositions (*See Li Affirmation 200221, ¶ 11 and Defendants' Letter Motion to Compel, ECF 135*). Despite of the priority usually afforded to Defendants and the fact that Defendants having been the first to serve deposition notices on July 2, 2017, Defendants in good faith consented to Defendants' depositions out of professional courtesy (*See Li Affirmation 200221, ¶ 12*). On February 25, 2019, Plaintiffs' counsel submitted a status report (*See Li Affirmation 200221, ¶ 13 and Status Report, ECF 137*), proposing a deposition schedule for both parties as follows:

1. *Plaintiffs to depose Defendants Jingchao Li, Zhida Li, and Rule 30(b)(6) witnesses for Hunan Manor Enterprise, Inc., Hunan Manor LLC, Hunan House Manor Inc., Hunan House Restaurant, Inc., Hunan House Restaurant NY LLC, and Hunan House, Inc.— on April 1, 2019;*
2. *Plaintiffs to depose Zhenqi Xiao and a 30(b)(6) witness for A Taste of Mao, Inc. on April 1, 2019;*
3. *Defendants to depose Plaintiffs beginning on April 12, 2019;*
4. *Defendants to continue deposing Plaintiffs on April 16, 2019.*

Defendants' deposition took place on April 1, 2019 and April 12, 2019 and completed their depositions at around 5:00p.m. (*See Li Affirmation 200221, ¶ 14*).


Defendants' Fourth Deposition Notices

On April 11, 2019, Defendants served upon Plaintiff notices of depositions for the fourth time, proposing to conduct plaintiffs' depositions on April 16, 2019 for plaintiffs, Mingda Ke, Min Jiang, Jian Cai, Guo Yong Zhu, Wei

Min Zhu, Jian Cai, and Shi Ming Chen (*See Li Affirmation 200221, ¶ 15*). However, only three plaintiffs, Shi Ming Chen, Wei Min Zhu and Yongkang Liu appeared. Plaintiffs Mingda Ke, Min Jiang, Jian Cai, and Guo Yong Zhu did not appear and did not provide any reason for the no-show. Once again, Defendants accommodated Plaintiffs and deposed only three plaintiffs (*See Li Affirmation 200221, ¶ 16*).

At the April 16 deposition, Plaintiffs' counsel refused to confirm a deposition date for the remaining plaintiffs. Plaintiffs' counsel then ignored Defendants' attempts to confer in good faith, prompting Defendants' second letter to compel deposition on April 18, 2019 (*See Li Affirmation 200221, ¶ 17 and Defendants' Letter Motion to Compel Depositions, ECF 139*). On April 23, 2019 Judge Gorenstein endorsed the said letter motion, ordering Plaintiffs' counsel be available on the phone to provide depositions dates (*See Court Order, ECF 141*).

Defendants' Fifth Deposition Notices

After telephone conference with all parties' counsels present, parties agreed to conduct Plaintiffs' depositions on May 9, 2019, June 6, 2019, and June 17, 2019 (*See Li Affirmation 200221, ¶ 19*). On April 30, 2019, Defendants served upon Plaintiffs notices of depositions for the fifth time (*See Li Affirmation 200221, ¶ 20*). However, on June 3, 2019, Defendants were informed for the first time that the plaintiffs, Shiqiang Gao, Guoqiang Xu, and Mingda Ke, were in China and could not be deposed in U.S. (*See Li Affirmation 200221, ¶ 21*). In addition, on June 5, 2019 Defendants were informed for the first time that Plaintiffs' counsel had lost contact with the plaintiffs, Mingda Ke, Min Jiang and Jian Cai (*See Li

*Affirmation 200221, ¶ 22*). Defendants had no choice but to only depose all the available plaintiffs (*See Li Affirmation 200221, ¶ 23*).

After another failed attempt to depose the remaining plaintiffs despite the admission by Plaintiffs' Counsel that he was in contact with the Defaulting Plaintiffs (*See Exhibit N, Court Conference Transcript, ECF 190-14*), Defendants had no choice but to file a third and fourth letter motions to compel on December 6, 2019 (*See Li Affirmation 200221, ¶ 24 and Defendants' Letter Motion to Compel, ECF 152, 158, and 160*). Judge Gorenstein granted the motion on December 20, 2019 (*See Court Order, ECF# 161*). In the Order, Judge Gorenstein ordered that "Jian Cai, Guoqiang Xu, Shiqiang Gao, Min Jiang, Mingda Ke, and Guo Yong Zhu shall appear for depositions at the offices of defendants' counsel on January 9, 2020, at 10:00 a.m., and be available for deposition both on that date on January 10, 2020…" (*See Li Affirmation 200221, ¶ 25*).

Defendants' Sixth Deposition Notices

Subsequently, Defendants served upon Defaulting Plaintiffs notices of deposition for the sixth time (*See Li Affirmation 200221, ¶ 26*). However, on January 7, 8, and 9, 2020, Plaintiffs' counsel emailed Defendants that none of the six (6) Defaulting Plaintiffs would be available before January 10, 2020 but failed to provide any alternative dates, directly in violation of Judge Gorenstein's order dated December 20, 2019 (*See Li Affirmation 200221, ¶ 27*). Instead, Plaintiffs made a bad faith request to make the plaintiffs Guo Yong Zhu, Shiqiang, Gao and Guoqiang Xu available for deposition via video conference, without providing the

location and time of such proposed video depositions. The request was correctly denied by Judge Gorenstein (*See Li Affirmation 200221, ¶ 28 and Court order, ECF 180*).

Plaintiffs did not make any additional discovery efforts since June 2019, other than keeping on delaying the completion of Plaintiffs' depositions.

Accordingly, it was entirely Plaintiffs' own doing that they did not file the Rule 23 motion until more than three and a half years since the commencement of this action. Plaintiffs' motion is untimely and must be denied in its entirety.

## STATEMENT OF FACTS

Plaintiffs brought this wage and hour action on February 2, 2017 against Defendants, jointly and severally. Instead of doing proper due diligence before the commencement of the instant action, Plaintiffs' counsel named every single person and entities that they can put their fingers on (*See Compl.*). Moreover, Plaintiffs' counsel makes baseless allegations that all corporate defendants operating as a single and joint employer (*See Compl. ¶ 61*).

The truth is that the defendant Zhi Da Li a/k/a Alan Li ("Mr. Li") first opened the restaurant at 137-40 Northern Blvd. (the "Flushing Restaurant") in 2009 (*See Exhibit A: Zhi Da Li Deposition Transcript, "Mr. Li Dep. Tr." 35:12-26:2*) and was a sole owner (later a 90% owner) and had sole control of the employees (*See Mr. Li Dep. Tr. 48:4-50:9; Exhibit B: Jing Chao Li Deposition Transcript, "Ms. Li Dep. Tr." 91:4-13; and Exhibit C: Shi Ming Chen Deposition. Transcript, "Chen Dep. Tr." 92:13-17*). There was a reorganization in 2015 (*See*

Mr. *Li Dep. Tr. 50:19-52:9*), but Mr. Li remained the sole operator (*See Mr. Li Dep. Tr. 73:18-75:9 and Exhibit D: Lianhe Zhou Deposition Transcript, "Zhou Dep. Tr." 20:19-22:4*). The Flushing Restaurant did not share employees or materials with other defendant restaurants (*See Mr. Li Dep. Tr. 86:5-21, 77:20-78:4, and 83:5-24*) and was not associated with any other restaurant (*See Chen Dep. Tr. 30:20-31:4*). In November 2017, Mr. Li sold the Flushing Restaurant to an unrelated third party, Jackie (*See Mr. Li Dep. Tr. 35:19-37:15*) and Mr. Li became the manager at the restaurant located at 339 Lexington Avenue (*See Mr. Li Dep. Tr. 9:14-10:10*).

The defendant Jing Chao Li a/k/a Diana Li a/k/a Da Niang ("Ms. Li") opened the restaurant located at 40 West 56th Street (the "Midtown Restaurant"). Ms. Li had sole control over the Midtown Restaurant (*See Ms. Li Dep. Tr. 46:20-47:11*) and its employees (*See Ms. Li Dep. Tr. 46:20-47:11 and 62:4-6; Chen Dep. Tr. 95:9-16 and 97:24-98:16; Exhibit E: Jixiang Wang Deposition Transcript, "Wang Dep. Tr." 17:22-18:20; Exhibit F: Wei Min Zhu Deposition Transcript, "Zhu Dep. Tr." 31:14-24, 34:18-24, 36:13-19, and 39:8-12; Exhibit G: Yong Kang Liu Deposition Transcript, "Liu Dep. Tr." 45:6-18; Exhibit H: Bao Jun Tian Deposition Transcript, "Tian Dep. Tr." 21:8-10; Tian Affidavit, ECF# 36-13, ¶ 2; Exhibit I: Zhengqi Deposition Transcript, "Xiao Dep. Tr." 39:12-40:7; Exhibit J: Ping Jin Fan Deposition Transcript. "Fan Dep. Tr." 17:10-21; and Exhibit K: Qifang Chen Deposition Transcript, "Q. Chen Dep. Tr.," 10:24-11:10, Qi Fang Chen Affidavit, ECF# 36-17, ¶ 2 and 13*). The Midtown Restaurant did not share materials or employees with other defendant restaurants (*See Ms. Li Dep. Tr. 91:14-95:8*). While kitchen staff typically worked from 11:00am-10:00pm, six days per week (*See Chen Dep. Tr. 22:8-16; Wang Dep. Tr. 43:5-43:12 and Liu Dep. Tr. 27:13-23;*

*Zhou Dep. Tr. 8:17-20; and Zhu Dep. Tr. 8:17-22*), wait staff worked entirely different

schedules, even vastly differed among themselves (*See Ms. Li Dep. Tr. 84:15-85:7; Q.*

*Chen Dep. Tr. 14:21-16; Qi Fang Chen Affidavit, ECF 36-17; Mingda Ke Affidavit,*

*ECF#36-16; Min Jiang Affidavit, ECF 36-15; and Xinlong Liu Affidavit, ECF 36-14*).

Wait staff were also paid differently (*See Ms. Li Dep. Tr. 84:6-11, 86:12-87:4, 87:24-*

*88:2, and 88:21-24 and Qi Fang Chen Affidavit, ECF 36-17, ¶ 15*). Moreover, the

delivery people were indeed paid overtime (*See Fan Dep. Tr. 11:2-24 and 21:13-19*) and

were provided with proper wage notices and wage statements (*See Jing Chao Li*

*Declaration and accompanying Exhibits*). There were 7-12 servers, 4-5 cooks, two

helpers, and 1 packer at the Midtown Restaurant (*See Ms. Li Dep. Tr. 22:8-24:24*). The

Midtown Restaurant has not hired any delivery person since March 2017 (*See Ms. Li*

*Dep. Tr. 22:25-23:5*).

       The defendant Zhenqi Xiao a/k/a Nancy Xiao a/k/a Xiao Niang ("Xiao")

was the sole owner at the restaurant located at 339 Lexington Avenue (the "Lexington

Restaurant") and had full control of the employees (*See Chen Dep. Tr. 94:18-95:1; Wang*

*Dep. Tr. 24:12-13 and 25:15-17; Liu Dep. Tr. 20:19; Tian Dep. Tr. 12:19-25; and Xiao*

*Dep. Tr. 69:4-70:3*). Ms. Li was only there occasionally (*See Chen Dep. Tr. 96:17-97:23*

*and Liu Dep. Tr. 48:4-13*). Xiao sold the Lexington Restaurant to 200 CPS in June or

July 2015 (*See Xiao Dep. Tr. 63:2-67:2*). At the beginning of 2016, Xiao became more

involved with a restaurant located at 360 West 42nd Street ("A Taste of Mao") when she

became a 100% shareholder (*See Xiao Dep. Tr. 12:11-19:13*) and was in full control of

the employees at A Taste of Mao (*See Chen Dep. Tr. 95:17-96:4 and 57:22-25; and Xiao*

*Dep. Tr. 40:8-41:5*). Neither Lexington Restaurant nor A Taste of Mao shared materials

or employees (*See Xiao Dep. Tr. 95:11-98:21; Chen Dep. Tr. 15:7-15; and Wang Dep. Tr. 21:3-6).*

**ARGUMENTS**

1)     **PLAINTIFFS' RULE 23 MOTION IS UNTIMELY**

Plaintiffs' Rule 23 motion for class certification is untimely because 1) Plaintiffs waited willfully and intentionally for more than three and a half years since the commencement of this action to file the instant motion; 2) Plaintiffs waited more than one and a half years since the closing of Plaintiffs' discovery to file the instant motion; and 3) Plaintiffs waited until seven months since their amended complaint to file the instant motion.

"Class certification is to be decided 'at an early practicable times' after the commencement of a suit." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 215 (2d. Cir. 2004) (quoting Fed. R. Civ. P. 23(c)(1)). "The reason for this rule is plain: fundamental fairness requires that a defendant named in a suit be told promptly the number of parties to whom it may ultimately be liable for money damages." *Siskind v. Sperry Ret. Program, Unysis*, 47 F.3d 498, 503 (2d Cir. 1995). "[A] party's failure to move for class certification until a late date is a valid reason for denial of such a motion." *Sterling v. Envtl. Control Bd. of City of New York*, 793 F.2d 52, 58 (2d Cir. 1986).

In the instant action, Plaintiffs waited three and a half years before they made the instant motion since the commencement of the action in February 2017. The delay is almost entirely Plaintiffs' own doing. Defendants served upon Plaintiffs no less than six (6) sets of deposition notices in a span of two and a half years. Plaintiffs willfully

and intentionally disregarded their discovery obligations and the resulting delay has been prejudicial to Defendants.

Even assuming we overlook the overall delay caused by Plaintiffs' delaying tactics to avail themselves for depositions, Plaintiffs still could have made the instant motion on or about April 2019. Plaintiffs concluded their discovery on April 12, 2019, when all defendants were deposed (*See Mr. Li Dep. Tr., Ms. Li Dep. Tr., and Xiao Dep. Tr.*). The instant motion is exclusively supported with no exception by alleged facts from Defendants' depositions as well as Plaintiffs' affidavits, all of which were or should have been available on or before April 12, 2019. Plaintiffs made no discovery efforts after April 12, 2019 and therefore could have easily made the instant motion shortly after April 12, 2019. Plaintiffs did not. Rather, Plaintiffs waited unjustifiably until more than one and a half years later to make the instant motion.

Plaintiffs' own letter application dated May 30, 2019 (So-Ordered by Judge Gorenstien on May 31, 2019) is quite illuminating (*See ECF 145, Order on Motion for Extension of Time to Complete Discovery*). In this application, Plaintiffs proposed:

> *1) complete the discovery on June 17, 2020 (at the conclusion of Plaintiffs' depositions);*

> *2) submit Joint Pretrial Order ("JPTO") no later than September 2, 2019; and*

> *3) be ready for trial on 48 hours' notice on or after September 3, 2019.*

In making the application, Plaintiffs admitted that their discovery was over as of the date of the application and they had not contemplated a Rule 23 class certification motion then.

Even if we further concede that Plaintiffs might submit a Rule 23 class certification after their self-imposed JPTO deadline expired, Plaintiffs still could have and should have filed a Rule 23 class certification motion, together with their motion for a leave to amend the complaint (*See ECF 148, Motion for Leave to File Document*). Plaintiffs did not. Furthermore, Plaintiffs did not submit the Rule 23 class certification motion in a timely manner after their amended complaint in Feb 2020 (*See ECF 182, Amended Complaint*).

Plaintiffs' arguments are unpersuasive and actually support the fact that their motion is untimely. In <u>Ruggles v. Wellpoint, Inc.</u>, 253 F.R.D. 61 (N.D.N.Y 2008), the Court stated that "a decision about certification need not be made at the outset; a court should delay a certification ruling until information necessary to reach an informed decision is available." In the instant action, all "information necessary" has been available since the conclusion of Defendants' depositions on April 12, 2019. Having relying exclusively on the Defendants' depositions and Plaintiffs' own affidavits, Plaintiffs could have and should have made the instant motion then to allow this Court to make a ruling "at an early practicable times." This Court has never had a chance to do so.

As a result of Plaintiffs' willful and intentional delay in availing themselves for depositions, there has been a two-year delay in the resolution of this matter. Yet Plaintiffs are seeking another unjustifiable delay by the instant motion, if granted, which will necessarily re-open the discovery to make fact-intensive inquiry as to

1) wage notices for all putative class members, 2) wage statements for all putative class members; and 3) work schedules for all putative class members, etc. It would be highly prejudicial to Defendants. Accordingly, Plaintiffs' Class 23 motion for certification is untimely and must be denied in its entirety.

**2)    <u>DEFENDANTS ARE NOT A SINGLE JOINT EMPLOYER</u>**

Defendants are not subject to a Class 23 as a single joint employer because 1) Plaintiffs provide little admissible evidence to demonstrate Defendants are a single joint employer; 2) Defendants are independently operated; 2) Defendants did not share common management; 3) Defendants did not share employees or materials; and 4) Defendants did not have a centralized control of labor relations.

Under FLSA (and similarly under New York Labor Laws), multiple corporate entities can be liable as the "employer" under "a joint employer theory based on the theory that they operate as a single enterprise with significant interrelation of operations." *Apolinar v. R.J. 49 Rest., LLC*, 2016 U.S. Dist. LEXIS 65733, 2016 WL 2903278, at *4 (S.D.N.Y. 2016). "[C]ourts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id.* (quoting *Juarez v. 449 Rest., Inc.*, 29 F. Supp.3d 363, 367 (S.D.N.Y. 2014)); *Solis v. Zep LLC*, 2020 U.S. Dist. LEXIS 50797, 2020 WL 1439744, at *7 (S.D.N.Y. 2020).

Plaintiffs attempt to assert that all defendants are a single joint employer. However, Plaintiffs fail to demonstrate with any admissible evidence to support their baseless allegation.

On the contrary, all four (4) restaurants at issue were independently owned and managed, financially and concerning labor relations (*See Tian Dep. 19:21-20:12*). There was no sharing of employees and materials.

The Flushing Restaurant located at 137-40 Northern Blvd. It was opened and had been operated by the defendant Zhi Da Li a/k/a Alan Li ("Mr. Li") (*See Mr. Li Dep. Tr. 35:12-26:2*). Mr. Li had sole control of the employees (*See Mr. Li Dep. Tr. 48:4-50:9; Ms. Li Dep. Tr. 91:4-13; and Chen Dep. Tr. 92:13-17*). Mr. Li remained as the sole operator despite of a reorganization in 2015 (*See* Mr. *Li Dep. Tr. 50:19-52:9 and 73:18-75:9; and Zhou Dep. Tr. 20:19-22:4*), until Mr. Li sold the Flushing Restaurant to an unrelated third party, Jackie, in November 2017 (*See Mr. Li Dep. Tr. 35:19-37:15*). The Flushing Restaurant did not share employees or materials with other defendant restaurants (*See Mr. Li Dep. Tr. 86:5-21, 77:20-78:4, and 83:5-24*) and was not associated with any other restaurant (*See Chen Dep. Tr. 30:20-31:4*).

The Midtown Restaurant located at 40 West 56th Street. The defendant Jing Chao Li a/k/a Diana Li a/k/a Da Niang ("Ms. Li") opened the Midtown Restaurant in 2014 and had full control of the operation and employee of the restaurant (*See Ms. Li Dep. Tr. 46:20-47:11, 46:20-47:11 and 62:4-6; Chen Dep. Tr. 80:24-81:13, 95:9-16 and 97:24-98:16; Wang Dep. Tr. 17:22-18:20; Zhu Dep. Tr. 31:14-24, 34:18-24, 36:13-19, and 39:8-12; Liu Dep. Tr. 45:6-18; Tian Dep. Tr. 21:8-10; Tian Affidavit, ECF 36-13, ¶ 2; Xiao Dep. Tr. 39:12-40:7; Fan Dep. Tr. 17:10-21; Q. Chen Dep. Tr. 10:24-11:10; and Q. Chen Affidavit, ECF 36-17, ¶ 2 and 13*). The Midtown Restaurant did not share materials or employees with other defendant restaurants (*See Ms. Li Dep. Tr. 91:14-95:8*).

The defendant Zhenqi Xiao a/k/a Nancy Xiao a/k/a Xiao Niang ("Xiao") was the sole owner at the Lexington Restaurant located at 339 Lexington Avenue and had full control of its employees (*See Chen Dep. Tr. 94:18-95:1; Wang Dep. Tr. 24:12-13 and 25:15-17*; *Liu Dep. Tr. 20:19; Tian Dep. Tr. 12:19-25; and Xiao Dep. Tr. 69:4-70:3*), until she sold the Lexington Restaurant to 200 CPS in in June or July 2015 (*See Xiao Dep. Tr. 63:2-67:2*). Mr. Li initially refused to be the manager for the Lexington Restaurant until he sold the Flushing Restaurant and freed himself up (*See Mr. Li Dep. Tr. 9:14-10:10 and 16:15-18:23*).

At the beginning of 2016, Xiao became more involved with A Taste of Mao located at 360 West 42nd Street when she became a 100% shareholder (*See Xiao Dep. Tr. 12:11-19:13*) and was in full control of the employees at A Taste of Mao (*See Chen Dep. Tr. 95:17-96:4 and 57:22-25; and Xiao Dep. Tr. 40:8-41:5*).

Neither Lexington Restaurant nor A Taste of Mao shared materials or employees (*See Xiao Dep. Tr. 95:11-98:21; Chen Dep. Tr. 15:7-15; and Wang Dep. Tr. 21:3-6*).

Accordingly, Plaintiffs have failed to demonstrate all defendants operated as a single joint employer and therefore Plaintiffs' Class 23 Motion for class certification must fail.

**3)     <u>PLAINTIFFS FAIL TO SATISFY RULE 23 REQUIREMENTS</u>**

Plaintiffs fail to satisfy any of Rule 23 requirements to warrant a class certification because 1) Plaintiffs fail to demonstrate numerosity; 2) there does not exist common answers to questions required to resolve the instant action; 3) putative class members' claims are not typical so that fact-intensive inquiries are required to resolve the

instant action; 4) none of Plaintiffs made a request to serve as class representative and Plaintiffs' counsel are inexperienced and not qualified to serve as class counsel.

A plaintiff may bring a civil action, pursuant to Rule 23 on behalf of a class "only if": "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(1)-(4).

(A)     Numerosity

The Second Circuit has stated that "numerosity is presumed at a level of 40 members." _Velasquez v. Digital Page, Inc._, 2014 U.S. Dist. LEXIS 171720, at *10 (E.D.N.Y. 2014) (quoting _Consolidated Rail Corp. v. Town of Hyde Park_, 47 F.3d 473, 483 (2d Cir. 1995); _Perez v. Allstate Insurance Co._, 2014 U.S. Dist. LEXIS 130214, 2014 WL 4655745, *14 (E.D.N.Y. 2014)). "Although the court may make common sense assumptions to support a finding of numerosity, it cannot do so on the basis of pure speculation without any factual support." _Kapiti v. Kelly_, 2008 U.S. Dist. LEXIS 64154, *12 (S.D.N.Y. August 18, 2008) (citing _Jeffries v. Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Elec. Indus._, 172 F. Supp. 2d 389, 394 (S.D.N.Y. 2001)). "[P]laintiff must show that the requirements of Rule 23 have been met before the class can be certified." _Kapiti_ at *13.

In the instant motion, in absence of a proof that Defendants operated as a single joint employer, Plaintiffs have failed to demonstrate that there would be a level of 40 members for each of the four (4) restaurants.

There were 3-4 servers, 3 cooks, two cutters, 1 dishwasher, 1 Packer, and 1-2 delivery people at 339 Lexington (*See Xiao Dep. 77:22-78:14*). There were about 10+ employee (2 cooks, 2 helpers, 1 packer, 1 cashier, 5 servers, 1 manager) at Lexington Restaurant (*See Mr. Li Dep. 32:8-34:21*). Therefore, Plaintiffs fail to demonstrate numerosity concerning the Lexington Restaurant.

Plaintiffs fail to provide the number of employees worked at the either the Flushing Restaurant or A Taste of Mao (*See Chen Dep. 14:18-21*). Therefore, Plaintiffs fail to demonstrate numerosity concerning the Lexington Restaurant or A Taste of Mao.

As for the Midtown Restaurant, there were about 20 employees working there at one time (*See Ms. Li Dep. 22:8-11*), significantly short of the forty (40) employee presumptive threshold. Therefore, Plaintiffs fail to demonstrate numerosity concerning the Midtown Restaurant.

(B)     <u>Commonality</u>

Commonality requires that there be "questions of law or fact common to the class," Fed. R. Civ. P. 23(a)(2), that are "capable of classwide resolution" such that their "truth or falsity will resolve [the] issue[s] . . . in one stroke," <u>*Wal-Mart Stores, Inc. v. Dukes*</u>, 564 U.S. 338, 350, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011). In FLSA and NYLL wage claims, courts in this district focus on whether the employer had company-wide wage policies that injured the proposed class (See <u>*Flores v. Anjost Corp.*</u>, 284 F.R.D. 112 (S.D.N.Y. 2012); <u>*Espinoza v. 953 Assocs. LLC*</u>, 280 F.R.D. 113 (S.D.N.Y. 2011); <u>*Youngblood v. Family Dollar Stores, Inc.*</u>, 2011 U.S. Dist. LEXIS 115389, 2011 WL 4597555 (S.D.N.Y. Oct. 4, 2011)). "What matters to class certification … is not the raising of common 'questions' – even in droves – but, rather, the capacity of a classwide

proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Dukes*, 564 U.S. at 350 ((quoting *Nagareda*, Class Certification in the Age of Aggregate Proof, 84 N. Y. U. L. Rev. 97, 132 (2009)).

In the instant action, Plaintiffs have failed to demonstrate any company-side wage policies" applicable to all defendant restaurants. Each defendant restaurant was independently managed and operated. At any given time, there was no overlapping or common ownership or management.

In addition, the leading plaintiff Shi Ming Chen was a kitchen manager (*See Ms. Li Dep. 98:9-102:8; Chen Dep. 23:4-8*; *Zhu Dep. 31:25-32:18; and Liu Dep. 26:4-10*) and was exempt from FLSA and NYLL overtime requirements. Courts in this Circuit have deemed that inquiry as to the exempt status of a plaintiff is a "fact-intensive inquiry" and that plaintiffs therefore failed to satisfy Rule 23's commonality, typicality, and predominance requirements. *Myers v. Hertz. Corp.*, 624 F. 3d 357, 545 (2d Cir. 2010) (quoting *Myers v. Hertz Corp.*, 2007 U.S Dist. LEXIS 53572, at *4 (E.D.N.Y. July 24, 2007)). Therefore, the commonality of the alleged class is called into question.

Moreover, allegations concerning wait staff only concern with the practices at the Midtown Restaurant (*See Liu Dep, Q. Chen Dep.; and Liu Affidavit, ECF# 218-22*). And the payroll practices for the wait staff is entirely different from other putative class members (*See Liu Wage Statements, ECF# 218-23; Liu Punch Cards, ECF# 218-24 and 218-25; and Liu Wage Notice, ECF# 218-25*). Qifan Chen worked from 10:45am-9:00pm, five days per week (*See Q. Chen Dep 14:21-16*). Therefore, Plaintiffs have failed to demonstrate commonality here as well.

Even if we overlook all the above deficiencies of the instant motion, the factual intensive inquiries of this action render Class 23 certification unattainable for lack of common answers. For example, Defendants have issued NYLL compliant wage notices to named plaintiffs (*See Jing Chao Li Declaration and Zhi Da Li Declaration*), but Plaintiffs contend that the said wage notices are not NYLL compliant. The potential difference in damage calculation between these two contentions are huge. For example, Plaintiff Jixiang Wang alleges to have worked at Flushing Restaurant for about seventy (70) hours per week and received about $3,100 per month. If Wang's wage notice (*see Wang Wage Notice, ECF# 218-17*) is deemed to be compliant and this Court adopts a wage of $9.00/hour and $13.50/hour for Wang's overtime, the potential damage may be computed as follows:

Regular Rate = $9.00/hour

Overtime Rate = $13.50/hour

Regular Work Hours = 40 hours

Overtime Work Hours = 70 – 40 = 30 hours

Weekly Wage Earned = $9.00 * 40 + $13.50 * 30 = $765.00/week

Weekly Wage Paid = $3,100 * 12 months / 52weeks = $715.38/week.

**<u>Weekly Shortfall = $765.00 - $715.38 = $49.62</u>**

However, if such wage notice is not deemed to be NYLL compliant (as Plaintiffs contend), Plaintiffs suggest computing the potential damage as follows:

Regular Rate = $3,100 * 12 months / 52 weeks / 40 hours = $17.88/hour

Overtime Rate = $17.88/hour * 1.5 = $26.83/hour

Regular Work Hours = 40 hours

Overtime Work Hours = 70 – 40 = 30 hours

Weekly Wage Earned = $17.88 * 40 + $26.83 * 30 = $1,520.10/week

Weekly Wage Paid = $3,100 * 12 months / 52 weeks = $715.38/week.

**Weekly Shortfall = $1,520.10 - $715.38 = $804.72**

The huge difference between the different damage computations would be further compounded by the application of statutory interest and 100% mandatory liquidated damage. As a result, the difference of the damage computations can be as high as more than **$1,500 per week** in this circumstance. Therefore, it would be extremely unfair to impute named plaintiffs' damage to all absent class plaintiffs' damage. This is exactly the situation that the Court in *Dukes* attempted to address for lack of common answers. Not surprisingly, court in this district have followed suits to deny class 23 certification (*Salon Fad v. L'Oreal USA, Inc.,* 2011 WL 4089902 (S.D.N.Y. Sept. 14, 2011 and *Kassman v. KPMG LLP*, 2018 WL 6264835 (S.D.N.Y. Nov. 30, 2018)).

Accordingly, we urge this Court to deny the instant motion because Plaintiffs have failed to demonstrate a commonality.

(C)     Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Typicality involves the inquiry into "the fairness of allowing an entire class's claim to rise or fall with the fate of the named representative's claims." *Velasquez*, at *17-18 (E.D.N.Y. 2014) (quoting *Indergit v. Rite Aid Corp.*, 293 F.R.D. 632, 652 (S.D.N.Y. 2013)).

In the instant action, every plaintiff worked different hours from each other at different defendant restaurants. Delivery people and wait staff worked fewer

hours in general than other putative class members. Because of the vast difference in Plaintiffs and putative class members' working schedules and hours worked, overtimes due, if there is any, to each plaintiff and putative class members, therefore will be vastly different.

The same example given to demonstrate the lack of <u>Commonality</u> is also applicable here to demonstrate lack of <u>Typicality</u> because it would not be fair to allow entire class's claim to "rise or fall" with the damage computed of one named plaintiff's wage notice.

Accordingly, there does not exist sufficient typicality for a class certification.

(D)     <u>Adequacy</u>

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4)." Adequacy of representation is evaluated in two ways: (1) by looking to the qualifications of plaintiffs' counsel; and (2) by examining the interests of the named plaintiffs." *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 164 (S.D.N.Y. 2014) (quoting *Flores*, at 128-29).

In the instant motion, none of the named plaintiffs submitted affidavits to state their willingness and ability to serve as class representatives. In addition, Plaintiffs' counsel is not only lacking experiences representing plaintiffs in Rule 23 class litigations, but was actually removed as class counsel and the entire class was decertified due to Plaintiffs' counsel's "no longer providing zealous, competent representation." (*Jin et al v. Shanghai Original Inc. et al., E.D.N.Y. 1:16-cv-05633-ARR-JO, ECF 181*).

Accordingly, Plaintiffs failed to support the adequacy of class representation.

(E)     Rule 23(b)(3) Requirements

Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual class members," and "that a class action is superior to other available methods of adjudication." *Fed. R. Civ. P. 23(b)(3)*. Because "some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof," for example, the Defendants' wage and hour and notice policies as they applied to the putative class members, and because "these particular issues are more substantial than the issues subject only to individualized proof," *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108 118 (2d Cir. 2013). Class certification will be denied where the fact-finder would need to establish liability by reviewing "individualized proof" or engaging in "a series of mini-trials" for each putative class member's claim. *See Dauphin v. Chestnut Ridge Transp., Inc.*, 2009 U.S. Dist. LEXIS 74483, *12-14 (S.D.N.Y. Aug. 20, 2009); *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1253 (2d Cir. 2002).

In the instant action, it is indisputable that Defendants have provided Plaintiffs with voluminous discovery response, including wage notices, wage statements, punch cards, and/or employment manuals, etc. for all named plaintiffs (*See Li Affirmation 201113, ¶ 4*). It is impossible to establish each defendant's individual liability, if there is any, without reviewing and examining these documents for each putative class member's claim. There would be fact intensive inquiries for each putative class member's claim. As we have demonstrated above, this Court's ruling on any plaintiff's wage notice's compliance with NYLL would overwhelm any alleged common legal issues shared by the putative class members.

In addition, FLSA collective action was conditionally certified a while ago Plaintiffs' counsel has made significant efforts even beyond the court allowed notice scope, i.e., actively soliciting on WeChat, a social media platform popular among Chinese speaking populations. All restaurants are still operating and former and current employees who wanted to join in have already opted in.

Accordingly, Plaintiffs have failed to satisfy Rule 23(b)(3) requirements.

**<u>CONCLUSION</u>**

Plaintiffs' Fed. R. Civ. P. 23 motion is untimely and fails to satisfy the requirements of class 23 class certification. Therefore, this Court must deny Plaintiffs' Rule 23 Motion for class certification in its entirety.

**WHEREFORE**, Defendants respectfully request that this Court to

    (1) Deny Plaintiffs Fed. R. Civ. P. 23 motion in its entirety; and

    (2) Grant whatever other and further relief this Court deems just, proper and
       equitable.

Dated: Nassau, New York
      November 13, 2020

                      Law Office of Z. Tan PLLC

                By: /s/Bingchen Li
                   Bingchen Li, Esq. (BL4750)
                   39-07 Prince Street, Suite 3B
                   Flushing, New York 11354
                   Phone: (718) 886-6676
                   Fax:    (718) 679-9122
                   Email: eric.li@ncny-law.com
                   *Attorney for the Defendants*