UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHI MING CHEN, et al.,                                    :

                                                          :      REPORT &
                                                                 RECOMMENDATION
                        Plaintiffs,                              17 Civ. 802 (GBD) (GWG)

                                                          :
                        -v.-
                                                          :

                                                          :
HUNAN MANOR ENTERPRISE, INC., et al.,
                                                          :

                        Defendants.                       :
------------------------------------------------------------X
**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

        Plaintiffs Shi Ming Chen, Lianhe Zhou, Yong Kang Liu, Jixiang Wang, Wei Min Zhu,

Baojun Tian, Xinlong Liu, Qifang Chen, and Pingjin Fan are former employees of defendants'

restaurants who brought suit seeking unpaid wages under the Fair Labor Standards Act, 29

U.S.C. §§ 201 et seq. ("FLSA") and New York Labor Law §§ 190 et seq. ("NYLL").  Before the

Court is plaintiffs' motion for class certification under Federal Rule of Civil Procedure 23 for

their NYLL claims, and a purported cross-motion to dismiss brought by defendants A Taste of

Mao, Inc., and Zhenqi Xiao (collectively "Taste of Mao Defendants").[1]  For the reasons set forth

below, both motions should be denied.

---

[1]  Motion to Certify Class, filed September 9, 2020 (Docket # 217) ("Class Mot.");
Declaration of John Troy in Support of Motion to Certify Class, filed September 9, 2020 (Docket
# 218) ("Troy Decl."); Memorandum of Law in Support of Motion to Certify Class, filed
September 9, 2020 (Docket # 219) ("Pl. Mem."); A Taste of Mao Defendants' Cross Motion to
Dismiss Rule 23 Motion & Certain Collective Plaintiffs from the Action, filed November 12,
2020 (Docket # 237) ("Cross Mot."); Declaration of Michael R. Curran in Support of Cross
Motion to Dismiss Rule 23 Motion, filed November 12, 2020 (Docket # 238); Affidavit of
Zhenqi Xiao in Support of Cross Motion to Dismiss Rule 23 Motion, filed November 12, 2020
(Docket # 239); Memorandum of Law in Opposition to Motion to Certify Class, filed November

I. BACKGROUND

    A. Facts

    The nine plaintiffs in this action are former employees of defendants' restaurants.  Four

of the plaintiffs worked as cooks, see First Amended Complaint, filed February 5, 2020 (Docket

# 182) ¶¶ 9-13 ("Am. Comp."); one as a deliveryman, id. ¶ 17; two as waiters, id. ¶ 21, Affidavit

of Xinlong Liu, annexed as Exhibit 22 to Troy Decl. ¶ 3 ("Liu Aff."); one as a sorter, Am. Comp.

¶ 23; and one as kitchen staff, Affidavit of Wei Min Zhu, annexed as Exhibit 18 to Troy Decl.

¶ 3 ("Zhu Aff.").  Defendants operated four restaurants located in Queens and Manhattan.  Troy

Decl. ¶ 6.  Plaintiffs allege these restaurants "constitute[] an enterprise . . . under the FLSA and

NYLL," Am. Comp. ¶ 55, that the restaurants would "[s]hare employees," and would "[a]ssign

or re-assign employees to work at one or more locations on a weekly schedule," id. ¶ 63, and that

the individual defendants are "officers, directors, managers, majority shareholders and/or

owners" of at least one of the four restaurants, id. ¶¶ 46-54.  Plaintiffs worked for the defendant

restaurants over various periods of time from 2011 until 2017.  See Affidavit of Shi Ming Chen,

annexed as Exhibit 1 to Troy Decl. ¶ 31; Affidavit of Lianhe Zhou, annexed as Exhibit 7 to Troy

Decl. ¶¶ 2, 12; Affidavit of Jixiang Wang, annexed as Exhibit 13 to Troy Decl. ¶¶ 3, 14, 23, 32;

---

16, 2020 (Docket # 244) ("Hunan Def. Opp."); Affirmation of Bingchen Li in Opposition to
Motion to Certify Class, filed November 16, 2020 (Docket # 245); Affidavit of Jing Chao Li in
Opposition to Motion to Certify Class, filed November 16, 2020 (Docket # 246); Declaration of
Zhi Da Li in Opposition to Motion to Certify Class, filed November 16, 2020 (Docket # 247); A
Taste of Mao Defendants' First Memorandum of Law in Support of Cross Motion to Dismiss
Rule 23 Motion, filed November 16, 2020 (Docket # 248); A Taste of Mao Defendants'
Amended Memorandum of Law in Support of Cross Motion to Dismiss Rule 23 Motion, filed
November 20, 2020 (Docket # 249) ("Cross Mem."); Reply Memorandum of Law in Support of
Motion to Certify Class & Opposition to A Taste of Mao Defendants' Cross-Motion, filed
November 27, 2020 (Docket # 250) ("Pl. Reply Mem."); Reply Affidavit of Zhenqi Xiao in
Support of Cross Motion to Dismiss Rule 23 Motion, filed December 10, 2020 (Docket # 257);
A Taste of Mao Defendants' First Reply Memorandum in Support of Cross Motion to Dismiss
Rule 23 Motion, filed December 11, 2020 (Docket # 258) ("Taste of Mao Def. Reply").

Zhu Aff. ¶ 3; Affidavit of Baojun Tian, annexed as Exhibit 19 to Troy Decl. ¶ 31; Liu Aff. ¶ 3;

Affidavit of Ping Jin Fan, annexed as Exhibit 27 to Troy Decl. ¶ 26; Am. Comp. ¶¶ 102-104,

294.

Plaintiffs allege defendants failed to pay employees minimum wage, Am. Comp. ¶¶ 375-

379, overtime, id. ¶¶ 388-392, and spread-of-hours pay, id. ¶¶ 393-395, and failed to furnish

employees with a wage notice at the time of hire, id. ¶¶ 396-400, or detailed paystubs on payday,

id. ¶¶ 401-404, all in violation of the NYLL.

B.  Procedural History

The original complaint in this action was filed on February 2, 2017, and named six

plaintiffs.  (Docket # 1).  Thereafter eight additional individuals filed forms consenting to

become party plaintiffs under the FLSA.  (Docket ## 13-14, 16, 30-33, 58).  On June 29, 2017,

plaintiffs filed a motion seeking conditional approval of an FLSA collective action.  (Docket

# 36).  Around the same time, two individual defendants and a defendant restaurant in New

Jersey filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  (Docket

# 39).  On February 15, 2018, Judge Daniels approved the conditional FLSA collective action

"as to cooks, delivery persons, and food packers," Memorandum Decision and Order (Docket

# 72), at 11, and, in the same opinion, granted the moving defendants' motion for judgment on

the pleadings, id. at 18.  One additional plaintiff then opted into the litigation.  See Consent to

Become Party Plaintiff, filed June 21, 2018 (Docket # 105).

Plaintiffs filed a motion to amend the complaint on November 4, 2019 (Docket # 148),

which was granted in part on February 3, 2020, see Opinion and Order (Docket # 181) ("Am.

Comp. Op.").  Plaintiffs amended the complaint on February 5, 2020, and added all the opt-in

plaintiffs as named plaintiffs.  See Am. Comp.

Shortly thereafter, defendants sought dismissal with prejudice of claims brought by six of the 15 individual plaintiffs as a discovery sanction based largely on their failure to appear for depositions, among other sanctions.  See Motion for Sanctions, filed February 21, 2020 (Docket # 189).  That motion was granted as to the dismissal of the six individual plaintiffs.  See Report and Recommendation, filed June 30, 2020 (Docket # 204), at 19 ("Dismissal R&R"); Memorandum Decision and Order, filed August 24, 2020, (Docket # 211).

Plaintiffs filed the instant motion on September 9, 2020, seeking to have "Troy Law" appointed as class counsel and for a class to be certified.  See Class Mot. at 2.  On November 12, 2020, Taste of Mao Defendants filed a "Cross-Motion to Dismiss."  See Cross Mot.  On November 16, 2020, defendants Hunan Manor Enterprise, Inc., Hunan Manor LLC, Hunan House Manor Inc., Hunan House Restaurant, Inc., Hunan House Restaurant NY LLC, Hunan House, Inc., Jingchao Li, and Zhida Li (collectively "Hunan Defendants"), filed a separate opposition brief.  See Hunan Def. Opp.

II.  CLASS ACTION CERTIFICATION

Plaintiffs seek to certify the following class: "All individuals who were employed or are currently employed by Defendants in any tipped or non-tipped non-exempt positions during the six years immediately preceding the initiation of his [sic] action up to the date of the decision on this motion."  Troy Decl. ¶ 1.

A.  Governing Law

Federal Rule of Civil Procedure 23 sets out the requirements for certifying a class. "Under Rule 23(a), a class must meet the requirements of numerosity, commonality, typicality, and adequacy," Wilson v. LSB Indus., Inc., 2018 WL 3913115, at *3 (S.D.N.Y. Aug. 13, 2018) (citing Fed. R. Civ. P. 23(a)(1)-(4)), as well as an "implied requirement of ascertainability," In re

Initial Public Offerings Sec. Litig., 471 F.3d 24, 30 (2d Cir. 2006).  Additionally, "the proposed

class must satisfy at least one of the three requirements listed in Rule 23(b)."  Wal-Mart Stores,

Inc. v. Dukes, 564 U.S. 338, 345 (2011).  One such requirement is "that the questions of law or

fact common to class members predominate over any questions affecting only individual

members, and that a class action is superior to other available methods for fairly and efficiently

adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Finally, "a court that certifies a class

must appoint class counsel."  Fed. R. Civ. P. 23(g)(1).

"Rule 23 does not set forth a mere pleading standard."  Dukes, 564 U.S. at 350.  "The

party seeking class certification bears the burden of establishing by a preponderance of the

evidence that each of Rule 23's requirements has been met."  Myers v. Hertz Corp., 624 F.3d

537, 547 (2d Cir. 2010), cert. denied, 565 U.S. 930 (2011).  While "[t]he Second Circuit requires

a liberal, rather than restrictive, interpretation of Rule 23 . . . [c]ourts have substantial discretion

in determining whether to certify a class."  City of Westland Police & Fire Ret. Sys. v. MetLife,

Inc., 2017 WL 3608298, at *2 (S.D.N.Y. Aug. 22, 2017).

Because we find plaintiffs' motion should be denied due to plaintiffs' failure to

demonstrate their counsel will adequately represent the class, we do not address the remaining

provisions of Rule 23(a) and (b).

B.  Adequacy of Counsel

Plaintiffs ask that we "appoint John Troy to serve as Class Counsel pursuant to the

requirements of FRCP 23(g)," Pl. Mem. at 13, as well as "Troy Law PLLC" ("Troy Law"), Pl.

Reply Mem. at 14; Class Mot. At 2.  Troy explains that he has "been litigating wage and hour

cases since 2009," that he has "extensive experience litigating issues of overtime violations,

record-keeping requirement violations, spread-of-hours violations, failures to timely pay wages,

statement to employee violations, notice to employee violations, paystub requirement violations, and time of hire wage notice requirement violations, both on individual and class bases," and supplies a "partial list" of his previous cases.  Troy Decl. ¶ 24.

"When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4)."  Fed. R. Civ. P. 23(g)(2). The court must therefore "consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A).  Additionally, "[c]lass counsel must fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(4).  The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  As part of this analysis, courts in this district have considered the conduct of counsel in the litigation at issue as well as in previous cases.  See Kingsepp v. Wesleyan Univ., 142 F.R.D. 597, 599–603 (S.D.N.Y. 1992), reconsideration denied, 1992 WL 230136 (S.D.N.Y. Sept. 3, 1992).  While the adequacy analysis was previously performed pursuant to Fed. R. Civ. P. 23(a)(4), "[a]s a result of the 2003 amendments to the Federal Rules of Civil Procedure . . . the issue of class counsel's adequacy is now guided by Rule 23(g)."  Kulig v. Midland Funding, LLC, 2014 WL 5017817, at *2 (S.D.N.Y. Sept. 26, 2014), reconsideration denied, 2014 WL 6769741 (S.D.N.Y. Nov. 20, 2014).  Despite this change, "the contours of the Court's analysis remain the same."  Id.

Both the Taste of Mao and the Hunan Defendants argue plaintiffs' counsel is inadequate to serve as class counsel.  See Hunan Def. Opp. at 24; Cross Mem. at 29-31.  While Troy has

expended some effort in litigating the claims here, and possesses some knowledge of and experience in the applicable law, see Troy Decl. ¶ 24, the conduct of Troy and his firm, Troy Law, in previous cases and in the instant litigation compels the conclusion that John Troy and Troy Law are not adequate to serve as class counsel.

Recently, the Second Circuit upheld the decertification of a class due to inadequate representation by Troy and Troy Law.  See Jin v. Shanghai Original, Inc., 990 F.3d 251, 262 (2d Cir. 2021).  In Jin, the district court had decertified the class five days before trial after counsel indicated it would call only two class members as witnesses despite "witness testimony" being "crucial to prove the [defendants'] liability."  Id. at 255-56.  In upholding the decertification, the Second Circuit found that "[t]he record [was] replete with counsel's shortcomings" including that  Troy and Troy law

> (1) attempted numerous times to delay trial without any meritorious basis; (2) had the court reopen discovery to conduct twenty-eight depositions related to the [defendants'] alleged misconduct but conducted only three and failed to inform the court until over a month after they abandoned depositions; (3) repeatedly failed to submit a witness list that complied with [the district judge's] instructions; and (4) in its final revised list, indicated they would only call two class members as witnesses despite indications in the [joint pre-trial order] of the significance of class-member testimony.

Id. at 263.

During the briefing of the instant motion, the Hunan Defendants pointed to the district court's decertification decision in Jin in their brief, noting that "the entire class was decertified due to Plaintiffs' counsel's no longer zealous, competent representation."  Hunan Def. Opp. at 24 (punctuation omitted).  Tellingly, Troy gave no explanation justifying counsel's conduct in Jin, instead simply restating the standard for appointment of counsel, reiterating that counsel "has extensive experience in litigating complex employment cases," and arguing that "[b]ased on the resources counsel has already invested in this matter, and the quality of work performed on

Plaintiffs' behalf, Troy Law PLLC should be appointed as class counsel." Pl. Reply Mem. at 13-14.

The derelictions described in Jin might by themselves have justified denial of the class certification motion here. But there is in fact evidence of other serious derelictions by Troy and Troy Law. To begin with, another judge has recently rejected Troy Law as class counsel. In Rodpracha v. Pongsri Thai Rest. Corp., 2021 WL 1733515 (S.D.N.Y. Mar. 22, 2021), the court found Troy Law to be inadequate "to represent the putative class, either for settlement or trial, precluding class certification for either purpose." See id. at *2. The court noted a number of failings by an attorney for the firm, see id. at *1-2, and concluded "that, regardless of its professed level of experience in wage-and-hour cases, Troy Law has shown a tendency towards prejudicial neglect of its clients' interests." Id. at *2 (citations omitted). Rodpracha further noted that that this conclusion had been "expressed by other judges, in this district and elsewhere." Id. (citations omitted).

Apart from the extraordinary fact that courts in two separate cases have refused to allow Troy Law to serve as class counsel, other courts have imposed sanctions as a result of Troy's conduct or the conduct of attorneys at Troy Law. In Jianshe Guo v. A Canaan Sushi Inc., 2019 WL 1507900 (S.D.N.Y. Apr. 5, 2019), after counsel failed to file a "revised default judgment motion," id. at *2, the court dismissed the case for failure to prosecute, and imposed monetary sanctions against Troy, his associate Aaron Schweitzer, and another associate at Troy Law, id. at *3-5. The court observed that

> counsel has repeatedly failed to comply with this Court's deadlines, despite extensive experience with this Court and in this District. See Docket Nos. 24, 25, 48, 50, 52, 53, 57. Those failures have caused the Court and its staff to expend resources reminding counsel of its need to adhere to deadlines. See, e.g., Docket Nos. 51, 57; Hu v. Tea Pot 88, Inc., No. 18-CV-12158, Docket No. 30; Luo v. Kaiyi Inc., No. 18-CV-3101, Docket No. 31. The Court also expended

considerable time and effort reviewing Plaintiff's motion for default judgment (indeed, the Court suspects that it spent more time reviewing it than counsel spent preparing it) before concluding that the motion was so patently defective that it could grant Plaintiff no relief.  See Docket Nos. 57, 60.  This meant that the Court's time reviewing the motion was wasted.  To make matters worse, because counsel failed to file a revised motion for default judgment, all of its efforts to explain to counsel the specific ways in which the motion was defective were also wasted.

Id. at *4.

Last year, a judge in another case imposed monetary sanctions against Troy and

Schweitzer.  See Guangqing Lin v. Teng Fei Rest. Grp. Inc., 2020 WL 264407 (S.D.N.Y. Jan.

17, 2020), reconsideration denied, 2020 WL 429128 (S.D.N.Y. Jan. 27, 2020).  Lin explained

that

Troy Law failed to submit jointly proposed jury instructions, a jointly proposed verdict sheet, or exhibits in usable form, either by the Court-ordered deadline of December 20, 2019, or by counsel's belatedly requested extended deadline of December 26, 2019.  This failure has persisted despite multiple calls from the Court inquiring about the status of the missing filings.  The Court should not be forced to expend unnecessary time and staff resources to solicit compliance with the deadlines it sets, and this Court's experience with Troy Law in this regard is apparently not unique.  See Guo, 2019 WL 1507900, at *1 n.1 (collecting cases demonstrating that, "despite extensive experience with this Court and in this District," "[c]ounsel from Troy Law frequently fail to submit required filings to this Court until they are reminded to do so by the Court's staff").

Id. at *3.  Lin required each attorney to pay $1000 as a civil sanction.  Id. at *5.

In Panora v. Deenora Corp., 2021 WL 736414 (E.D.N.Y. Feb. 25, 2021), attorneys of

Troy Law including Troy were sanctioned $2000 plus attorney's fees for sending out a collective

action notice that had not been approved by the Court.  Id. at *1-3.  The Court found that "it was

patently improper for plaintiff's counsel to send out a different notice than the one approved by

the Court."  Id. at *1.  It noted that "[t]he reason for the bait-and-switch is clear: counsel wanted

to induce more putative plaintiffs to join the action, but he knew that defense counsel would not

consent to [the changes made] and that I might not approve them if challenged."  Id.  The court

found that "[s]anctions [were] clearly in order" and referred to counsel's "bad faith." Id. at *3. The court's order also noted there had been "other misconduct" not even discussed in the sanction order. See id.

Courts have imposed sanctions on Troy Law on many other occasions. See Yi Mei Ke v. J R Sushi 2 Inc., 2021 WL 965037, at *1-3 (S.D.N.Y. Mar. 15, 2021) (imposing non-monetary sanctions against Troy Law after counsel failed "to take six party depositions," which the court had reopened discovery for 90 days to allow counsel to take, and counsel's only explanation was that they were "too busy"); Jianjun Chen v. WMK 89th St. LLC, 2020 WL 2571010, at *7-10 (S.D.N.Y. May 20, 2020) (imposing monetary sanctions against Troy Law after determining counsel had failed to properly serve defendant and made bad faith arguments that it had done so) (observing "Troy Law [had] . . . played far too fast and loose with their ethical and professional responsibilities during the pendency of [the] litigation"); Chun Lan Guan v. Long Island Bus. Inst., Inc., 2019 WL 3807455, at *1 (E.D.N.Y. Aug. 13, 2019) (upholding the imposition of sanctions against Troy Law "because counsel failed three times to submit a draft joint pretrial order . . . to Defendants' counsel that complied with [the] Court's individual rules, in accordance with the deadlines set by" the magistrate judge). The Court suspects that the vast majority of litigating attorneys go their entire careers without ever being sanctioned by a court. The fact that Troy and Troy Law have been sanctioned more than once would by itself provide evidence of their lack of adequacy to represent a class.

Even where Troy Law has successfully litigated a case, its performance has been found lacking. In Yuajian Lin v. La Vie En Schezuan Rest. Corp., 2020 WL 1819941 (S.D.N.Y. Apr. 9, 2020), the court observed multiple deficiencies in counsel's representation, which it attributed

to Troy as "the principal of Troy Law" and therefore decreased his hourly fee rate.  Id. at *4-5.

The court went into detail regarding Troy Law's performance throughout the litigation observing

> that the pre-trial management of [the] case by Troy Law was uneven at best,
> leading to a trial that was marked by inadequate preparation and organization.
> Even when the case was supposedly trial ready, the Court discovered problems in
> its development and posture, as [one] plaintiff . . . had opted into the case with
> respect to his FLSA claims, but counsel had never sought leave to amend the
> pleading to add his NYLL claims (which [the plaintiff] nonetheless wished to
> present at trial), and as the Docket reflected that Defendants had actually never
> answered the operative complaint.  Although the latter problem demonstrates
> neglect on Defendants' part, Plaintiffs nevertheless had a responsibility to ensure
> that their case was actually ready for trial, and it was not.  Plaintiffs apparently
> did not even realize that either of these particular problems existed; rather, the
> Court raised (and researched) the issues itself, ultimately allowing Plaintiffs to
> present evidence on [plaintiff's] NYLL claims, and to move to amend their
> Second Amended Complaint, on the record, to conform to the evidence adduced
> at trial, see Fed. R. Civ. P. 15(b)(2), and permitting Defendants to file an untimely
> Answer, immediately before trial (see Dkt. 109).
>
> As for the trial itself, the Court learned, in the middle of a cross-examination, that
> Troy Law had misrepresented the content of a witness affidavit (which had been
> submitted in lieu of live direct testimony).  Specifically, counsel had represented
> to the Court that two sworn versions of the affidavit (one that was in English only
> and another that was in both Mandarin and English) were substantively identical,
> when they apparently were not.  Upon discovering the discrepancy, the Court
> essentially had to pause the trial and take the testimony of Ms. Troy – who had
> prepared the Mandarin translation – in order to understand why the versions
> differed. . . .
>
> Additionally, the Court raised important legal and evidentiary issues sua sponte,
> and expended its own time and effort to understand those issues because Plaintiffs
> had failed to raise or brief them.  As just one example, both parties took testimony
> from several witnesses regarding how many meal breaks Plaintiffs had each day
> and whether Defendants had provided them with food during those breaks, but
> Plaintiffs had made no argument that they were entitled to have a "meal credit"
> factored into their wages, or pointed to any other reason why this testimony
> regarding Plaintiffs' meals was legally relevant.  Although this issue was raised
> by the Court with Plaintiffs' counsel early in the trial, counsel addressed it only in
> a post-trial brief, which was filed close to midnight the night before the day on
> which the Court had announced that it would make its findings of fact and
> conclusions of law on the record, and over a week after the trial had ended.
> (See Dkt. 116.)

Id. at *4 (emphasis in original).  The Court found that Troy "as the head of Troy Law" was the

"attorney responsible for the conduct of the case," even though his associate did much of the

work.  Id. at *4-5. In fixing Troy's hourly rate, it noted a number of courts that had reduced

Troy's requested rate "where Troy's performance at trial demonstrated a lack of skill and/or

professionalism."  Id. at *3.  Lin provided quotations from other cases on this point:

> Hui Luo v. L & S Acupuncture, P.C., No. 14 Civ. 1003 (BMC), 2015 WL
> 1954468, at *2 (E.D.N.Y. Apr. 29, 2015) (noting that court could not justify a rate
> for Troy in excess of $300 per hour, where, inter alia, "[t]he trial was very rough
> in terms of demonstrating Mr. Troy's ability to formulate questions according to
> the rules of evidence"), aff'd, 649 F. App'x 1 (2d Cir. 2016); Shanfa Li [v.
> Chinatown Take-Out Inc.], 2019 WL 3715086, at *6 [(S.D.N.Y. Aug. 7, 2019)]
> (noting that "Mr. Troy's conduct during trial was lacking," and that he
> "repeatedly interrupted the Court, was disrespectful, and struggled to pose clear
> questions," warranting a reduction in his requested rate to $300/hour).

Lin, 2020 WL 1819941 at *3.  We note that this is but a sampling of cases where Troy or Troy

Law's conduct has been found wanting.  There are many other cases that have noted similar

misconduct.  See Bao Guo Zhang v. Shun Lee Palace Rest., Inc., 2021 WL 634717, at *18

(S.D.N.Y. Feb. 16, 2021) (finding that that Troy Law had asserted "meritless claims through its

opposition to the settlements of [two individuals] and related motion for reconsideration"

inasmuch as Troy Law "no longer represent[ed]" these individuals); Shiqiu Chen v. H.B. Rest.

Grp., Inc., 2020 WL 115279, at *12 n.20 (S.D.N.Y. Jan. 9, 2020) (observing this was "yet

another instance in which . . . Troy Law PLLC has submitted conflicting sworn testimony" and

that "[t]his course of conduct raises concerns about counsel's diligence in meeting ethical

obligations to sufficiently investigate matters before they are filed and to guard against and take

appropriate action with respect to submission of false testimony") (punctuation omitted); Feng

Lin v. Quality Woods, Inc., 2019 WL 1450746, at *3-6 (E.D.N.Y. Jan. 28, 2019) (finding that

service was not properly made on all defendants and observing that "[t]his is not the first time

th[e] Court has raised serious questions about the submissions made by Troy") (citations omitted).

While not as abysmal as some of the conduct described in other cases, counsel's conduct in the instant case gives us no reason to believe that counsel can be trusted with the grave responsibility of representing a class.  Counsel cancelled multiple depositions for plaintiffs at the last minute in this case, sometimes on the day of the scheduled depositions, see Dismissal R&R at 2, and finally had to inform defendants that three plaintiffs had left for China and that they had lost contact with another three, id. at 5-6.  While it is certainly possible that plaintiffs failed to keep in contact with their attorneys, the last-minute cancellation of depositions more likely reflects counsel's failure to keep opposing counsel apprised of their clients' status.

Counsel has also continued its pattern of missing court deadlines.  See Am. Comp. Op. at 1 n.1 (plaintiffs missed the deadline to file their reply brief for their motion to amend the complaint, did not request an extension until two weeks after the brief was due, and then filed their brief "[w]ithout waiting for a ruling on the extension"); Letter Motion for Extension of Time, filed May 11, 2018 (Docket # 86) (applying for extension of time to complete discovery two months after discovery was scheduled to have closed and the same day the joint pretrial order was due).  The Court has been forced to repeatedly deny motions because counsel repeatedly failed to comply with the Court's Individual Practices.  (See Docket ## 104, 123, 125, 131, 177, 216).

One serious failing was noted in the Court's ruling on the plaintiffs' motion to amend. Counsel sought to add six new defendants to this case in its motion filed on November 4, 2019 (Docket # 148).  The Court denied the request because of counsel's unexplained failure to pursue this remedy diligently.  As the Court stated:

13

> [P]laintiffs admit that they became aware of these new proposed defendants on
> April 1, 2019, during the deposition of Zhenqi Xiao.  <u>See</u> Deposition Transcript of
> Zhenqi Xiao, dated April 1, 2019 (Docket # 148-3); <u>see also</u> Pl. Mem. at 7-8.  The
> plaintiffs took no action before the June 17, 2019, discovery deadline expired to
> include them as parties.  Indeed, they did not file this motion to amend until
> November 2019.  Plaintiffs give no explanation that would excuse this delay.

Am. Comp. Op. at 6.  Additionally, in the same ruling, the Court noted that plaintiffs had

erroneously stated (and presumably believed) that discovery had not concluded when in fact it

had closed.  <u>Id.</u> at 7.  The prejudice to Troy Law's clients from the denial of permission to name

the six new defendants is unknown.  But at a minimum, Troy Law's conduct in this regard

represents a serious dereliction of responsibility.[2]

"Competent representation by class counsel is crucial to the prosecution of a class

action."  <u>Jin</u>, 990 F.3d at 262.  Given the litigation history of Troy and Troy Law in this Circuit

as well as conduct throughout the present litigation, we cannot find Troy or Troy Law will serve

as adequate class counsel.  Accordingly, plaintiffs' motion for Rule 23 class certification should

be denied.  <u>See Russel v. Forster & Garbus, LLP</u>, 2020 WL 1244804, at *7-8 (E.D.N.Y. Mar. 16,

2020) (class certification denied in part due to plaintiff's failure "to prove adequate . . . class

counsel" as a result of counsel's conduct in the current litigation and because "Plaintiff's counsel

ha[d] engaged in a pattern of abandoning his cases") (punctuation omitted); <u>Kulig</u>, 2014 WL

5017817, at *3-6 (class certification denied due to counsel's failure to communicate a settlement

offer to his client and the court's observation "that [it was] not the first time a court ha[d] taken

---

[2]   While minor in comparison with the failings described above, counsel's briefs contain glaring and inexcusable errors, including misnaming what businesses employed plaintiffs, <u>see</u> Pl. Mem. at 2; incorrectly naming the district court of the current litigation, <u>id.</u> at 16 ("The Eastern District is the ideal forum for this litigation . . ."); and incorporating an entire paragraph accusing defendants of "threaten[ing] parties and potential witnesses" that obviously relates to a different case, <u>see id.</u> at 15 (citing docket entries that do not exist in this case).

notice of troubling conduct by plaintiff's counsel in connection with individual settlement

offers"); <u>Auscape Int'l v. Nat'l Geographic Enters., Inc.</u>, 2003 WL 23531750, at *9 (S.D.N.Y.

July 25, 2003) (finding counsel were inadequate representatives where they had "been

sanctioned by [the] Court and ha[d] been repeatedly criticized extensively for their behavior in

other actions"); <u>Kingsepp</u>, 142 F.R.D. at 602 (denying plaintiff's motion for class certification

where counsel's "misconduct in prior litigations provide[d] a sufficient basis for th[e] Court to

conclude that he [was] not an adequate representative for the putative class," and that counsel's

"handling of th[e] [instant] action provide[d] a separate independent basis for concluding that he

[was] not adequate class counsel").

## III. TASTE OF MAO DEFENDANTS' CROSS-MOTION

The Taste of Mao Defendants purport to bring a "Cross-Motion to Dismiss."  Cross Mot.

at 1.  The notice of cross-motion states that it seeks to "dismiss[] from this case the following

plaintiffs certified by the Court as FLSA collective plaintiffs: Shi Meng Chen, Yong Kang Liu,

Xinlong Liu and Qifang Chen."  <u>Id.</u> at 2.[3]

As for the cross-motion to dismiss, we note that no permission was given for defendants

to move on this basis, as is required by the Court's Individual Practices.  <u>See</u> Individual Rules of

---

[3]  The Taste of Mao Defendants' reply brief lists two additional plaintiffs whom they
contend should be dismissed: Wei Min Zhu and Pingjin Fan.  <u>See</u> Taste of Mao Def. Reply at 2,
2 n.4, 6.  Additionally, in their reply brief, Taste of Mao Defendants purport to "submit . . . a
FRCP 12(b)(1),(6) branch, amending the Cross-Motion."  <u>Id.</u> at 2.  Inasmuch as none of this was
mentioned in the original motion, we do not consider these additions.  <u>See</u> <u>Ernst Haas Studio,
Inc. v. Palm Press, Inc.</u>, 164 F.3d 110, 112 (2d Cir. 1999) ("new arguments may not be made in a
reply brief") (per curiam); <u>Shields v. ACI Direct, Inc.</u>, 2014 WL 6879134, at *2 n.24 (N.D. Ohio
Dec. 4, 2014) ("The Court will not consider a new motion made in a reply brief."); <u>Joseph v.
Nichell's Caribbean Cuisine, Inc.</u>, 862 F. Supp. 2d 1309, 1314 (S.D. Fla. 2012) ("[T]he Court
notes that Defendant is improperly raising an entirely new motion in its Reply that was not
presented in Defendant's Motion.  For this reason alone, Defendant's untimely motion is due to
be denied as to Plaintiffs FLSA retaliation claim.").

Practice of Magistrate Judge Gabriel Gorenstein, dated January 29, 2020, ¶ 2.A.  In fact, this court denied defendants' request to bring a motion for summary judgment due, in part, to the lateness of the request.  See Order, filed October 23, 2020 (Docket # 236), at 3.  Yet it appears the request to dismiss certain plaintiffs is based on evidence dehors the pleadings, and thus the request is indistinguishable from a motion for summary judgment.  In any event, the only rule mentioned in the notice of cross-motion, Fed. R. Civ. P. 23, is not applicable to the relief sought. See Local Civil Rule 7.1(a)(1) (requiring all motions include "[a] notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion").  The memorandum accompanying this notice of cross-motion similarly does not cite to any rule that would permit the dismissal of these plaintiffs.  Thus, the motion must be denied for any of these reasons.

For what it is worth, we note that the Taste of Mao Defendants' initial memorandum contains a brief argument in which it seeks to "decertify FLSA conditional class certification, to dismiss the FLSA claims and vacate pendent jurisdiction."  Cross Mem. at 31.[4]  None of this relief was mentioned in the notice of motion and thus must be denied.  See Local Civil Rule

---

[4]  The request for "decertification" refers to the two-step process approved by the Second Circuit for FLSA collective actions:

> At step one, the district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law. [Myers,] 624 F.[3]d at 555.  At step two, with the benefit of additional factual development, the district court determines whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs.  Id.

Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 540 (2d Cir. 2016).

7.1(a)(1).  In any event, this section of the memorandum provides no grounds on which to "decertify" the collective action.  Additionally, plaintiffs amended the complaint and added all opt-in plaintiffs as named plaintiffs.  See Am. Comp.  Thus, it is unclear what would be the effect of "decertifying" the collective action.  Accordingly, the Taste of Mao Defendants' cross-motion to decertify the collective action should be denied.

IV.  <u>CONCLUSION</u>

For the foregoing reasons, plaintiffs' motion for class certification (Docket # 217) and Taste of Mao Defendants' cross-motion (Docket # 237) should be denied.

<b><u>PROCEDURE FOR FILING OBJECTIONS TO THIS<br>REPORT AND RECOMMENDATION</u></b>

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections.  <u>See also</u> Fed. R. Civ. P. 6(a), (b), (d).  A party may respond to any objections within 14 days after being served.  Any objections and responses shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections or responses must be directed to Judge Daniels.  If a party fails to file timely objections, that party <u>will not be permitted to raise any objections to this Report and Recommendation on appeal</u>.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.</u>, 596 F.3d 84, 92 (2d Cir. 2010).

Dated:  June 4, 2021
       New York, New York


_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

17