UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SHI MING CHEN, et al.,

                Plaintiffs,

-against-

A TASTE OF MAO, INC. *d/b/a* China Xiang,
ZHENQI XIAO, et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

17 Civ. 802 (GBD) (GWG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 2 0 2021

GEORGE B. DANIELS, United States District Judge:

      Plaintiffs Shi Ming Chen, Lianhe Zhou, Yong Kang Liu, Jixiang Wang, Wei Min Zhu, Baojun Tian, Xinlong Liu, Qifang Chen, and Pingjin Fan bring this collective action against Defendants, alleging claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Lab. L. §§ 650 *et seq.* (First Am. Compl. ("Complaint"), ECF No. 182, ¶ 1.) Plaintiffs, as former employees of Defendants, allege that Defendants failed to pay minimum wage, overtime, and spread of hours, and failed to provide wage notice and pay stubs. (*Id.* ¶¶ 1–5.) Plaintiffs moved for class certification under Federal Rule of Civil Procedure 23 on their NYLL claims. (Notice of Mot. for Class Certification, ECF No. 217.) Defendants A Taste of Mao, Inc. and Zhenqi Xiao ("Taste of Mao Defendants") cross-moved to dismiss the Complaint. (Notice of Cross-Mot. in Opp'n to Mot. to Certify Class and Dismiss Certain FLSA Collective Pls., ECF No. 237.)[1]

---

[1] The relevant factual and procedural background is set forth in greater detail in Magistrate Judge Gabriel W. Gorenstein's June 4, 2021 Report and Recommendation ("Report") and is incorporated by reference herein.

1

Before this Court is the Report, recommending that Plaintiffs' motion for class certification be denied because Plaintiffs' counsel is inadequate to serve as class counsel. The Report also recommends that Taste of Mao Defendants' cross-motion to decertify and dismiss the collective action be denied. (Report, ECF No. 259, at 1.) Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 17.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.

## I.  LEGAL STANDARD

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II.  THE REPORT IS ADOPTED

### A. Plaintiffs' Motion for Class Certification.

Magistrate Judge Gorenstein properly determined that John Troy and Troy Law PLLC (together, the "Troy Firm") would not serve as adequate class counsel. As he correctly points out, the Troy Firm has consistently demonstrated its inadequacy as class counsel in several previous cases, in which it has been sanctioned or reprimanded for its inability to represent class plaintiffs zealously and competently in other FLSA and NYLL cases. (Report at 7–15 (collecting cases).) For example, in *Jin*, the Second Circuit upheld the decertification of a class represented by the

Troy Firm on the eve of trial because, among other things, the Troy Firm failed to call more than two class members as witnesses, even though class member testimony was crucial to the case, and "attempted numerous times to delay trial without any meritorious basis." (*Id.* at 7 (quoting *Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 262–63 (2d Cir. 2021)).) Counsel's conduct in the present case further demonstrates its inadequacy due to, *inter alia*, its failure to comply with court rules and deadlines. (*Id.* at 13.) Most notably, counsel failed to timely and diligently pursue a motion to amend the complaint to add multiple defendants, which resulted in a denial of Plaintiffs' request to amend. (*Id.*) Accordingly, Magistrate Judge Gorenstein correctly concluded that class certification should be denied because the Troy Firm would not fairly and adequately represent the proposed class.[2]

### B. Taste of Mao Defendants' Motion to Dismiss.

Magistrate Judge Gorenstein appropriately recommends that Taste of Mao Defendants' motion to dismiss be denied. (Report at 17.) First, the motion relies on evidence outside of the pleadings, which would transform the motion to one for summary judgment. (*See, e.g.*, Mem. of Law by Taste of Mao Defs. in Opp'n to Pls.' R. 23 Mot. & in Supp. of Cross-Mot., ECF No. 249, at 4–11 (relying on Plaintiffs' affidavits to argue that they fail to state FLSA claims).) Magistrate Judge Gorenstein, however, denied Defendants' October 19, 2020 request to file a motion for summary judgment due, in part, to its untimeliness. (Letter Mot. dated October 19, 2020, ECF No. 235; Order dated October 23, 2020, ECF No. 236, at 3.) Thus, the motion is denied because Taste of Mao Defendants cannot circumvent that denial by labelling their motion for summary judgment as one to dismiss. Second, Taste of Mao Defendants otherwise fail to articulate on what

---

[2] As Magistrate Judge Gorenstein appropriately concluded, since Plaintiffs' motion for class certification is denied due to inadequate class counsel, there is no need to address the remaining requirements for class certification. (Report at 5.)

basis it seeks to dismiss Plaintiffs' claims and on what grounds it seeks to decertify the FLSA collective action. (Report at 16–17.) Indeed, as Magistrate Judge Gorenstein points out, the only rule cited in the memorandum of law is Rule 23, which is not applicable to their request to decertify the FLSA collective. (*Id.* at 16.) Accordingly, Taste of Mao Defendants' motion to dismiss is denied.[3]

## III. CONCLUSION

Plaintiffs' motion for Rule 23 class certification, (ECF No. 217), is DENIED. Taste of Mao Defendants' cross-motion to dismiss, (ECF No. 237), is DENIED. The Clerk of Court is directed to close the motions accordingly.

Dated: New York, New York
August 20, 2021

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[3] Magistrate Judge Gorenstein appropriately declined to address new arguments raised in the Taste of Mao Defendants' reply brief. (Report at 15 n.3 (citing *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999)).)

4