```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SHI MING CHEN, et al.,                       :

                                             :         OPINION AND ORDER
                    Plaintiffs,
                                             :
           -v.-                                        17 Civ. 802 (GBD) (GWG)
                                             :
HUNAN MANOR ENTERPRISE, INC., et al.,
                                             :

                    Defendants.              :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

Plaintiffs are former employees of defendants' restaurants who brought suit seeking unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and the New York Labor Law §§ 190 et seq. ("NYLL"). Before the Court is defendants' motion to strike the jury trial demand contained in plaintiffs' First Amended Complaint ("FAC").[1] For the reasons set forth below, defendants' motion is granted.

I. BACKGROUND

The original complaint in this action was filed on February 2, 2017, and named six plaintiffs: Shi Ming Chen, Lianhe Zhou, Yong Kang Liu, Jixiang Wang, Wei Min Zhu, and Jian Cai. See Complaint, filed Feb. 2, 2017 (Docket # 1) ("Comp."). The complaint alleged, in relevant part, that the defendants had violated the FLSA and the NYLL by failing to pay minimum wages, id. ¶¶ 189-197, and failing to pay overtime wages, id. ¶¶ 203-215. The

---

[1] Defendants' Notice of Motion to Strike Jury Demand, filed Dec. 3, 2021 (Docket # 280); Memorandum of Law in Support of Motion to Strike Jury Demand, filed Dec. 3, 2021 (Docket # 281); Memorandum of Law in Opposition to Motion to Strike Jury Demand, filed Dec. 17, 2021 (Docket # 284) ("Pl. Opp."); Reply Memorandum of Law in Support of Motion to Strike Jury Demand, filed Dec. 24, 2021 (Docket # 285) ("Def. Reply").

complaint also brought claims under the NYLL alone for failure to pay spread of time pay, retain payroll records, provide a time-of-hire wage notice, and provide detailed paystub information. Id. ¶¶ 220-36.  The complaint purported to bring claims on behalf of all workers similarly situated, id. ¶ 1, and requested that a notice be sent to these workers allowing them to opt in to the lawsuit, id. at 47.  The complaint did not include a jury demand.

On November 4, 2019, plaintiffs filed a motion for leave to amend the complaint.  See Motion for Leave to File Amended Complaint, filed Nov. 4, 2019 (Docket # 148) ("Mot. to Amend").  Plaintiffs sought to amend their complaint for four purposes:

> (1) to remove defendants who have had all claims against them dismissed; (2) to add individuals who filed forms consenting to join the suit under 29 U.S.C. § 216(b) and factual allegations related to those individuals; (3) to change the names of defendants who were sued with incorrect names or who also have an alias; and (4) to add as defendants a corporation called 200 CPS Investment Corp. as well as five new individual defendants who the proposed FAC alleges are part-owners and managers at defendants' restaurants.

See Shi Ming Chen v. Hunan Manor Enter., Inc., 437 F. Supp. 3d 361, 365 (S.D.N.Y. 2020). Plaintiffs' motion did not request to amend their complaint to add a jury demand.  Included as an exhibit to plaintiffs' motion was the text of the proposed amended complaint, which showed the precise textual changes plaintiffs sought to make to the original complaint.  See Proposed FAC, annexed as Ex. 2 to Mot. to Amend.  Although this document indicated the proposed changes in named parties and the addition of allegations relating to those parties, it did not reflect the addition of a jury demand.

This Court granted in part and denied in part plaintiffs' motion to amend.  See Shi Ming Chen, 437 F. Supp. 3d at 363-64.  The Court permitted plaintiffs to eliminate the names of various defendants, id. at 365, and to change the names of certain existing defendants, id.  The Court also permitted plaintiffs to add factual allegations relating to several opt-in plaintiffs who

had filed FLSA forms to join the action. Id. at 365-366. The Court noted that this would have no effect on these plaintiffs' FLSA claims, but granted the request because "it appears that these individuals seek to be included in order to obtain relief under the NYLL." Id. at 366. The Court explained that this addition would not prejudice defendants, that the "factual allegations [plaintiffs] propose to add are equally pertinent to claims under the FLSA," and that neither party indicated that discovery would not be effectively coextensive for each set of claims. Id. The Court denied plaintiffs' request to add additional defendants. Id. at 366-67. The Court ordered plaintiffs to file "an amended complaint in conformity with this decision." Id. at 367.

The plaintiffs' amended complaint included the additional named plaintiffs as indicated in the motion to amend, as well as nearly two hundred paragraphs of allegations relating to these newly named plaintiffs. See FAC ¶¶ 177-360. The amended complaint also added at its end a paragraph demanding a trial by jury. See id. ¶ 415 ("Plaintiffs demand a trial by jury on all issues so triable.").

On November 17, 2021, defendants filed a letter with the Court indicating that, during preparation of a proposed pre-trial order, the parties had disputed whether plaintiffs properly demanded a jury trial. See Letter from Michael R. Curran, filed Nov. 17, 2021 (Docket # 277). Defendants then filed the instant motion to strike plaintiffs' jury demand in the amended complaint.

II. LEGAL STANDARD

Fed. R. Civ. P. 38(b)(1) provides that a party may demand trial by jury by "serving the other parties with a written demand — which may be included in a pleading." The deadline for such a demand is "no later than 14 days after the last pleading directed to the issue is served." Thus, where the timing is predicated on the amendment of a complaint, "the right to demand a

jury trial is revived . . . only if the amendment changes the issues." Lanza v. Drexel & Co., 479 F.2d 1277, 1310 (2d Cir. 1973). "[I]t is well settled that an amendment does not revive a right previously waived to demand a jury trial on issues already framed by the original pleadings." Am. Home Prods. v. Johnson & Johnson, 111 F.R.D. 448, 450 (S.D.N.Y. 1986); accord W. Geophysical Co. of Am. v. Bolt Assocs., Inc., 440 F.2d 765, 769 (2d Cir. 1971) ("[W]hen a party has waived the right to a trial with respect to the original complaint and answer by failing to make a timely demand, amendments of the pleadings that do not change the issues do not revive this right."); Cote v. United of Omaha Life Ins. Co., 2016 WL 868158, at *2 (D. Conn. Mar. 7, 2016) ("Although an amended pleading may revive Rule 38's fourteen-day window, to do so, the amendment must raise a new issue, other than the missing jury demand.").

In this context, an "'issue' means something more than the evidence offered and the legal theories pursued." Rosen v. Dick, 639 F.2d 82, 94 (2d Cir. 1980). A court evaluating whether a pleading raises a new issue should consider "whether the amendment changes 'the character of the suit,' or the ultimate issue for decision." Lastra v. Weil, Gotshal & Manges LLP, 2005 WL 551996, at *2 (S.D.N.Y. Mar. 8, 2005) (quoting Rosen, 639 F.2d at 96). Most obviously, "[a]n amended complaint asserting new theories of recovery, based on the same facts as the original complaint, will not renew a defendant's right to a jury trial when that right was waived with respect to the original complaint." Westchester Day Sch. v. Vill. of Mamaroneck, 504 F.3d 338, 356 (2d Cir. 2007). But making new factual allegations in an amended complaint does not necessarily entitle a litigant to a renewed 14-day filing period. As one court has noted, "[a]t the very least . . . a 'new issue' does not exist unless there is a factual determination to be made by the jury that falls outside the matrix of fact already covered in the pleadings." Virgin Air, Inc. v. Virgin Atl. Airways, Ltd., 144 F.R.D. 56, 58 (S.D.N.Y. 1992).

Compliance with Fed. R. Civ. P. 38(b) is not the only means by which a party may obtain a trial by jury. Fed. R. Civ. P. 39(b) provides that any issue for which a jury trial has not been properly demanded is to be tried by the court, except that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." However, "despite the discretionary language of Rule 39(b)[,] some cause beyond mere inadvertence must be shown to permit granting an untimely demand." Higgins v. Boeing Co., 526 F.2d 1004, 1006 n.2 (2d Cir. 1975) (per curiam) (citing Galella v. Onassis, 487 F.2d 986 (2d Cir. 1973)); accord Westchester Day Sch., 504 F.3d at 356 ("inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b)").

III.  DISCUSSION

   A.  Timeliness of Defendants' Motion

The Court rejects plaintiffs' argument that defendants' motion to strike the amended complaint's jury demand is untimely. See Pl. Opp. at 5. "[A] court has the discretion to permit a motion to strike a jury demand at any time, even on the eve of trial." Bear, Stearns Funding, Inc. v. Interface Grp.-Nevada, Inc., 2007 WL 3286645, at *3 (S.D.N.Y. Nov. 7, 2007). "[C]ourts will entertain late-filed motions to strike a jury demand unless the party opposing the motion shows (1) an inexcusable delay by the movant and (2) prejudice as a result of the delay." Long Beach Rd. Holdings, LLC v. Foremost Ins. Co., 2019 WL 13072678, at *1 (E.D.N.Y. Apr. 4, 2019). Here, the Court agrees with defendants that their delay was excusable, see Def. Reply at 4, given that plaintiffs obtained leave from this Court to amend their complaint for only limited purposes, none of which related to the addition of a jury demand, see Shi Ming Chen, 437 F. Supp. 3d at 365. The demand for a jury was not contained in the proposed amended complaint, or even on the first page of the filed amended complaint as is commonly done, but was instead buried at the

end of the 415-paragraph document. It is thus understandable that defendants did not parse the amended complaint for a change to the original complaint that was neither proposed by plaintiffs nor authorized by the Court. Additionally, plaintiffs fail to identify any prejudice attributable to the timing of the motion beyond the expenditure of some limited time in preparing pretrial materials. See Pl. Opp. at 5. Defendants' motion is thus timely.

### B. Fed. R. Civ. P. 38(b)

We next address whether the amended complaint changed the issues in this case — that is, whether the amended complaint calls for "a factual determination to be made by the jury that falls outside the matrix of fact already covered in the pleadings." Virgin Air, 144 F.R.D. at 58.

Plaintiffs' principal argument is that the amended complaint raised new issues by alleging patterns of wage payments different from those alleged in the original complaint, which resulted in new forms of noncompliance with the NYLL and the FLSA. See Pl. Opp. at 2-4. Thus, plaintiffs assert that the amended complaint "raised the new issue of whether Defendants were entitled to take a tip credit with respect to" certain plaintiffs who were paid hourly wages — rather than flat salaries, as all original plaintiffs alleged they were paid. See Pl. Opp. at 3. Plaintiffs also claimed that other plaintiffs added by the amended complaint "raised for the first time the issue of whether their performance of non-tipped work for more than 2 hours or 20% of their work days disentitled Defendants to a tip credit." Id. Additionally, plaintiffs highlight new allegations involving "the propriety of the tip pool at 40 W 56th Street," id., and an allegation that plaintiff Baojun Tian "was not paid at his hourly pay rate for all hours worked," a distinct "mechanism of nonpayment" from other plaintiffs, id. at 4.[2]

---

[2] Some of the allegations that plaintiffs identify as having raised novel issues relate to plaintiffs whose claims were later dismissed. Compare Pl. Opp. at 3 (highlighting allegations by plaintiffs Guoqiang Xu, Min Jiang, Kingda Ke, and Guo Yong Zhu), with Memorandum

We cannot find, however, that these allegations create a new factual issue from which plaintiffs' right to a jury trial may be revived under Fed. R. Civ. P. 38(b). Courts are clear that an "'issue' means something more than the evidence offered and the legal theories pursued." Rosen, 639 F.2d at 94. The fact that certain employees were denied overtime pay in different ways, or were paid sub-minimum wages in different ways, does not create an issue that "falls outside the matrix of fact already covered in the pleadings." Virgin Air, 144 F.R.D. at 58. The core issues present in this case, both before and after the complaint was amended, included whether the defendants complied with the overtime and other requirements of the FLSA and the NYLL through the compensation of their employees, whether defendants provided the various notices required by the NYLL, and, if any violations are proven, the damages owed to the plaintiff employees. Because the amended complaint "concern[s] the same 'general area of dispute' as was raised in the original pleadings," Sunenblick v. Harrell, 145 F.R.D. 314, 317 (S.D.N.Y. 1993), its filing did not revive plaintiffs' right to a jury trial.

Indeed, when this Court authorized plaintiffs to file the amended complaint, we specifically noted the similarity between the claims of the plaintiffs added by the amended complaint and those raised by the original plaintiffs. See Shi Ming Chen, 437 F. Supp. 3d at 366. Because, as we said then, the "factual allegations [plaintiffs] propose to add are equally pertinent to claims under the FLSA as they are to claims under the NYLL," and because there was no suggestion that the plaintiffs' new claims would necessitate additional discovery, the Court discerned no prejudice to defendants and permitted the addition of the new plaintiffs in the amended complaint. Id. Thus, the Court had already concluded that the allegations added by the

---

Decision and Order of Aug. 24, 2020 (Docket # 211) (dismissing claims raised by Guoqiang Xu, Min Jiang, Kingda Ke, and Guo Yong Zhu).

amended complaint fell into the same "general area of dispute" raised in the original pleadings. Lanza, 479 F.2d at 1310; see also Bank of India v. Handloom House (India) Ltd., 629 F. Supp. 281, 283 (S.D.N.Y. 1986) ("When a party fails to demand a jury trial, he waives that right relating to all issues in the general area of dispute."). Additionally, we note that each cause of action stated in the amended complaint had been alleged in the original complaint. See Comp. ¶¶ 189-253; FAC ¶¶ 371-414.

Plaintiffs highlight various allegations added by the amended complaint that "evidenced Defendants' operation of a single integrated enterprise." See Pl. Opp. at 4. However, this issue had already been raised in the original complaint, which alleged that the corporate defendants were a "single and joint employer [with] a high degree of interrelated and unified operation, and share common management, centralized control of labor relations, common ownership, common control, [a] common website, . . . and interrelated business goals." Comp. ¶ 61.

We recognize that there was a significant change reflected in the amended complaint by virtue of the addition of new parties: that is, the naming of the FLSA opt-in plaintiffs in the caption of the amended complaint. Courts consistently hold, however, that merely adding parties, without raising issues beyond those contained in the existing pleadings, does not rekindle a right to a jury trial that has previously been extinguished by waiver. See, e.g., Bill Darrah Builders, Inc. v. Hall at Makena Place, LLC, 2017 WL 11139679, at *4 (D. Haw. Aug. 14, 2017) ("courts have consistently concluded that the mere addition of new parties does not revive the window to demand a jury trial") (citing cases); Sunenblick, 145 F.R.D. at 317 ("This mere addition of parties does not change the underlying claims or the nature of the relief desired and, therefore, does not revive plaintiff's right to a jury trial"); Virgin Air, 144 F.R.D. at 59 ("the addition of a new party does not revive a jury trial demand"); see also State Mut., 581 F.2d at

1049 ("[T]he mere addition of co-defendants one year after [the] expiration of [a party's] time to demand a jury [does not] revive[] its previously waived jury trial rights."); K. Mortg. Corp. v. Liberty Lending Corp., 1999 WL 61812, at *2 (S.D.N.Y. Feb. 10, 1999) ("The addition of parties to the action, either as defendants to the complaint (F.R.C.P. 19 & 20) or as defendants to the counterclaims (F.R.C.P.13(h)) does not enlarge the time of the original parties to demand trial by jury as to the issues raised by the original pleadings.") (citing cases).

In cases where the party demanding the jury trial is the very party that has been added through the amended pleading, some courts have concluded that applying Fed. R. Civ. P. 38(b) could "unfairly penalize" that party, see Levias v. Pac. Mar. Ass'n, 2010 WL 431884, at *8 (W.D. Wash. Jan. 27, 2010), especially where waiver is being imputed based on the conduct of another, see Swofford v. B & W, Inc., 34 F.R.D. 15, 17 (S.D. Tex. 1963), aff'd, 336 F.2d 406 (5th Cir. 1964). Whatever merit may inhere in that concern, it does not apply here because the plaintiffs newly named in the amended complaint were in fact already plaintiffs for purposes of their FLSA claims. See Shi Ming Chen, 437 F. Supp. 3d at 366. Indeed, the opt-in plaintiffs participated in discovery between the parties, including depositions, well before the amended complaint was filed. See, e.g., Email from Eric Li, dated Apr. 30, 2019, annexed as Ex. 29 to Affirmation of Aaron B. Schweitzer in Opposition to Motion for Sanctions, filed Feb. 28, 2020 (Docket # 193), at 4 (referencing a deposition notice for Pingjin Fan, among other opt-in plaintiffs). Listing these plaintiffs — who were already listed on the docket sheet prior to the filing of the amended complaint— in the case caption did not have the effect of raising a "new issue" relative to the original complaint. These individuals were already parties to the FLSA claims. The only change wrought by the filing of the amended complaint was to assert the NYLL claims on their behalf. See Shi Ming Chen, 437 F. Supp. 3d at 366. There is no

argument that a plaintiff who merely opts in to an FLSA case where a jury trial has not been demanded is entitled to the extended period allowed by Rule 38(b). Thus, the naming of the opt-in plaintiffs in the case caption should cause no change in their ability to demand a jury trial. Of course, as already noted, the addition of the opt-in plaintiffs' NYLL claims did not raise a new issue outside the general area of dispute established by the original complaint. The opt-in plaintiffs' FLSA claims were already part of the case and the opt-in plaintiffs joined the suit on clear notice that no jury trial had been demanded.

The Court's ruling finds support in Lopez v. MNAF Pizzeria, Inc., 2020 WL 1862315 (S.D.N.Y. Apr. 13, 2020). In Lopez, plaintiff Ivan Lopez filed a complaint alleging various FLSA and NYLL violations by his former employer. Id. at *1. Neither the original complaint nor the defendants' answer contained a jury demand. Id. When plaintiff filed an amended complaint adding an additional plaintiff and additional claims under the NYLL, defendants filed a jury demand with their answer. Id. at *2. The court ultimately held that the amended complaint asserted largely the same claims as were present in the original complaint and did not renew defendants' right to demand a jury trial. Id. at *3. The court rejected the argument that the addition of a plaintiff revived defendant's right to a jury trial merely "because facts specific to him are necessarily distinct from those that would support claims brought by Lopez." Id. Here, as in Lopez, although the facts specific to the opt-in plaintiffs are necessarily distinct from those that supported the claims of the original plaintiffs, the core issues to be resolved remain the same.

Because the amended complaint did not raise a new issue outside the general area of dispute alleged in the original complaint, the jury demand is untimely under Fed. R. Civ. P. 38(b)(1).

    C.  Fed. R. Civ. P. 39(b)

Plaintiffs ask that, if the Court determines that plaintiffs are not entitled to a jury trial based on compliance with Fed. R. Civ. P. 38(b), the Court should use its discretionary authority under Fed. R. Civ. P. 39(b) to permit this matter to be tried by a jury.  See Pl. Opp. at 4-5. Plaintiffs contend that judicial efficiency would not be undermined by a trial by jury, as "[t]he trial of this case is projected to be lengthy primarily due to the large number of parties (thus witnesses) and would not be significantly lengthened by the jury selection and deliberation processes."  Id. at 5-6.  However, aside from the contention that a trial by jury would not undermine judicial efficiency, plaintiffs do not provide this Court with a reason to exercise its discretionary authority under Fed. R. Civ. P. 39(b) to order a jury trial.  Plaintiffs have not identified, as required by the Second Circuit, "some cause beyond mere inadvertence," Higgins, 526 F.2d at 1006 n.2, for failing to timely demand a jury trial in the first place.  Because this Court cannot conclude that anything beyond mere inadvertence was to blame for the original complaint's omission of a jury demand, the Court does not exercise its discretion under Rule 39(b).

IV.  CONCLUSION

For the foregoing reasons, defendants' motion to strike the jury demand (Docket # 280) is granted.

SO ORDERED.

Dated: January 27, 2022
       New York, New York

                                                GABRIEL W. GORENSTEIN
                                                United States Magistrate Judge