**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
SHI MING CHEN, LIANHE ZHOU, YONG KANG
LIU, JIXIANG WANG, WEI MIN ZHU, BAOJUN
TIAN, XINLONG LIU, QIFANG CHEN, and
PINGJIN FAN,

                          Plaintiffs,      Case No. 17-cv-00802 (GBD) (GWG)

        v.

HUNAN MANOR ENTERPRISE, INC. d/b/a Hunan
Manor, HUNAN MANOR LLC d/b/a Hunan Manor,
HUNAN HOUSE MANOR INC d/b/a Hunan Manor,
HUNAN HOUSE RESTAURANT, INC. d/b/a Hunan
Manor, HUNAN HOUSE RESTAURANT NY LLC
d/b/a Hunan Manor, HUNAN HOUSE, INC. d/b/a
Hunan Manor, A TASTE OF MAO, INC. d/b/a China
Xiang, JINGCHAO LI a/k/a Jing Chao Li a/k/a Diana
Li, ZHIDA LI a/k/a Zhi Da Li, and ZHENQI XIAO,

                          Defendants.
------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**
**<u>ATTORNEYS' FEES AND COSTS</u>**

                                                 TROY LAW, PLLC
                                                 John Troy
                                                 Aaron B. Schweitzer
                                                 41-25 Kissena Boulevard
                                                 Suite 110
                                                 Flushing, NY 11355
                                                 Tel: (718) 762-1324
                                                 Fax: (718) 762-1342
                                                 troylaw@troypllc.com
                                                 *Attorneys for Plaintiffs*

# **CONTENTS**

**AUTHORITIES** .................................................................................................................................. ii

**ARGUMENT** ...................................................................................................................................... 1

    **I.    Plaintiffs' Application for Attorneys' Fees is Based Upon Reasonable Hours Worked and Reasonable Hourly Rates** ........................................................................ 1

        a.    **The Hours Spent on this Matter are Reasonable** ...................................................... 2

        b.    **The Hourly Rates Sought are Reasonable** ................................................................ 4

    **II.**    **Plaintiff Seeks Compensable Costs**............................................................................. 7

**CONLCUSION** .................................................................................................................................. 8

i


# AUTHORITIES

**Cases**

*Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509 (S.D.N.Y. 2011) .............................. 2, 6, 11

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F. 3d 182 (2d Cir. 2007, amended Apr. 10, 2008)..................................................................................... 2, 3

*Baoli Zhang v. New Beijing wok d/b/a Beijing Wok* et al 17-cv-09465 (S.D.N.Y. Mar. 3, 2020) . 8

*Blum v. Stenson*, 465 U.S. 886 (1984) ........................................................................................ 3

*Briese Lichttechnik Vertereibs GmbH v. Langton*, No. 09-cv-09790 (LTS) (MHD), 2010 U.S. Dist. LEXIS 107831 (S.D.N.Y. Oct. 4, 2010) ...................................................................... 2

*Cao v. Wu Liang Ye Lexington Rest., Inc.* No. 08-cv-03725, 2010 U.S. Dist. LEXIS 109373 (S.D.N.Y. Sep. 30 2010) ...................................................................................... 10, 12

*Cortes v. New Creators, Inc.*, No. 15-cv-05680 (PAE), 2016 WL 3455383, 2016 U.S. Dist. LEXIS 79757 (S.D.N.Y. June 20, 2016) ................................................................... 4

*Easterly v. Tri-Star Transp. Corp.*, No. 11-cv-06365 (VLB) (PED), 2014 U.S. Dist. LEXIS 180999, 2015 WL 337565 (S.D.N.Y. Jan. 23, 2015) ................................................ 4

*Gagne v. Maher*, 594 F. 2d 336 (2d Cir. 1979) ......................................................................... 2

*Grant v. Martinez,* 973 F. 2d 96 (2d Cir. 1992)............................................................................ 3

*Grochowski v. Ajet Constr. Corp.*, No. 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031, at *2 (S.D.N.Y. Mar. 27, 2002) .................................................................................................. 2

*Hassan v. New York City*, No. 11-cv-05382 (JBW) (VMS), 2014 U.S. Dist. LEXIS 26194 (E.D.N.Y. Feb. 10, 2014).................................................................................................. 5

*Hu et al v.226 Wild Ginger Inc. et al*, 1:17-cv-10161-JGK-KNF (S.D.N.Y., 2020)..................... 9

*Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281 (E.D.N.Y. 2012) ................................... 5

*Junmin Shen v. Number One Fresco Tortillas*, 16-cv-2015 (RWL) (S.D.N.Y. Feb. 19, 2019) ..... 8

*Kim v. 167 Nail Plaza, Inc.,* No. 05-cv-8560, 2008 U.S. Dist. LEXIS 111900 (S.D.N.Y. Nov. 24, 2008) *recommendation adopted*, 2009 U.S. Dist. LEXIS 1992 (S.D.N.Y. Jan. 12, 2009) ...... 11

*LeBlanc-Sternberg v. Fletcher*, 143 F. 3d 748 (2d Cir. 1998)..................................................... 10

*Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP  (S.D.N.Y. May 21, 2021) ................................................................................................... 7, 8, 9, 10

*Lora v. J.V. Car Wash, Ltd.*, No. 11-cv-09010 (LLS), 2015 U.S. Dist. LEXIS 155954, 2015 WL 7302755 (S.D.N.Y. Nov. 18, 2015) .................................................................................. 4

*Marquez v Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128 (S.D.N.Y. Nov. 10, 2014) ........................................................................................................... 11

*Morris v. Affinity Health Plan, Inc.* , 859 F. Supp. 2d 611 (S.D.N.Y. 2012) .............................. 11

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F. 2d 1136 (2d Cir. 1983), *abrogated on other grounds*, *Blum v. Stenson*, 465 U.S. 886 (1984) ............................................ 3

*Perdue v. Kenny A.*, 559 U.S. 542 (2010) ................................................................................... 3

*Rios v. Louya Corp.*, 2015 WL 5918194 (S.D.N.Y. Oct. 8, 2015) ................................................ 6

*Sajvin v. Singh Farm Corp.*, No. 17-CV-04032, 2018 U.S. Dist. LEXIS 137485 (E.D.N.Y. Aug. 13, 2018) ........................................................................................................................ 7

*Sanchez v. I&A Rest. Corp.*, 2017 WL 2537814 (S.D.N.Y. May 22, 2017) .................................. 6

*Tackie v. Keff Enterprises, LLC*, No. 14 Civ. 2074, 2014 U.S. Dist. LEXIS 130148, 2014 WL 4626229 ........................................................................................................................ 1, 6

*Tarsem Singh et al. v. Dany Restoration, Inc. et al.* 17-cv-03787 (S.D.N.Y., 2018) ................... 10

*Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402 (RLE), 2010 U.S. Dist LEXIS 90736 (S.D.N.Y. 2010) .............................................................................................................................. 6

*Yatao Wang v. Maxim International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617 ................................................................................................... 8, 9, 10

*Zhang v. Chongqing Liuyishou Gourmet NJ Inc*. 2:18-cv-10359-CCC-SCM (D.N.J. Nov. 26, 2019) .............................................................................................................................. 8

**Statutes**

N.Y. C.L.S. Labor § 198(1-a) ........................................................................................................ 1

N.Y. C.L.S. Labor § 633(1) ........................................................................................................... 1

**ARGUMENT**

By virtue of the Court's Decisions and Orders, Dkt. Nos. 351, 387, Defendants are found jointly and severally liable for violations of the New York Labor Law ("NYLL").

Under the NYLL, "[i]n any action instituted in the courts upon a wage claim by an employee… in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, [and] all reasonable attorney's fees…." N.Y. C.L.S. Labor § 198(1-a), N.Y. C.L.S. Labor § 633(1) (any employee paid less than the statutory minimum wage "shall recover in a civil action the amount of any such underpayments, together with costs [and] all reasonable attorney's fees"). Plaintiffs are prevailing parties entitled to recover attorneys' fees and costs under the FLSA and NYLL.

**I. Plaintiffs' Application for Attorneys' Fees is Based Upon Reasonable Hours Worked and Reasonable Hourly Rates**

In assessing attorneys' fees in wage and hour cases, courts "ordinarily award a lodestar fee, which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively." *See Tackie v. Keff Enterprises, LLC*, No. 14 Civ. 2074, 2014 U.S. Dist. LEXIS 130148, 2014 WL 4626229, at *6. The amount is calculated based on "(1) a consideration of the number of hours actually spent by counsel and other personnel that are deemed reasonably necessary to the successful outcome for the client and (2) the setting of reasonable hourly rates for counsel, a criterion most recently, if opaquely, described as 'the rate a paying client would be willing to pay.'" *Briese Lichttechnik Vertereibs GmbH v. Langton*, No. 09-cv-09790 (LTS) (MHD), 2010 U.S. Dist. LEXIS 107831, at *4 (S.D.N.Y. Oct. 4, 2010). The lodestar figure is thus often referred to as a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F. 3d 182, 190 (2d Cir. 2008). As in other civil rights cases, attorneys' fees in FLSA cases "need not

1

be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011). In considering a fee request, courts should thus avoid placing "an undue emphasis on the amount of plaintiff's recovery." *Id.* (quoting *Grochowski v. Ajet Constr. Corp.*, No. 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031, 2002 WL 465272 , at *2 (S.D.N.Y. Mar. 27, 2002)).

### a. The Hours Spent on this Matter are Reasonable

Plaintiffs may recover attorneys' fees through the preparation of their fee application. *See Gagne v. Maher*, 594 F. 2d 336, 343–344 (2d Cir. 1979). Accordingly, the Plaintiffs seek fees from the time they began client intake through the date of this application. Hours worked are deemed reasonable if, "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez,* 973 F. 2d 96, 99 (2d Cir. 1992). The time devoted to this action by Plaintiffs' counsel is set forth in detail in the contemporaneous time entries attached to the declaration of John Troy that specify, for each personnel, the date, the hours expanded, and the nature of work done. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F. 2d 1136, 1147–48 (2d Cir. 1983), *abrogated on other grounds*, *Blum v. Stenson*, 465 U.S. 886 (1984). A reasonable fee is "one that is sufficient to induce a capable attorney to undertake a representation of a meritorious… case." *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). The lodestar figure looks to "the prevailing market rates in the relevant community." *Id.* at 551 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The assessment of hourly rates involves the courts adopting the viewpoint of the client, and confirming that the hourly rates reflect "the rate[s] a paying client would be willing to pay." *Arbor Hill*, 522 F. 3d at 190. The prevailing market rates for attorneys in the Southern District is found in several recent decisions that review other court filings. See *e.g.*, *De Hui Mu v. Han Dynasty Nyu Corp.*, 2018 U.S. Dist. LEXIS 181110, at *6

2

(S.D.N.Y. Oct. 17, 2018) (finding associate with five years of experience's hourly rate of $325 reasonable in evaluating fairness of a settlement); *Pastor v. ABC Metro Cleaners, Inc.*, 2018 U.S. Dist. LEXIS 210589, at *5-6 (S.D.N.Y. Dec. 12, 2018) (finding fee of $450 reasonable for partner and $400 at senior associate reasonable in evaluating fairness of settlement). As for paralegal work, in recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable." Rosales, 2018 WL 286105, at *2.

"Courts in this District have held that counsel in FLSA actions may be reimbursed for reasonable fees and costs incurred in connection with related bankruptcy proceedings where such work is 'necessary for the resolution of the claims' in the FLSA lawsuit." *Cortes v. New Creators, Inc.*, No. 15-cv-05680 (PAE), 2016 WL 3455383, 2016 U.S. Dist. LEXIS 79757, at *17 (S.D.N.Y. June 20, 2016) (quoting *Lora v. J.V. Car Wash, Ltd.*, No. 11-cv-09010 (LLS), 2015 U.S. Dist. LEXIS 155954, 2015 WL 7302755, at *6–7 (S.D.N.Y. Nov. 18, 2015) (approving reimbursement where plaintiffs' counsel provided "a detailed and uncontested account of the work they performed in the bankruptcy case and the reasons that they needed to remain involved to safeguard their clients' interests")) (citing *Easterly v. Tri-Star Transp. Corp.*, No. 11-cv-06365 (VLB) (PED), 2014 U.S. Dist. LEXIS 180999, 2015 WL 337565, at *10 (S.D.N.Y. Jan. 23, 2015) (awarding fees in FLSA case for time plaintiff's counsel spent "on related matters including… the bankruptcy of individual defendants)).

Troy Law's appearance in and representation of Plaintiffs, as creditors, in the bankruptcy cases was necessary to obtaining the result herein. In the first place, this case would not have gone forward with respect to the three debtor corporations had we not moved successfully to lift the automatic stay. In the second place, Plaintiffs relied on information revealed in the bankruptcy cases to establish elements of their claims in this case (for instance, that Defendants were a large

3

employer within the meaning of the NYLL, and that the individual Defendants' ownership interests in the corporate defendants overlapped), as well as to attack individual Defendants' credibility (credibility determinations were a major part of the Court's decision-making following trial).

### b. The Hourly Rates Sought are Reasonable

Five years ago, "reasonable hourly rates in the Eastern District of New York "are approximately $300–$450 per hour for partners, $200–300 per hour for senior associates, and $100–200 per hour for junior associates" *See Hassan v. New York City*, No. 11-cv-05382 (JBW) (VMS), 2014 U.S. Dist. LEXIS 26194, at *5–6 (E.D.N.Y. Feb. 10, 2014)) (quoting *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 298–99 (E.D.N.Y. 2012) (internal citations omitted) (listing cases)). Similarly, the prevailing market rates for attorneys in the Southern District five years ago is found in several recent decisions that review other court filings. *See e.g., Sanchez v. I&A Rest. Corp*., 2017 WL 2537814, at *4 (S.D.N.Y. May 22, 2017) ($450 per hour for a wage and hour litigation partner who has practiced since 1980s was reasonable); *Rios v. Louya Corp.*, 2015 WL 5918194, at *3 (S.D.N.Y. Oct. 8, 2015) (courts in the district award hourly rates "between $350 and $450 for partners with significant employment litigation experience"); *Tackie*, 2014 WL, 4626229, at *7 ($400 per hour for partner with 11 years of wage and hour litigation was "consistent with prevailing rate for partners litigating wage and hour cases in" SDNY and EDNY); Gurung v. Malhotra, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012) (finding rates between $250 and $450 for experienced civil rights and employment law litigators); *Wong v. Hunda Glass Corp*., No. 09 Civ. 4402 (RLE), 2010 U.S. Dist LEXIS 90736 (S.D.N.Y. 2010). (awarding $350 per hour to two employment attorneys with twelve years of legal experience); *Allende*, 783 F. Supp. 2d. at 514-515 (finding rates of $450 for partners and for associates between $200 and $300, citing cases).

However, just as the New York State minimum wage has increased from $8.00 to $15.00 for New York City employers (an 87.5% increase) over the past five years, the prevailing market rates and caps for partners/ associates representing clients in wage-and-hour cases in the Second Circuit has increased as well. *See*, *e.g.*, *Sajvin v. Singh Farm Corp.*, No. 17-CV-04032, 2018 U.S. Dist. LEXIS 137485, at *25 (E.D.N.Y. Aug. 13, 2018) (allowing English-speaking only partner with 128 cases in the Eastern District of New York an hourly fee of $500 and an associate with only fifty wage and hour cases in total an hourly fee of $250). In *Sajvin*, Magistrate Reyes notes that "The passage of time warrants an increase in attorney's fees" in the Eastern District, since the upper limit of $450 was in place since 2013 because otherwise attorneys would choose to file in the Southern District two miles away instead.

Accordingly, as described in detail in the Declaration of John Troy, Plaintiffs' attorneys request hourly rates that are either on par or slightly above the rates routinely given in District Courts throughout this nation and as such request to grant Troy Law Managing Partner John Troy ($650), Managing Associate Aaron Schweitzer ($400), ex-Managing Associate George Byun ($375), ex-Associate Adam Dong ($300), ex-Associate Leanghour Lim ($250), Associate Tiffany Troy ($250), Managing Clerk Preethi Kilaru ($200), and Assistant Bella Ho ($150).

Mr. Troy has previously been awarded $600 per hour in *Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr. 27, 2022 Oral Order); $550.00 per hour in *Yong Xu v. Kealoha Sushi Inc. et al.,* 1: 19-cv-1185-PAE-SDA (S.D.N.Y. August 24, 2021); *Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP  (S.D.N.Y. May 21, 2021) (granting an hourly rate of $550 for all partner-level work); *Hu et al v.226 Wild Ginger Inc. et al*, 1:17-cv-10161-JGK-KNF (S.D.N.Y. Oct. 7, 2020); *Zhang v. Chongqing Liuyishou Gourmet NJ Inc*. 2:18-cv-10359-CCC-SCM (D.N.J. Nov. 26, 2019); $500 in *Yatao Wang v. Maxim*

*International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617 Final Award by Arbitrator Theodore K. Cheng (June 1, 2021); $450 in *Jian Hui Lin v. Joe Japanese Buffet Rest. Inc.*, No. 17 CV 3435 (WFK) (CLP), 2022 U.S. Dist. LEXIS 102773, at *14 (E.D.N.Y. June 7, 2022); $450 in *Chen v. Asian Terrace Rest., Inc.*, 507 F. Supp. 3d 430, 432 (E.D.N.Y. 2020); $400 in *Junmin Shen v. Number One Fresco Tortillas*, 16-cv-2015 (RWL) (S.D.N.Y. Feb. 19, 2019); $400 in *Baoli Zhang v. New Beijing wok d/b/a Beijing Wok* et al 17-cv-09465 (S.D.N.Y. Mar. 3, 2020); $400 in *Tarsem Singh et al. v. Dany Restoration, Inc. et al.* 17-cv-03787 (S.D.N.Y. Sept. 18, 2018).

Mr. Schweitzer was previously awarded $400 per hour in *Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr. 27, 2022 Oral Order); $350.00 per hour in *Yong Xu v. Kealoha Sushi Inc. et al.,* 1: 19-cv-1185-PAE-SDA (S.D.N.Y. August 24, 2021); *Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021); *Hu et al v.226 Wild Ginger Inc. et al*, 1:17-cv-10161-JGK-KNF (S.D.N.Y. Oct. 7, 2020); 2:18-cv-10359-CCC-SCM *Zhang v. Chongqing Liuyishou Gourmet NJ Inc*. (D.N.J. Nov. 26, 2019); $325 in *Yatao Wang v. Maxim International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617 Final Award (June 1, 2021), $225 per hour in *Junmin Shen v. Number One Fresco Tortillas*, 16-cv-2015 (RWL) (S.D.N.Y. Feb. 19, 2019); $225 per hour in *Baoli Zhang v. New Beijing wok d/b/a Beijing Wok* et al 17-cv-09465 (S.D.N.Y. Mar. 3, 2020).

Mr. Byun has been awarded $350 per hour in *Junjiang Ji et al. v. Jling, Inc. et al.*, 2:15-cv-04194(SIL) (E.D.N.Y. Mar. 2, 2023) and *Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021).

Ms. Lim was previously awarded $250.00 per hour in *Wen Zhang v. Four Seasons*, 1:18-cv-08259(GHW) (S.D.N.Y. Feb. 8, 2023 oral ruling); *Yong Xu v. Kealoha Sushi Inc. et al.,* 1: 19-

6

cv-1185-PAE-SDA (S.D.N.Y. August 24, 2021); 1:17-cv-10161-JGK-KNF *Hu et al v.226 Wild Ginger Inc. et al.* (S.D.N.Y. Oct. 7, 2020).

Ms. Kilaru was previously awarded $200 per hour in *Yong Xu v. Kealoha Sushi Inc. et al.,* 1: 19-cv-1185-PAE-SDA (S.D.N.Y. August 24, 2021); *Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021); *Hu et al v.226 Wild Ginger Inc. et al*, 1:17-cv-10161-JGK-KNF (S.D.N.Y. Oct. 7, 2020); *Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr. 27, 2022 Oral Order); $150 per hour in 2:18-cv-10359-CCC-SCM *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.* and *Yatao Wang v. Maxim International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617 Final Award (June 1, 2021).

Ms. Troy was previously awarded a rate of $150 in *Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021); *Hu et al v.226 Wild Ginger Inc. et al*. 17-cv-10161-JGK-KNF (S.D.N.Y. Oct. 7, 2020); *Tarsem Singh et al. v. Dany Restoration, Inc. et al.* 17-cv-03787 (S.D.N.Y. Sept. 18, 2018); *Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr. 27, 2022 Oral Order); and *Yatao Wang v. Maxim International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617.

## II. Plaintiff Seeks Compensable Costs

The Plaintiff is entitled to recover "those reasonable out-of-pocket expenses by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F. 3d 748, 763 (2d Cir. 1998) (citation omitted); *see also Cao v. Wu Liang Ye Lexington Rest., Inc.* No. 08-cv-03725, 2010 U.S. Dist. LEXIS 109373, at *24–25 (S.D.N.Y. Sep. 30 2010) (awarding $6,184.08 in costs related to court filings, transcription services and interpreter fees); *Kim v. 167 Nail Plaza, Inc.,* No. 05-cv-8560, 2008 U.S. Dist. LEXIS 111900, at *21 (S.D.N.Y. Nov. 24, 2008) *recommendation*

7

*adopted*, 2009 U.S. Dist. LEXIS 1992 (S.D.N.Y. Jan. 12, 2009) (awarding "amounts paid for translation services, court fees, and court-reporting services, for a total of $26,098.80").

Plaintiffs request reimbursement for the court filing fees as well as expenses incurred for case filing, research, postage, process servers, transcript, Plaintiffs' transportation and accommodation relevant to the case, and hiring a Chinese interpreter for depositions and trial. These costs are all reasonable and courts have allowed them in similar cases. *See*, *e.g.*, *Marquez v Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128, at *9–10 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server, deposition and interpreter expenses); *Morris v. Affinity Health Plan, Inc.* , 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011); *Cao v. Wu Liang Ye Lexington Rest., Inc*., No. 08-cv-03725 (DC), 2010 U.S. Dist. LEXIS 109373, at *24 (S.D.N.Y. Sep. 30, 2010) (awarding filing fee and expenses for transcription services and interpreter). The costs expended in this action by Plaintiff's counsel is set forth in detail in the exhibit attached to the declaration of John Troy.

## CONLCUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court award attorneys' fees and costs sought in the application of Plaintiff's counsels.

Dated: Flushing, NY
       December 19, 2023

                                              Respectfully submitted,
                                              TROY LAW, PLLC

                                              */s/ John Troy*
                                              John Troy
                                              41-25 Kissena Boulevard
                                              Suite 110
                                              Flushing, NY 11355
                                              Tel: (718) 762-1324
                                              Fax: (718) 762-1342

troylaw@troypllc.com
*Attorneys for Plaintiff*