**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
SHI MING CHEN, LIANHE ZHOU, YONG
KANG LIU, JIXIANG WANG, WEI MIN ZHU,
BAOJUN TIAN, XINLONG LIU, QIFANG CHEN,
and PINGJIN FAN,

                     Plaintiffs,

    –against–

HUNAN MANOR ENTERPRISE, INC., D/B/A
HUNAN MANOR, HUNAN MANOR LLC, D/B/A
HUNAN MANOR, HUNAN HOUSE MANOR
INC., D/B/A HUNAN MANOR, HUNAN HOUSE
RESTAURANT, INC., D/B/A HUNAN MANOR,
HUNAN HOUSE RESTAURANT NY LLC, D/B/A
HUNAN MANOR, HUNAN HOUSE, INC., D/B/A
HUNAN MANOR, A TASTE OF MAO, INC.,
D/B/A CHINA XIANG, JINGCHAO LI, A/K/A
JING CHAO LI, A/K/A DIANA LI, ZHIDA LI,
A/K/A ZHI DA LI, A/K/A ALAN LI, and ZHENQI
XIAO, A/K/A NANCY XIAO,

                     Defendants.
------------------------------------------------------------------x

MEMORANDUM DECISION
AND ORDER

17 Civ. 802 (GBD) (GWG)

GEORGE B. DANIELS, District Judge:

    Plaintiffs Shi Ming Chen, Lianhe Zhou, Yong Kang Liu, Jixiang Wang, Wei Min Zhu, Baojun Tian, Xinlong Liu, Qifang Chen, and Pingjin Fan (collectively "Plaintiffs") brought this action against Defendants Hunan Manor Enterprise, Inc., Hunan Manor LLC, Hunan House Manor Inc., Hunan House Restaurant, Inc., Hunan House Restaurant NY LLC, Hunan House, Inc., A Taste of Mao, Inc., Jingchao Li, Zhida Li, and Zhenqi Xiao (collectively "Defendants"), alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Labor Law § 650 *et seq.* (First Am. Compl., ECF No. 182, ¶ 1.) Between February 13 and March 13, 2023, this Court held a bench trial to adjudicate Plaintiffs' claims against Defendants. (*See* Trs. of Bench Trial, ECF Nos. 320, 322, 324, 326, 328, 330, 332.)

1

Following post-trial briefing, this Court issued a decision, which constituted the Court's Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52, finding Defendants liable to Plaintiffs for unpaid overtime and minimum wages. (Mem. Decision and Order ("Original Decision"), ECF No. 351.) On August 30, 2023, the Clerk of Court entered judgment against Defendants. (Clerk's J., ECF No. 357.) Both Plaintiffs and Defendants then filed motions for reconsideration, and this Court issued an amended decision adjusting the damages of certain Plaintiffs. (Mem. Decision and Order ("Amended Decision"), ECF No. 387.) The Clerk of Court amended the judgment entered against Defendants accordingly. (Clerk's Am. J., ECF No. 388.) Before this Court is A Taste of Mao, Inc. and Zhenqi Xiao's ("Taste of Mao Defendants") Motion to Alter the Amended Judgment. (Mot. to Alter Am. J., ECF No. 398.)

## I.  PROCEDURAL BACKGROUND

Plaintiffs and Defendants moved for reconsideration of this Court's Original Decision pursuant to Local Rule 6.3. (ECF Nos. 352–53, 364–71.) Plaintiffs' motion sought reconsideration of this Court's denial of spread-of-hours damages to Plaintiffs Shi Ming Chen, Lianhe Zhou, Weimin Zhu, and Pingjin Fan. (Pls.' Mot. for Reconsideration, ECF No. 352.) Defendants Hunan Manor Enterprise, Inc., Hunan Manor LLC, Hunan House Manor Inc., Hunan House Restaurant, Inc., Hunan House Restaurant NY LLC, Hunan House, Inc., Zhida Li, and Jingchao Li ("Hunan Manor Defendants") asked this Court to reconsider the following: (1) that Defendants Hunan Manor Enterprise, Inc., Zhida Li, and Jingchao Li are jointly and severally liable to Plaintiffs; (2) this Court's calculation of certain damages awarded to Plaintiffs; and (3) that Plaintiff Shi Ming Chen was not an overtime-exempt managerial employee. (Hunan Manor Defs.' Mem. of Law in Supp., ECF No. 366, at 5–6, 13–21.) Taste of Mao Defendants filed a separate motion for reconsideration. (Taste of Mao Defs.' Mot. for Reconsideration, ECF No. 367.) Taste of Mao Defendants asked this Court to (1)

2

decertify the collective action; (2) find that Plaintiff Shi Ming Chen was an overtime-exempt employee; and (3) review the "propriety of plaintiffs' counsel's objections and hearsay testimony at trial." (*Id.* at 1.)

On December 4, 2023, this Court issued a decision amending its Original Decision. (Am. Decision at 17.) In the Amended Decision, this Court granted Plaintiffs' motion for reconsideration, awarding spread-of-hours pay to four Plaintiffs. (*See id.* at 4–7.) This Court also granted Hunan Manor Defendants' request, to which Plaintiffs consented, to adjust the damages calculations of several Plaintiffs. (*See id.* at 9–16.) Specifically, this Court recalculated five Plaintiffs' weekly salary equivalents using a different calculation method and reduced one Plaintiff's damages to reflect a two-month break he took from work. (*Id.*) This Court denied the remaining requests for reconsideration. (*See id.* at 17.) Amended Judgment was entered to reflect the amended damages on December 5, 2023. (Clerk's Am. J.) On January 2, 2024, Taste of Mao Defendants filed the instant Motion to Alter the Amended Judgment, which seeks the following relief: (1) decertification of the collective action; (2) adjustment of Plaintiffs' damages "for lack of 29 U.S.C. § 216(b) jurisdiction;" and (3) adjustment of the interest calculations for "plaintiffs' dilatory tactics." (Mot. to Alter Am. J. at 1).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a district court's judgment. Rule 59(e) provides "a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 140 S.Ct. 1698, 1703 (2020) (citation omitted). District courts generally employ Rule 59(e) "only to reconsider[] matters properly encompassed in a decision on the merits." *Id.* (internal quotation marks and citation omitted). "In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id.*; *see also Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36,

3

52 (2d Cir. 2012), *as amended* (July 13, 2012) (citation omitted) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'").

The time in which a party may file a motion to alter or amend a judgment under Rule 59(e) "is short—28 days from entry of the judgment, with no possibility of an extension." *Banister*, 140 S.Ct. at 1703 (citation omitted). When a district court issues a judgment and later amends that judgment, "the timeliness of a Rule 59(e) motion is determined from the date of the amended judgment *only if* the motion bears some relationship to the district court's alteration of the first judgment." *Tru-Art Sign Co., Inc. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 221 (2d Cir. 2017) (citing *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 521 (7th Cir. 1993)). That is, "when a district court alters its judgment, a party aggrieved *by the alteration* must ask for correction *of that alteration* to have the timeliness of their correction determined from the date of the altered judgment." *Tru-Art Sign*, 852 F.3d at 221–22.

"If the Rule 59(e) motion bears no relationship to the district court's alteration of the initial judgment, the motion's timeliness is determined from the date of the earlier judgment." *Id.* at 222; *see Kazazian v. Bartlett & Bartlett LLP*, No. 03 Civ. 7699 (LAP), 2007 WL 4563909, at *3 (S.D.N.Y. Dec. 19, 2007) ("Plaintiff's new Rule 59(e) motion to amend the Amended (Corrected) Judgment will only be considered timely . . . to the extent it seeks to amend something altered by the previous amendment."); *see also Padilla v. Maersk Line, Ltd.*, No. 07 Civ 3638 (RMB) (THK), 2012 WL 4009555, at *1 (S.D.N.Y. Sept. 12, 2012) ("Where both an original and an amended judgment exist, a party 'may not [base] its own untimely request for alteration of the [original] judgment on a wholly independent ground from the one that gave rise to the amended judgment." (alterations in original) (citation omitted)).

4

### III. TASTE OF MAO DEFENDANTS' MOTION TO ALTER THE AMENDED JUDGMENT IS DENIED

Taste of Mao Defendants made their Motion to Alter the Amended Judgment on January 2, 2024. (Mot. to Alter Am. J.) To be considered timely, a Rule 59(e) motion must be made within twenty-eight days after the entry of the judgment. *See supra* Section II. Judgment following this Court's Original Decision was entered on August 30, 2023, so Taste of Mao Defendants' Motion is clearly untimely with respect to the Original Decision. The Motion therefore may not be used to ask for alterations of the Original Decision or Judgment. *See id.* With respect to this Court's Amended Decision, the Motion was made within twenty-eight days of the date of entry of the Amended Judgment, December 5, 2023. *See* Mot. to Alter Am. J.; Clerk's Am. J.; Fed. R. Civ. P. 6(a)(1). The Motion is therefore timely only with respect to the Amended Judgment. As a result, any timely request for alteration must relate to the changes made in this Court's Amended Decision. *See supra* Section II; *Tru-Art Sign*, 852 F.3d at 221–22 (When a motion for alteration of a judgment is timely only with respect to an amended judgment, only "a party aggrieved *by the alteration*" in that amended judgment may request correction.).

In the Motion, Taste of Mao Defendants argue primarily that the collective action should be decertified. They contend that Plaintiffs' consent forms did not include the names of the attorneys representing Plaintiffs, "a statement of the choice" of the law firm, proper names of the defendants,[1] or a date. Taste of Mao Defendants therefore argue that the consent forms are defective. (Mem. of Law in Supp., ECF No. 399, at 2–6.) They further argue that, as a result of the defective consent forms, this Court lacked jurisdiction over the collective action and should therefore reduce Plaintiffs' recovery. (*Id.* at 6–11.) Unrelated to the defective-consent issue, Taste of Mao Defendants also argue

---

[1] Plaintiffs' consent forms named "Hunan Manor," which is a "d/b/a" name, as their employer. (*See* Consent to Become Party Pl. Under the F.L.S.A., ECF Nos. 3–6, 16, 30, 33, 35.)

that Plaintiffs' interest and legal fees should be reduced because Plaintiffs engaged in dilatory tactics during the discovery phase. (*Id.* at 11–12.)

None of Taste of Mao Defendants' arguments relates to the alterations made in this Court's Amended Decision. The only alterations to the Judgment made in the Amended Decision were the award of spread-of-hours pay to four Plaintiffs and the correction of the damages calculation for five Plaintiffs. (Am. Decision at 4–16.) Neither the arguments related to decertifying the collective action nor the arguments related to "dilatory tactics" bear any relationship to these alterations. With respect to the decertification arguments, this Court addressed those arguments in its Amended Decision but only to explain that they were both moot and untimely as raised in Taste of Mao Defendants' September 2023 Motion for Reconsideration. (*See id.* at 16.) These arguments remain moot and untimely now.

Because Taste of Mao Defendants make no argument that they have been aggrieved by this Court's *alteration of* its Original Decision, Taste of Mao Defendants' Motion to Alter the Amended Judgment is DENIED as untimely.

## IV. CONCLUSION

Taste of Mao Defendants' Motion to Alter the Amended Judgment is DENIED. The Clerk of Court is directed to close the open motion at ECF No. 398, accordingly.

Dated: New York, New York
       July 8, 2024

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

6