**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                      :

SHI MING CHEN, LIANHE ZHOU, WEI MIN    :
ZHU, BAOJUN TIAN, XINLONG LIU, QIFANG:
CHEN, and PINGJIN FAN,                     :

                    Plaintiffs,   :

          -against-              :

HUNAN MANOR ENTERPRISE, INC., D/B/A  :
HUNAN MANOR, HUNAN MANOR LLC,    :
D/B/A HUNAN MANOR, HUNAN HOUSE    :
MANOR INC., D/B/A HUNAN MANOR,     :
HUNAN HOUSE RESTAURANT, INC., D/B/A :
HUNAN MANOR, HUNAN HOUSE        :
RESTAURANT NY LLC, D/B/A HUNAN    :
MANOR, HUNAN HOUSE, INC., D/B/A    :
HUNAN MANOR, A TASTE OF MAO, INC.,  :
D/B/A CHINA XIANG, JINGCHAO LI, A/K/A :
JING CHAO LI, A/K/A DIANA LI, ZHIDA LI, :
A/K/A ZHI DA LI, A/K/A ALAN LI, and    :
ZHENQI XIAO, A/K/A NANCY XIAO,    :

                    Defendants.  :

                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM DECISION**
**AND ORDER**

17 Civ. 802 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

      Plaintiffs Shi Ming Chen, Lianhe Zhou, Wei Min Zhu, Baojun Tian, Xinlong Liu, Qifang

Chen, and Pingjin Fan (collectively "Plaintiffs") brought this action against Defendants Hunan

Manor Enterprise, Inc., Hunan Manor LLC, Hunan House Manor Inc., Hunan House Restaurant,

Inc., Hunan House Restaurant NY LLC, Hunan House, Inc., A Taste of Mao, Inc., Jingchao Li,

Zhida Li, and Zhenqi Xiao (collectively "Defendants"), alleging that Defendants violated the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law

("NYLL"), N.Y. Labor Law § 650 *et seq.* (First Am. Compl. ("FAC"), ECF No. 182, ¶ 1.) On

1

December 5, 2023, Plaintiffs were awarded $842,665.43 in damages.[1]  (Clerk's Am. J., ECF No. 388.)  Plaintiffs now move to recover attorneys' fees and costs under the FLSA and the NYLL. (Mot. for Att'y Fees and Costs ("Motion"), ECF No. 389.)  Before this Court is Magistrate Judge Gabriel W. Gorenstein's May 14, 2024 Report and Recommendation ("Report") recommending (1) an overall reduction in requested hourly rates, (2) a 40% reduction of the requested attorneys' fees, and (3) a reduction of requested costs, for a total of $113,091.25 ($109,238.25 in fees plus $3,853.00 in costs).  (*See* Report, ECF No. 412, at 20, 23.)  No party has filed objections to the Report.

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When there are no objections to a magistrate judge's report, a district judge reviews the report for clear error.  *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition.  Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515 (VEC) (MHD), 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in its entirety.  After a comprehensive inquest, Magistrate Judge Gorenstein properly determined that a reduction in attorneys' fees and costs is appropriate.  First, the Report properly reduced the requested rates and determined a reasonable hourly rate.[2]  (*See* Report at 13.)  Second,

---

[1] Defendants A Taste of Mao, Inc. and Zhenqi Xiao moved to alter the amended judgment pursuant to Federal Rule of Civil Procedure 59(e).  (Mot. to Alter J., ECF No. 398.)  This Court denied the motion on July 8, 2024.  (Mem. Decision and Order, ECF No. 413.)

[2] The Report correctly reduced the requested rates and determined a reasonable hourly rate by relying on the standard in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d

the Report properly reduced the requested fees by 40% by determining a reasonable number of hours expended.[3] (*See id.* at 20.) Third, the Report properly reduced the requested costs.[4] (*See id.* at 23.) Thus, this Court awards Plaintiffs the attorneys' fees and costs recommended by the Report.

## CONCLUSION

Magistrate Judge Gorenstein's Report is ADOPTED in its entirety. Plaintiffs are awarded attorneys' fees and costs in the amount of **$113,091.25 ($109,238.25 in fees plus $3,853 in costs)**. (*See id.*) The Clerk of Court is directed to close the open motion at ECF No. 389.

---

Cir. 2008). (*See* Report at 6–7 (citing 522 F.3d at 183, 186, 190).) The Report properly looked to "the experience, reputation, and ability of the attorneys" and "awards in similar cases." (*See id.* at 7 (citing *Arbor Hill*, 522 F.3d at 186 n.3).)

[3] The Report properly followed the *Arbor Hill* standard to determine a "presumptively reasonable fee" by determining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." (*See* Report at 6 (citing *Arbor Hill*, 522 F.3d at 186).) The Report also properly reduced the hours to yield an overall 40% reduction in total fees by making "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." (*See id.* at 13–14.)

[4] The Report correctly reduced the requested costs from $9,827.70 to $3,853.00. (*See* Report at 23.) The reduced amount properly reflects only those costs with evidentiary support to substantiate the request. (*See id.* at 21 (citing *Guo v. Tommy's Sushi, Inc.*, 2016 WL 452319, at *3 (S.D.N.Y. Feb. 5, 2016)).)

**Awarded Attorneys' Fees[5]**

| Time Keeper | Title/Category | Hourly Rate | Hours | Attorneys' Fees |
|---|---|---|---|---|
| John Troy | Managing Attorney | $300.00 | 196.97 | $59,091.00 |
| John Troy | Other | $100.00 | 1.50 | $150.00 |
| Aaron Schweitzer | Managing Associate | $200.00 | 154.10 | $30,820.00 |
| Aaron Schweitzer | Other | $100.00 | 10.21 | $1,021.00 |
| Aaron Schweitzer | Prior to Bar License | $100.00 | 0.28 | $28.00 |
| George Byun | Managing Associate | $200.00 | 49.21 | $9,842.00 |
| Adam Dong | Associate | $150.00 | 0.00 | $0.00 |
| Adam Dong | Prior to Bar License | $100.00 | 10.39 | $1,039.00 |
| Tiffany Troy | Associate | $150.00 | 11.70 | $1,755.00 |
| Tiffany Troy | Prior to Bar License | $100.00 | 21.23 | $2,123.00 |
| Leanghour Lim | Associate | $150.00 | 2.35 | $352.50 |
| Preethi Kilaru | Managing Clerk | $100.00 | 19.78 | $1,978.00 |
| Bella Ho | Assistant | $75.00 | 13.85 | $1,038.75 |
| TOTAL | | | 491.57 | $109,238.25 |

Dated: July 18, 2024
      New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

---

[5] This Court notes that the Report calculates the 40% reduction in overall attorneys' fees by reducing the billed *hours* by 40%, as reflected in this chart, which results in a 40% reduction in total fees. (*See* Report at 20; *cf. Wang v. XBB, Inc.*, No. 18CV7341PKCST, 2023 WL 2614143, at *8 (E.D.N.Y. Mar. 23, 2023) (calculating a reduction in fees by reducing the *total fees* by 40%)).)